# EXHIBIT 1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF TENNESSEE ex rel. JEFFREY H. LIEBMAN and DAVID M. STERN, M.D.<br><br>Relators,<br><br>v.<br><br>METHODIST LE BONHEUR HEALTHCARE, METHODIST HEALTHCARE-MEMPHIS HOSPITALS, THE WEST CLINIC, PLLC d/b/a WEST CANCER CENTER, WEST PARTNERS, LLC, LEE SCHWARTZBERG, M.D., ERICH MOUNCE, CHRIS MCLEAN, GARY SHORB, AND JOHN DOES 1-100<br><br>Defendants. | Case No. 3:17-CV-00902<br><br>District Judge William L. Campbell, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

**METHODIST DEFENDANTS' NOTICE OF ISSUANCE
OF SUBPOENA DUCES TECUM COMMANDING PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rule of Civil Procedure 45 and Local Rule 45.01(d), Defendants Methodist Le Bonheur Healthcare, Methodist Healthcare-Memphis Hospitals, Chris McLean, and Gary Shorb (collectively, "Methodist Defendants") hereby give notice that the subpoena attached hereto to will issue on Friday, August 21, 2020, to:

> University of Tennessee, Custodian of Records
> 920 Madison Avenue, Suite 810
> Memphis, Tennessee 38163

Dated: August 19, 2020.

Respectfully Submitted,

/s/ J. Taylor Chenery
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
Bass Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone: (615) 742-6200
Fax: (615) 742-6293

*Attorneys for Defendants Methodist Le Bonheur Healthcare, Methodist Healthcare-Memphis Hospitals, Chris McLean, and Gary Shorb*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following counsel via email today, August 19, 2020:

Bryan A. Vroon
Law Offices of Bryan A. Vroon, LLC
Atlanta, GA 30327
(404) 441-9806
bryanvroon@gmail.com

David Rivera
Jerry E. Martin
Seth Marcus Hyatt
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
drivera@barrettjohnston.com
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

Edward D. Robertson , Jr.
Bartimus Frickleton Robertson Rader, PC
109B East High Street
Jefferson City, MO 65109
(573) 659-4454
crobertson@bflawfirm.com

Kara F. Sweet
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6598
kara.sweet@usdoj.gov

Scott M. Corley
Office of the Attorney General of Tennessee
Civil Rights and Claims Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-1103
Scott.corley@ag.tn.gov

John-David H. Thomas
Andrew F. Solinger
Waller, Lansden, Dortch & Davis, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 850-8682
jd.thomas@wallerlaw.com
Andrew.solinger@wallerlaw.com

/s/ J. Taylor Chenery

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| U.S. ex rel. Liebman, et al. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 3:17-cv-00902 |
| | ) | |
| Methodist Le Bonheur Healthcare, et al. | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: University of Tennessee, Custodian of Records
920 Madison Avenue, Ste. 810 Memphis, TN 38163

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A, attached hereto

| Place: Bass, Berry & Sims PLC<br>100 Peabody Place, Suite 1300<br>Memphis, TN 38103 | Date and Time:<br><br>09/21/2020 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | /s/ J. Taylor Chenery |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Methodist Defendants _____, who issues or requests this subpoena, are:
J. Taylor Chenery, Bass, Berry & Sims PLC, 150 Third Avenue South, Suite 2800, Nashville, TN 37201,
tchenery@bassberry.com, (615) 742-7924

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 3:17-cv-00902

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

1. "Communication" means any exchange or transmission of information by any means, including but not limited to written, verbal, graphic, pictorial, electronic mail ("email"), text message, or other electronic transmissions.

2. "Document" or "documents" means any medium upon which information or intelligence can be recorded or retrieved, whether in paper form or electronically stored information, including communications and correspondence.

3. "Methodist" means Methodist Le Bonheur Healthcare and any affiliates or subsidiaries thereof, including Methodist Healthcare-Memphis Hospitals.

4. "Relates," "reflect," or "regard" (and similar conjugations) all mean constitutes, contains, evidences, records, discusses, summarizes, describes, discloses, concerns and/or refers to, whether in whole or in part.

5. "UTHSC" means the University of Tennessee Health Science Center.

6. "West Clinic" means The West Clinic, PLLC and affiliated entities thereof, including West Partners, LLC.

7. "West Cancer Center" means the Methodist Oncology Service Line, which was operated by Methodist and West Clinic under the name West Cancer Center.

## INSTRUCTIONS

1. Please produce the documents requested to the offices of Bass, Berry & Sims PLC, 100 Peabody Place, Suite 1300, Memphis, Tennessee 38103.

2. Unless otherwise stated, this subpoena requests documents that were received, produced, created, or dated at any time from January 1, 2011 through December 13, 2019.

1

3.     If any information required by these Requests for Production is considered to be confidential or protected information, please furnish this information pursuant to the terms of the Agreed Confidentiality and Protective Order entered by the court on July 24, 2020 at Docket No. 108.

4.     If you object to any Request in whole or in part, state in complete detail in your response the nature of your objection and comply with any part of the request to which you do not object.

5.     If you cannot fully answer any particular Request, you should produce the documents or things requested to the extent possible and state the reason for your inability to produce the remaining documents or things and whatever information or knowledge you have about the unproduced documents.

6.     Please produce all responsive documents as they are kept in the usual course of business or organize and identify the documents to correspond with the following Requests by the number of the individual Request. If the requested documents are maintained in a file, include the file folder in the response to the Request for those documents.

7.     If any document no longer exists, is no longer in your possession, or is no longer subject to your control, identify the person currently in possession or control of the document, the date that you relinquished possession or control of the document, and the reason for relinquishment or destruction of the document.

## DOCUMENT REQUESTS

1.     All documents and communications discussing or relating to West Cancer Center.

2.     All documents and communications discussing or relating to West Clinic or any of its physicians or related entities.

3. All documents and communications discussing or relating to or reflecting compliance concerns or other complaints that Dr. David Stern raised to anyone at UTHSC, either formally or informally, regarding Methodist, West Clinic, or West Cancer Center.

4. All documents and communications discussing or relating to Dr. Stern's performance of his role(s) during his employment with UTHSC, including but not limited to any personnel files or records, performance reviews, performance improvement plans, any complaints or concerns raised by any person about Dr. Stern, and any other documents or communications discussing his job performance.

5. All documents and communications discussing or relating to any compliance hotline complaint or any other complaint or concern made to UTHSC's compliance department relating to Dr. Stern.

6. All documents and communications discussing or relating to Dr. Stern leaving or being removed from the position of Executive Dean of the College of Medicine at UTHSC.

7. All documents and communications discussing or relating to Dr. Stern leaving or being removed from any other position at UTHSC or his employment ending at UTHSC.

8. Any reports, promotional materials, or other summaries discussing or relating to expenditures for research, education, recruitment, and programmatic development from the Cancer Base Mission Support Fund, also known as the "Lift" fund, that was paid by Methodist to UTHSC pursuant to the affiliation agreement between Methodist and UTHSC.

9. All communications between Dr. Stern and Jeffrey Liebman.

10. Any documents maintained by Dr. Stern discussing or relating to West Cancer Center, including but not limited to any files, notes, reports, or memoranda, which are still in UTHSC's possession.

3

11. All documents and communications discussing or relating to the arrangement and agreements under which West Clinic provided or was to provide services to Methodist's oncology service line, including discussions regarding the renegotiation of that arrangement.

12. All documents discussing or relating to any affiliation agreement between UTHSC and West Clinic.

13. All documents and communications discussing or relating to payments or compensation from Methodist to West Clinic.

14. All documents and communications discussing or relating to the efforts by Methodist and/or UTHSC to develop a cancer program or establish a regional or NCI-designated cancer center, including but not limited to communications with or related to Boston Baskin Cancer Group d/b/a University of Tennessee Cancer Institute or its physicians or representatives.

15. All documents and communications discussing or relating to payments from UTHSC to West Clinic or West Clinic physicians.

16. All documents and communications discussing or relating to any Methodist executive or employee excluding Dr. Stern or leaving him out of discussions, conversations, deliberations, or decision-making, or otherwise behaving in a way that was secretive or guarded towards Dr. Stern.

17. All documents and communications discussing or relating to Dr. Stern's participation in this lawsuit.

18. All communications to or from Dr. Stern, and all documents created by, discussing, and/or concerning Dr. Stern, related to:

    a. Any physician seeking an increase in compensation or Dr. Stern objecting to the amount of a physician's compensation;

b. The topic of physician or physician practice compensation, generally;

c. Services provided, or services not provided that should have been provided, by West Clinic or West Clinic physicians to Methodist;

d. Payment for overhead and practice expenses in relation to a physician or physician practice;

e. Methodist or any of its subsidiaries or affiliated hospitals or facilities, including any of the West Cancer Center sites;

f. ACORN Research or Vector Oncology;

g. Appropriate structure, compensation, or services pursuant to co-management agreements or arrangements with physician practices;

h. The False Claims Act or any whistleblower or qui tam action;

i. The Tennessee Medicaid False Claims Act;

j. The Stark Law;

k. The Anti-Kickback Statute.