# EXHIBIT 3

**Subject:** RE: Methodist Defendants' subpoena to UT
**Date:** Tuesday, September 1, 2020 at 4:33:41 PM Eastern Daylight Time
**From:** Chenery, Taylor
**To:** bryan vroon, Roark, Brian
**CC:** Jerry Martin, Edward Robertson, Seth Hyatt, Sample, Taylor M., Webber, Hannah E.

Bryan,

The Methodist Defendants disagree that their subpoena to the University of Tennessee seeks documents that are irrelevant to the subject matter of this case. The subpoena requests that you identify – numbers 4, 6, and 7 – seek documents and communications related to Dr. Stern's performance of his role during his employment at UT and his leaving or being removed from his position at UT. As your email acknowledges, the Second Amended Complaint specifically alleges that Dr. Stern was terminated as Executive Dean of the College of Medicine at UT because he opposed Methodist's business practices. Relators have put at issue that allegation and the circumstances surrounding Dr. Stern's removal as Dean. Relators cannot make certain allegations and simultaneously seek to cut off on relevance grounds the Methodist Defendants' ability to obtain discovery to test or disprove those same allegations. To the extent Relators object to the relevance or admissibility of specific documents that UT produces in response to the subpoena, Relators will have an opportunity to raise those objections. But Relators' relevance objection is not grounds for preventing discovery directly related to facts set forth in the SAC.

Your request for withdrawal cites to a provision of the Tennessee Public Records Act for the proposition that job performance evaluations of employees of public institutions of higher learning should be treated as confidential. The Methodist Defendants served UT with a Rule 45 subpoena for documents related to this litigation, not with a request for information under the TPRA. That a document may fall within one of the TPRA's exceptions does not exempt it from production in response to a valid subpoena as part of the discovery process. Moreover, even if job performance evaluations of employees of a public university should be treated as "confidential," the Court has entered an Agreed Confidentiality and Protective Order in this case that provides for such treatment. If UT or any of the parties believes that documents produced by UT constitute Confidential Material under the terms of the Confidentiality and Protective Order, they can be designated as such.

For all of these reasons, the Methodist Defendants decline to withdraw the referenced requests in their subpoena to UT. Those requests seek documents and information directly related to allegations contained in the SAC. Nonetheless, if there is anything you would like to discuss further in relation to the subpoena to UT, we will make ourselves available.

Regards,
Taylor

Taylor Chenery
Bass, Berry & Sims PLC
615-742-7924 phone • 615-248-2391 fax

---

**From:** bryan vroon <bryanvroon@gmail.com>
**Sent:** Monday, August 31, 2020 12:38 PM
**To:** Roark, Brian <BRoark@bassberry.com>; Chenery, Taylor <TChenery@bassberry.com>
**Cc:** Jerry Martin <jmartin@barrettjohnston.com>; Edward Robertson <chip.robertson@icloud.com>; Seth Hyatt <shyatt@barrettjohnston.com>; bryan vroon <bryanvroon@gmail.com>
**Subject:** Methodist Defendants' subpoena to UT