# EXHIBIT 6

**Subject:** FW: [Ext] Re: UT's Objections to Nonparty Subpoena
**Date:** Friday, September 11, 2020 at 5:09:43 PM Eastern Daylight Time
**From:** Schuler, Walter Edward
**To:** bryanvroon@gmail.com
**Attachments:** image001.jpg, image002.jpg, Letter to Walter Schuler Final Septembe 10, 2020.pdf, Second Amended Complaint Unsealed December 19, 2019.pdf

Bryan, thank you for your letter. Could you please advise whether or not you received a copy of Methodist's subpoena to the University prior to the University serving its objections last Friday? The reason I ask is that the University has received no notice of that, or of any party's filing or intent to file a motion to quash or limit such subpoena in any way. We are now faced with being required to comply with the subpoena, and turn over responsive documents before 9:00 a.m. on Monday, September 21, 2020. This is a period of time that is less than the two weeks advance notice you have requested in your letter if the University intends to turn over documents in response to subpoena requests 4-7, and other document requests relating to Dr. Stern's employment and performance records at the University.

In the absence of the University's receipt of notice of any party's filing of a motion to quash or limit the scope of the subpoena, the University will be turning over documents in its possession (that are not subject to the University's objections) to Methodist in response to the subpoena (including but not limited to requests 4-7, and any other document requests relating to Dr. Stern's employment and performance records at the University). We are currently in the process identifying and gathering such documents, so that we will be in a position to turn them over to Methodist by the September 21 deadline required by the subpoena, or as soon thereafter as is possible. Unfortunately, we will not be in a position to provide you with an advance inventory of such documents. To the extent that any of these employment and performance documents are to be kept confidential under Tennessee law, we intend to mark such documents as "Confidential," pursuant to the protective order entered in the case.

If the University does receive notice of any party's filing of a motion to quash or limit the scope of the subpoena, the University will await the order of the court on such motion before turning over responsive documents to Methodist pursuant to the subpoena. Please let us know as soon as possible if the University should anticipate any such motion with regard to the subpoena. Thanks,

WALT

---

WALTER E. SCHULER, ESQ. | ASSOCIATE GENERAL COUNSEL
UNIVERSITY OF TENNESSEE, OFFICE OF GENERAL COUNSEL
66 N. PAULINE STREET, SUITE 428 | MEMPHIS, TENNESSEE 38163
OFFICE: 901.448.3510 | CELL: 901.233.6240 | WSCHULER@TENNESSEE.EDU

MY BIOGRAPHY & PRACTICE AREAS

