# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF TENNESSEE ex rel. JEFFREY H. LIEBMAN and DAVID M. STERN, M.D. <br><br> Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE, METHODIST HEALTHCARE-MEMPHIS HOSPITALS, THE WEST CLINIC, PLLC d/b/a WEST CANCER CENTER, WEST PARTNERS, LLC, LEE SCHWARTZBERG, M.D., ERICH MOUNCE, CHRIS MCLEAN, GARY SHORB, AND JOHN DOES 1-100, <br><br> Defendants. | Case No. 3:17-CV-00902 <br><br> District Judge William L. Campbell, Jr. <br><br> Magistrate Judge Barbara D. Holmes |

## MEMORANDUM IN SUPPORT OF RELATORS' MOTION FOR EXTENSION OF CASE MANAGEMENT DEADLINES AND FOR A TELEPHONIC STATUS CONFERENCE

Relators Jeffrey Liebman and David M. Stern request a six month extension of all current deadlines in this matter. Relators have reached a settlement in principle with The West Clinic, PLLC d/b/a West Cancer Center, West Partners, LLC, Lee Schwartzberg, M.D., and Erich Mounce ("West Defendants"). For this reason, and pursuant to Federal Rule of Civil Procedure 16(b)(4) and the operative scheduling order in this case, (Dkt. No. 102), Relators have moved to modify the existing schedule to extend all remaining case deadlines by six months (180 days). To facilitate the entry of a new scheduling order, Relators respectfully request a telephonic conference with Magistrate Judge Holmes.

This settlement will resolve the case with respect to the West Defendants and moot their pending motion to dismiss (Dkt. 81). Currently, the Government is reviewing the terms and

1

conditions of the agreement. Relators believe that the Government's approval will be forthcoming soon.

The Settlement Agreement will significantly impact the remaining litigation, and good cause therefore exists to extend all case deadlines by six months (180). First, as part of the Settlement Agreement's terms, the West Defendants have committed to cooperate with Relators, including (1) making their employees, executives, and physicians available for interviews with Relators' counsel, (2) providing non-privileged documents and communications not yet produced in the litigation, and (3) aiding Relators in understanding the significance of relevant documents and communications. Second, the Settlement Agreement may produce significant and new material evidence that could possibly necessitate Relators filing a motion to amend the Second Amended Complaint. The current deadline to move to amend the complaint is January 15, 2021. That existing deadline is insufficient to permit Relators a meaningful opportunity to benefit from the agreed upon terms of the Settlement Agreement. Third, the settlement with the West Defendants should, in turn, streamline the litigation going forward by allowing Relators to conduct discovery more efficiently with the Methodist Defendants and relevant third parties. Because the settlement between Relators and the West Defendants may have a consequential impact on both the duration and scope of the litigation as to the remaining Defendants, it is in the interest of judicial economy and efficiency to reset the current scheduling deadlines.

I. **Legal Standard for Amending Case Management Orders**

Motions to amend a scheduling order are governed by Federal Rule of Civil Procedure 16. Specifically, under FED R. CIV. P. 16(b)(4), an existing case management order may be amended "for good cause and with the judge's consent." In the Sixth Circuit, the primary inquiry is whether the party seeking the extension has been diligent and is not seeking the extension as a result of

undue delay. See *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002); *see also Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011). Here there can be no question that Relators and their counsel are working diligently to move this case forward. In fact, the requested extension is necessary in part due to Relators negotiating over the last six months to reach a 24-page settlement agreement with the West Defendants, evidence in and of itself of progress by Relators towards finality and resolution of the litigation.

Within this District, motions to amend a scheduling order must also satisfy LOCAL RULE 16.01(h), which prohibits any proposed dispositive motion deadline—including for responses and reply briefs—to be set less than 90 days in advance of the trial date. In this case, trial is currently set to begin on April 5, 2022 (Dkt. 103). If all remaining case deadlines are extended by six months—as Relators propose—then the dispositive motion deadline currently set for September 3, 2021 (Dkt. 103) would not occur until early March, 2022. To comply with LOCAL RULE 16.01(h), Relators therefore request that the trial in this case also be pushed back at least six months, until October of 2022. A six-month delay in this matter is not excessive and will not prejudice any party.

## II.     Background – Update to Joint Case Resolution Status Report

On September 30, 2020, the parties filed a Joint Status Report that stated, in relevant part, that the "Relators and the West Defendants have engaged in productive settlement discussions and those discussions are ongoing." (Dkt. 116 at 2). The report further noted that Relators and the West Defendants anticipated "making a full report to the Court by October 30, 2020." (*id*.)

Those negotiations have taken longer than anticipated. However, Relators can now report that they have reached an agreement in principle with the West Defendants that will resolve this litigation with respect to those Defendants. The terms of this Agreement have been approved by counsel for both Relators and the West Defendants. In consideration of the continuing interest that

3

the Government has in even a declined *qui tam* action, Relators and the West Defendants have supplied the Agreement to the Government and hope to have the Government's approval of certain terms and conditions in the near future. The agreement is otherwise final.

Once the agreement is finalized and executed, the West Defendants will withdraw their pending motion to dismiss the Second Amended Complaint, and Relators, in turn, will voluntarily dismiss the West Defendants from the case.

**III.      Argument – In light of Relators' settlement with the West Defendants, good cause exists to extend all remaining deadlines in this case by six months.**

Relators' Settlement Agreement with the West Defendants impacts this litigation in several important ways and establishes good cause to extend the deadlines in the operative case management order. Specifically, Relators believe that the settlement with the West Defendants justifies extending the deadline to amend pleadings (currently set for January 15, 2021), the deadline to complete fact discovery (currently set for April 16, 2021), and, consequently, all subsequent deadlines that are keyed off of the fact discovery deadline (*e.g.* expert disclosures and depositions, dispositive motions).

**A.      The Settlement Agreement between Relators and the West Defendants will significantly impact the course of the litigation as to the remaining defendants, thereby establishing good cause to extend the existing deadlines.**

While the West Defendants are already obligated to respond to Relators' discovery requests, the formal discovery process is not the same as voluntary cooperation pursuant to the terms and conditions of a binding agreement. Relators are unable at this juncture to predict the ultimate impact that the Settlement Agreement will have on the case as to the remaining Defendants, but it is possible that the information Relators will glean from the West Defendants will impact the trajectory of the litigation in meaningful ways. For example, Relators may conclude that it is appropriate to seek leave to amend the operative complaint, but this will not be

4

feasible under the current schedule. Because the parties are awaiting approval from the Government before executing the Agreement, it is unlikely that Relators will be able to obtain the information they seek from the West Defendants, process that information, and draft a proposed amended complaint, motion for leave to amend, and supporting memorandum in time to meet the existing deadline of January 15, 2021. (Dkt. 102 at 3). That is particularly true in light of the upcoming holidays and the worsening global pandemic. This is but one practical example of why a six-month extension of all deadlines is appropriate.

Even if Relators do not end up amending their complaint, it is all but certain that they will have significant supplemental disclosures to make pursuant to FED. R. CIV. P. 26(e), as a result of information obtained via the Settlement Agreement. It is also very likely that Relators will learn of new categories of documents to request from the Methodist Defendants and additional third parties from which to seek discovery. And the Methodist Defendants will presumably want to take their own discovery on this new information from the West Defendants.

Given the potential significance of this Agreement with the West Defendants to the overall litigation, this narrow request by Relators for more time is reasonable and clearly supported by "good cause" under Rule 16(b)(4).

### B. **Because Relators have diligently pursued their claims and are not seeking the extension merely to unnecessarily delay the litigation, good cause exists to extend the remaining deadlines and to reset the trial date in this case.**

Under the operative scheduling order, fact discovery is set to close in approximately four months, on April 16, 2021 (Dkt. 103). The discovery deadline in this case was always aggressive in light of the nature of this case (*i.e.* a complex kickback scheme in violation of the Stark laws and the Anti-Kickback Statute pursuant to the False Claims Act with damages in excess of $800

million) and has been made all the more difficult to achieve by the worsening global pandemic.[1] And the Agreement with the West Defendants now renders it impractical for the reasons described above.

Relators have not been in any way dilatory in seeking discovery in this case. After the case came out from under seal, Relators strenuously objected to Defendants' efforts to stay discovery pending a ruling on their respective motions to dismiss. (Dkt. 89). The Court denied that requested discovery stay on April 27, 2020 (Dkt. 99). In May of 2020, Relators served discovery on both the West and Methodist Defendants. These Defendants have produced nearly 175,000 pages of documents to date. Only after five months of a "rolling production" did the Methodist Defendants announce that their production was "substantially complete" (despite the fact that the bulk of the documents had been previously produced to the Government while the case remained under seal). Relators' counsel have hired additional personnel to assist in reviewing the produced documents and believe that there will be a number of discovery disputes due to what appear to be significant deficiencies in the production and unfounded objections to produce certain documents. Relators' counsel will, of course, attempt to resolve these disputes before seeking Court intervention but that process will likely take well into the early Spring of 2021.

Extending the deadlines by six months will not prejudice any party. Furthermore, the litigation as to the remaining Defendants and third parties will likely become more streamlined and efficient as a direct result of the resolution of the claims with the West Defendants.

---

[1] For example, Barrett Johnston Martin & Garrison, LLC was forced to unexpectedly shut down for a significant period in November 2020 due to personnel testing positive for Covid 19.

C.      **Proposed New Dates**

Attached as Exhibit A to Relators' motion is a proposed revised case management order. For the convenience of the Court, the table below also lists these new proposed dates, as well as the current deadlines from the operative case management order. These deadlines are all approximately six months (180 days) from the current deadlines, with slight variations as needed to account for instances of 180 days falling on a weekend.

| Deadline for: | Original Date (from Dkt. 102 unless otherwise stated) | New Proposed Date |
|---|---|---|
| Motions to Amend or Add Parties | January 15, 2021 | July 14, 2021 |
| Subsequent Case Management Conference | January 13, 2021 | July 12, 2021 |
| Completing Fact Discovery | April 16, 2021 | October 13, 2021 |
| Plaintiffs/Relators' Disclosure of Experts | May 21, 2021 | November 17, 2021 |
| Defendants' Disclosure of Experts | June 18, 2021 | December 15, 2021 |
| Second Joint Case Resolution Status Report | June 30, 2021 | December 27, 2021 |
| Expert Deposition Deadline | July 30, 2021 | January 26, 2022 |
| Dispositive Motion Deadline | September 3, 2021 | March 2, 2022 |
| Proposed Trial Date | April 5, 2022 (Dkt. 103) | On or after October 3, 2022 |

IV.     **Conclusion**

For the reasons set forth above, granting Relators' proposed six-month extension to the remaining deadlines in this case is reasonable, is not based on any dilatory conduct by the Relators themselves, and will serve the interests of justice. Accordingly, Relators' motion should be granted.

Dated: December 8, 2020				Respectfully submitted,

/s/ Jerry E. Martin
Jerry E. Martin (TNBPR No. 20193)
Seth Hyatt (TNBPR No. 31171)
BARRETT, JOHNSTON MARTIN & GARRISON, LLC
414 Union Street; Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

Bryan A. Vroon, Esq.
(Admitted *Pro Hac*)
Georgia Bar No. 729086
LAW OFFICES OF BRYAN A. VROON, LLC
1380 West Paces Ferry Road
Suite 2270
Atlanta Georgia 30327
Telephone: (404) 441-9806
bryanvroon@gmail.com

Edward D. Robertson, Jr.
(Admitted *Pro Hac*)
BARTIMUS FRICKLETON ROBERTSON & RADER, P.C.
109b East High Street
Jefferson City, MO. 65101
Telephone: (573) 659-4454
chip.robertson@me.com

*Counsel for Relators Jeff Liebman and David M. Stern, M.D.*

# CERTIFICATE OF SERVICE

      I hereby certify that a true and exact copy of this *Memorandum In Support of Relators' Motion for Extension of Case Management Deadlines and for Telephonic Status Conference* has been served on the following counsel today, December 8, 2020, via the Court's CM/ECF email notification system:

| | |
|---|---|
| Kara F. Sweet<br>U.S. Attorney's Office (Nashville Office)<br>Middle District of Tennessee<br>110 Ninth Avenue, S<br>Suite A961<br>Nashville, TN 37203-3870<br>Telephone: (615) 401-6598<br>Facsimile: (615) 401-6626<br>kara.sweet@usdoj.gov | Brian D. Roark<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>BASS, BERRY & SIMS PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Telephone: (615) 742-6200<br>Facsimile: (615) 742-6293<br>broark@bassberry.com<br>tchenery@bassberry.com<br>taylor.sample@bassberry.com<br>hannah.webber@bassberry.com |
| Scott M. Corley<br>Office of the Attorney General of Tennessee<br>Civil Rights and Claims Division<br>P.O. Box 20207<br>Nashville, TN 37202-0207<br>Telephone: (615) 253-1103<br>Facsimile: (615) 741-1026<br>Scott.corley@ag.tn.gov | John-David H. Thomas<br>Andrew Solinger<br>WALLER, LANSDEN, DORTCH & DAVIS, LLP<br>Nashville City Center<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Telephone: (615) 850-8682<br>Facsimile: (615) 244-6804<br>jd.thomas@wallerlaw.com<br>Andrew.solinger@wallerlaw.com |

                                              /s/ Jerry E. Martin
                                              Jerry E. Martin