IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF TENNESSEE ex rel. JEFFREY H. LIEBMAN and DAVID M. STERN, M.D. ) ) ) ) v. ) ) METHODIST LE BONHEUR ) HEALTHCARE, METHODIST ) HEALTHCARE-MEMPHIS HOSPITALS, ) CHRIS McLEAN, and GARY SHORB ) | Case No. 3:17-cv-00902 Judge Campbell Magistrate Judge Holmes |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the third motion for leave to amend the complaint filed by the Relators, Jeffrey Liebman and David Stern. (Docket No. 154.) Defendants filed a response is opposition. (Docket No. 162.) Relators filed a reply. (Docket No. 166.) For the reasons discussed below, Relators' motion for leave to amend (Docket No. 154) is GRANTED. The Clerk is directed to separately file the third amended complaint and accompanying exhibits, which are presently found at Docket Nos. 154-1, 154-2, and 154-3. Once filed, the third amended complaint is the legally operative complaint, *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000), thus rendering moot Defendants' pending motion to dismiss the second amended complaint. The Clerk is therefore directed to terminate that motion (Docket No. 79) without prejudice to refiling as to the third amended complaint as appropriate. Defendants shall answer or otherwise respond to the third amended complaint as directed by Rule 15(a)(3) of the Federal Rules of Civil Procedure.[1]

---

[1] Unless otherwise noted, all references to rules to are to the Federal Rules of Civil Procedure.

### A. Background

Familiarity with this case is presumed and the background and procedural history are recited again only as necessary to explain or give context to the Court's ruling.[2] Relator Jeffrey Liebman originally commenced this *qui tam* action against Defendants under the False Claims Act ("FCA") by the filing of a sealed complaint on May 30, 2017. (Docket No. 1.) After the United States and the State of Tennessee decided not to intervene (Docket Nos. 44 and 45), Relators amended the complaint (upon motion) and added David Stern as a Relator. (Docket Nos. 56, 58, and 59.)

Methodist Defendants and West Defendants (with which Relators have since reached a settlement) filed motions to dismiss the second amended complaint on various grounds including that the second amended complaint is barred by the FCA's first-to-file rule and fails to satisfy the requirements under the FCA and Rule 9(b) to plead fraud with particularity based on Relators' personal knowledge. (Docket No. 79.)[3] On March 19, 2021, Relators filed a motion for leave to file the instant third amended complaint. (Docket No. 154.) Methodist Defendants (as the only remaining defendants) oppose the amendment (Docket Nos. 162 and 163) on grounds that the third amended complaint is similarly defective because it fails to plead particularized fraud based on personal knowledge and that allowing Relators to proceed with a third amended complaint before the question of sufficiency of the allegations in the second amended complaint is resolved is prejudicial.

---

[2] The recited background and procedural history are taken from the record and, unless otherwise noted, are generally undisputed.

[3] Relators eventually reached a settlement with the West Defendants. (Docket No. 132.) By order entered on February 9, 2021, the claims against the West Defendants were severed and dismissed. (Docket No. 133.)

### B. Legal Standards and Analysis

Although the Sixth Circuit has not addressed whether a motion to amend is a dispositive or non-dispositive motion, most of the district courts in the Sixth Circuit, including this court, consider an order on a motion to amend to be non-dispositive. *See, e.g., Gentry v. The Tennessee Board of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or contrary to law standard of review …") (citations omitted); *Chinn v. Jenkins*, 2017 WL 1177610 (S.D. Ohio March 31, 2017) (order denying motion to amend is not dispositive); *Young v. Jackson*, 2014 WL 4272768, at *1 (E.D. Mich. Aug. 29, 2014) ("A denial of a motion to amend is a non-dispositive order."); *Hira v. New York Life Insurance Co.*, at **1-2, 2014 WL 2177799 (E.D. Tenn. May 23, 2014) (magistrate judge's order on motion to amend was appropriate and within his authority because motion to amend is non-dispositive); *United States v. Hunter*, 2013 WL 5280251, at *1 (S.D. Ohio Oct. 29, 2013) (stating that a magistrate judge's orders denying petitioner's motions to amend a petition pursuant to 28 U.S.C. § 2855 were non-dispositive).

Rule 15, which governs the Court's consideration of the pending motion, states that leave to amend a pleading should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). This mandate follows the principle that a plaintiff's claims ought to be decided on the merits "rather than the technicalities of pleadings.'" *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982)). Sixth Circuit precedent clearly "manifests 'liberality in allowing amendments to a complaint.'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)). Absent "any apparent or declared reason," such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by prior amendments, undue prejudice to the opposing party,

3

or futility of the amendment, "the leave should, as the rules require, be 'freely given.'" Leary v. Daeschner, 349 F.3d 888, 905 (6th Cir. 2003 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). The determination as to whether justice requires permission to amend the pleading is within the district court's "sound discretion." *Moore*, 790 F.2d at 559 (internal citations omitted); *but see Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (reviewing *de novo* district court's denial of motion for leave to amend on the basis of futility). For the reasons discussed below, the Court finds that Rule 15's liberal standard of allowing amendments is not overcome by considerations of either undue prejudice or futility under the circumstances of this case.

**I.     Prejudice**

Defendants maintain that substantial prejudice will result from permitting Relator's proposed third amended complaint amendment before the Court has decided the pending motion to dismiss the second amended complaint. Although Defendants cite to a case in which a motion to amend was denied without prejudice to allow for resolution of a pending motion to dismiss, *U.S. ex rel. Byrd v. Acadia Healthcare Co., Inc.*, that reference was to a prior ruling in the procedural history of the case and does not include any in-depth analysis or support. 2021 WL 108112, at *12 (M.D. Louis. March 18, 2021). Rather than adopt this *dicta*, the Court elects instead to follow Magistrate Judge Newbern's persuasive approach – based on prevailing authority – that prejudice generally requires more than merely the pendency of a motion to dismiss. *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *3 (M.D. Tenn. Dec. 14, 2020) (internal citations omitted). Here, ample time remains in the discovery period (*see* Docket No. 152 at 2) and before trial for Defendants to develop their response to the third amended complaint. Given the issues in this case, and the procedural posture, the Court does not find either a lack of

4

diligence or undue delay on Relators' part or the kind of undue prejudice necessary to justify denying leave to amend under Rule 15.

## II. Futility

The remaining crux of Defendants' opposition focuses on the purported futility of Relators' proposed amendments because the amendments are, according to Defendants, based on information obtained from the West Defendants in discovery and therefore simply compound Relators' lack of personal knowledge of any fraud. A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6) and the Sixth Circuit has made clear that any analysis of the futility of proposed amendments is equivalent to that undertaken in consideration of a Rule 12(b)(6) motion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

"Courts in this circuit recognize that futility arguments in the context of a motion to amend are functionally dispositive and present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions." *Local Spot, Inc. v. Lee*, Case No. 3:20-cv-00421, 2020 WL 7554214, at *4 (M.D. Tenn. Dec. 14, 2020) (citing *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011); *see also Vanburen v. Ohio Dep't of Pub. Safety*, No. 2:11-cv-1118, 2012 WL 5467526, at *4 (S.D. Ohio Nov. 9, 2012) (holding that due to this "procedural roadblock," the better course would be to allow amendment of the complaint with the understanding that a motion to dismiss may follow filing of the amended complaint). This is particularly true where, as here, the parties have raised the same or similar legal issues in dispositive motions that are concurrently pending before the district judge. Under these circumstances, at least where the proposed amended claims are "arguably sufficient, it is usually a sound exercise of discretion to permit the claim[s]

5

to be pleaded and to allow the merits of the claim[s] to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4; *see also Greenwald v. Holstein*, No. 2:15-cv-2451, 2016 WL 9344297, at *5 (S.D. Ohio Feb. 3, 2016) (same).

Defendants' arguments in favor of dismissal and in opposition to the proposed third amended complaint turn on whether Relators' claims can survive under Rule 9 and what Defendants characterize as FCA's requirement that Relators possess personal knowledge of the fraud they are alleging. "Allowing Defendants' substantive legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural contexts." *Local Spot*, 2020 WL 7554214, at *4.[4] Given this efficiency, the lack of any undue prejudice to Defendants by allowing the amended pleading, and there being no other apparent reasons to deny the motion for leave to amend under Rule 15(a)(2), the Court will allow the amendment.[5]

### C. Conclusion

For all these reasons, Relators' motion for leave to amend (Docket No. 154) is granted. The Clerk is directed to separately file the third amended complaint and accompanying exhibits, which are presently found at Docket Nos. 154-1, 154-2, and 154-3. Once filed, the third amended complaint is the legally operative complaint, thus rendering moot Defendants' pending motion to dismiss the Second Amended Complaint. The Clerk is therefore directed to terminate that motion (Docket No. 79)

---

[4] To be clear, allowance of the amendment should not be construed as a determination that Defendants' arguments for dismissal are without merit. The undersigned expresses no opinion on the merits of those arguments, including implicitly by granting Relator's motion to amend.

[5] The Court also notes that the time to seek leave to amend has now expired, which minimizes, if not eliminates, the prospect of additional amendments.

without prejudice to refiling as to the third amended complaint as appropriate. Defendants shall answer or otherwise respond to the third amended complaint as directed by Rule 15(a)(3).

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge