UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and the STATE OF TENNESSEE ex rel. JEFFREY H. LIEBMAN and DAVID M. STERN, M.D.<br><br>Relators,<br><br>v.<br><br>METHODIST LE BONHEUR HEALTHCARE, METHODIST HEALTHCARE-MEMPHIS HOSPITALS, CHRIS MCLEAN, GARY SHORB, AND JOHN DOES 1–100,<br><br>Defendants. | Case No. 3:17-CV-00902<br><br>District Judge William L. Campbell, Jr.<br><br>Magistrate Judge Barbara D. Holmes |

## METHODIST'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR REVIEW OF NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

Defendants Methodist Le Bonheur Healthcare, Methodist Healthcare-Memphis Hospitals, Chris McLean, and Gary Shorb (collectively, "Methodist" or "Defendants") seek review and reversal of Magistrate Judge Holmes's Memorandum Opinion and Order (Dkt. No. 168) (the "Order") granting Relators' Motion for Leave to Amend Complaint ("Motion to Amend") (Dkt. No. 154).

Relators bring this False Claims Act ("FCA") lawsuit alleging that Methodist fraudulently submitted false claims to Medicare and Medicaid for services rendered to patients referred by West Clinic pursuant to inappropriate financial arrangements between Methodist and West. In March 2020, prior to discovery commencing, Methodist moved to dismiss the Second Amended Complaint ("SAC") because it failed to comply with stringent Rule 9(b) pleading requirements mandated by the Sixth Circuit for FCA cases. Specifically, the SAC failed to identify any actual false claims submitted to Medicare or Medicaid and failed to plead sufficient facts demonstrating

that the financial arrangements between Methodist and West violated the law. Although Relators opposed dismissal of the SAC on the grounds that "identification of representative claims is unnecessary," (Dkt. No. 97 at 25), Relators' counsel obtained claims data from West Clinic more than a year after Methodist filed its motion to dismiss, which they then sought leave to add to the proposed Third Amended Complaint ("TAC") as the "representative claims" they argued were not necessary.

Methodist objected to the amendment, arguing that it would unduly prejudice Methodist if Relators are permitted to use information learned in the litigation to remedy a complaint that is otherwise deficient under Rule 9(b). Permitting an amendment based on post-pleading discovery would render Rule 9(b)'s heightened pleading requirements of no effect and cause motions to dismiss under Rule 9(b) to turn on how quickly a court is able to rule on the motion. That is contrary to case law considering motions to amend in FCA cases that "[a]lthough courts should freely grant leave to amend pleadings . . . amendments that include material obtained through discovery, prior to a final decision on the motion to dismiss, may not be appropriate in cases to which the heightened pleading standard of Rule 9(b) applies if the amendment would allow the plaintiff to circumvent the purpose of Rule 9(b)." *U.S. ex rel. Bingham v. HCA, Inc.*, 783 F. App'x 868, 876 (11th Cir. 2019).

The Magistrate Judge's Order is contrary to law because it did not consider whether a relator amending a complaint using information gained in the litigation constitutes undue prejudice. Rather, the Magistrate Judge deemed Methodist's objection to raise dispositive arguments as to futility of the amendment that could "be tested before the District Judge by way of a motion to dismiss." (Order at 5–6.) However, the Order is incorrect that Defendants can challenge the pleading deficiencies identified for the SAC through a motion to dismiss the TAC.

Defendants cannot move to dismiss the TAC for failure to identify representative examples of false claims or other pleading deficiencies if the Court has already permitted the filing of a new operative pleading that now alleges representative examples of claims or rectifies other pleading deficiencies. That is, the effect of the Magistrate Judge's Order is that the Court will have given no consideration to well-settled case law that the SAC's failure to identify actual false claims is fatal to this litigation and that it is undue prejudice to allow Relators to cure that and other pleading defects through discovery. Methodist is entitled to have its objections and arguments properly considered. Because the Magistrate Judge's Opinion did not afford such consideration, Methodist respectfully requests that this Court set aside the Order Granting Motion for Leave to Amend (Dkt. No. 168) and deny Relators' Motion to Amend (Dkt. No. 154).

## BACKGROUND[1]

Relator Liebman filed this *qui tam* action under seal on May 30, 2017. (Dkt. No. 1.) Liebman first amended his complaint on May 24, 2018. (Dkt. No. 20.) Liebman amended the complaint again on December 13, 2019, and added Dr. David Stern as a Relator. (Dkt. No. 59 ("SAC).) The SAC alleges Methodist violated the FCA by improperly paying for West's referrals to Methodist. (*See, e.g.*, SAC ¶ 63.)

On March 9, 2020, Methodist moved to dismiss the SAC on the grounds that it is barred by the FCA's first-to-file bar and failed to satisfy Rule 9(b)'s heightened requirement to plead the circumstances of the alleged fraud with particularity. (Dkt. Nos. 79–82.) Methodist argued that the SAC failed to plead the presentment of false claims or plead facts showing that the alleged

---

[1] The detailed background relevant to Defendants' opposition to the Motion to Amend is set forth in Defendants' Response in Opposition to Relators' Motion for Leave to Amend Complaint ("Response"). (*See* Dkt. No. 162 at 2–5.)

payments from Methodist to West amounted to improper inducement of referrals in violation of the FCA. (*Id.*)

After filing the Motion to Dismiss, Methodist moved to stay discovery, arguing that it would be inappropriate under Rule 9(b) for Relators to obtain access to discovery through the filing of a facially-deficient complaint. (Dkt. Nos. 86–87.) In opposing a stay, Relators acknowledged that their complaint must pass muster according to their own personal knowledge and not information gained through discovery. (Dkt. No. 89.) They stated that they had reviewed hundreds of thousands of pages of documents that Defendants produced to the United States during the Government's investigation, but that they expressly did not cite to or rely on those documents in the SAC—and that their claims were based solely on information, knowledge, and documents "in possession of the Relators separate and independent from any review of documents or information produced by the Defendants to the federal government." (*Id.* at 3.)

On April 27, 2019, the Court denied Methodist's motion to stay discovery. (Dkt. No. 99.) Over the past year, the parties have engaged in extensive document discovery, with Methodist and West producing more than 25,000 documents totaling over 180,000 pages in response to Relators' Rule 34 Requests for Production of Documents.

Relators sought multiple extensions of the amendment deadline. Given that its motion to dismiss was still pending, Methodist opposed extending the amendment deadline, arguing that it was inappropriate for Relators to use information learned through discovery to add facts and details missing from their SAC. (*See* Dkt. Nos. 119–122, 134, 142–147.) On the final day to seek leave to amend under the Court's Scheduling Order, Relators filed a Motion for Leave to Amend and attached a proposed TAC. (Dkt. Nos. 154, 154-1, 154-2, 155.)

4

Case 3:17-cv-00902   Document 173   Filed 05/26/21   Page 4 of 15 PageID #: 2636

The TAC attempts to remedy specific defects Methodist identified in its Motion to Dismiss the SAC using information obtained by Relators' counsel during the course of this litigation, not based on Relators' personal knowledge as required by the FCA. In its Response to Relators' Motion to Amend, Methodist argued that it would suffer significant prejudice if the Court allowed Relators to meet Rule 9(b)'s heightened pleading requirements through post-pleading discovery.

On May 12, 2021, Magistrate Judge Holmes granted the Motion to Amend. The Order addressed two issues: prejudice and futility. First, the Order stated that granting Relators' Motion to Amend would not prejudice Defendants because "prejudice generally requires more than merely the pendency of a motion to dismiss" and that ample time remains in the discovery period and before trial for Defendants to develop their response to the TAC. (Order at 4.) Second, the Order stated that Defendants' remaining arguments, including those related to the propriety of amendments "based on information obtained from the West Defendants in discovery" focused on "the purported futility of Relators' proposed amendments[.]" (*Id.* at 5.) The Order stated that futility arguments are "functionally dispositive" and therefore should be addressed by the District Judge. (*Id.* at 5–6.) Thus, because the Magistrate Judge construed Defendants' argument that discovery-based amendments are improper to be a futility argument, she declined to address that argument but nonetheless granted Relators' Motion to Amend. (*Id.*)

**STANDARD OF REVIEW**

Under Rule 72(a), the Court may reverse or modify a pretrial ruling of the Magistrate Judge if it is clearly erroneous, contrary to law, or in the interests of justice.[2] *Hall v. Hartzell Engine*

---

[2] Although the issue appears not to have been considered directly by the Sixth Circuit, courts typically find that an order granting a motion for leave to amend is a pretrial, nondispositive order. *See, e.g.*, *Gentry v. Tenn. Bd. of Judicial Conduct*, 2017 WL 2362494, at *1 (M.D. Tenn. May 31, 2017) ("Courts have uniformly held that motions to amend complaints are non-dispositive matters that may be determined by the magistrate judge and reviewed under the clearly erroneous or

5

Case 3:17-cv-00902   Document 173   Filed 05/26/21   Page 5 of 15 PageID #: 2637

*Techs.*, 2020 WL 3412346, at *3 (M.D. Tenn. June 22, 2020) (citing 28 U.S.C. § 636(b)(1)(A)). A magistrate judge's ruling "is contrary to law when it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. Put even more simply, a magistrate judge acts contrary to law if he or she has misinterpreted or misapplied applicable law." *Wyndham Vacation Ownership, Inc. v. Vacation Transfers Unlimited, LLC*, 2020 WL 134132, at *1 (M.D. Tenn. Jan. 10, 2020) (internal citations and quotation marks omitted).

A court may find error in a magistrate judge's order where the order failed to consider specific arguments made by the moving party and may address those arguments in its own order. *See Jones v. Casey's Gen. Stores*, 538 F. Supp. 2d 1094, 1100 (S.D. Iowa 2008) (finding that the magistrate judge "erred in not fully and explicitly considering Defendant's argument" even if that error did not warrant reversal of the order); *Orthoflex, Inc. v. ThermoTek, Inc.*, 990 F. Supp. 2d 675, 690-95 (N.D. Tex. 2013) (vacating the magistrate judge's order where it failed to consider the defendant's arguments and instructing the magistrate judge to consider those arguments in a new order); *cf. Tunoa v. Corr. Corp. of Am.*, 2015 WL 13685901, at *8 (D. Ariz. Feb. 5, 2015) (reasoning that, "[b]ecause the Magistrate Judge did not address [plaintiff's] arguments . . . in her Order, it is unknown whether they were considered"); *Commonwealth Land Title Ins. Co. v. OMG Ams., Inc.*, 2014 WL 2465904, at *3 (D. Utah June 2, 2014) (analyzing an argument made by the defendant where the magistrate judge did not expressly address it). In fact, Courts have found that "a magistrate judge's failure to fully consider a defendant's specific objections to a motion to amend would constitute error, and potentially reversible error, if there was merit to the objection."

---

contrary to law standard of review . . . ."); *Wiggins v. Argent Mortg. Co., LLC*, 2012 WL 2992602, at *1 (E.D. Mich. July 20, 2012) ("A motion to amend the complaint is a nondispositive order.").

6

*H.R. by and through Robinson v. Double J. Logistics, LLC*, 2017 WL 4158853, at *3 (S.D. Miss. Sept. 19, 2017).

**ARGUMENT**

I. **Failing to Address Methodist's Primary Argument Opposing Amendment Constitutes Reversible Error.**

The Order failed to address Methodist's primary argument that the Motion to Amend should have been denied because allowing amendment based on post-pleading discovery unduly prejudices Methodist. The Order's analysis with respect to prejudice was limited to whether granting amendment while a motion to dismiss is pending constitutes undue prejudice. Determining that it did not, the Order adopted reasoning from a *non-FCA* case addressing starkly different arguments than those set forth in Methodist's Response. In *Local Spot, Inc. v. Lee*, the defendants argued that their mooted motions to dismiss "prejudiced defendants in the form of wasted motions practice and increased attorneys' fees." 2020 WL 7554214 at *3 (M.D. Tenn. Dec. 14, 2020). That is not the issue here.

The issue raised by Methodist is whether a relator in an FCA lawsuit can seek to cure pleading deficiencies through post-pleading discovery. The Order did not substantively address that argument because it construes it as one of futility. (*See* Order at 5–6.) While Relators' amendments may also be futile, Methodist opposed discovery-based amendment as unduly prejudicial, and that objection should be heard. If the Magistrate Judge considered Defendants' arguments to be dispositive, then those arguments could have been decided and presented as a recommendation or, in the alternative, the Motion to Amend could have been denied without prejudice or deferred in its entirety to the District Judge. On the other hand, if the undue prejudice argument was not dispositive, then it should have been considered by the Magistrate Judge.

Neither happened here. Instead, the Magistrate Judge chose to set aside Methodist's undue prejudice argument but nonetheless grant Relators' Motion to Amend.

Courts have found error in similar circumstances. In *Double J. Logistics, LLC*, the magistrate judge chose not to consider the defendant's objections to the plaintiff's motion to amend because the magistrate judge reasoned "[t]he more proper course would be to test the allegations and claims in the context of a dispositive motion." 2017 WL 4158853, at *2–3. The district court ruled that failure to address the arguments constituted error because the defendant "was entitled to have its objections properly considered," which the district court did, ultimately vacating the magistrate judge's order. *Id.* at *4–7; *see also Orthoflex*, 990 F. Supp. 2d at 690-95 (vacating the magistrate judge's order where the defendant's arguments were not considered); *Jones*, 538 F. Supp. 2d at 1100 (finding that the magistrate judge erred in not considering arguments). The district court held that the magistrate judge "should have fully considered [Defendants'] objections" and granted the Motion to Amend "only if [the Magistrate Judge] found there was no merit to the objections." *Double J. Logistics, LLC*, 2017 WL 4158853, at *4.

Because the Magistrate Judge did not consider Methodist's primary argument that amendment based on post-pleading discovery amounted to undue prejudice, Methodist requests that the Court vacate the Magistrate Judge's Order and address Methodist's arguments in their entirety.[3]

---

[3] The Order requires that Defendants answer or otherwise respond to the TAC as directed by Rule 15(a)(3). (Order at 7.) On May 20, 2021, the parties filed a Joint Motion for Revised Briefing Schedule and For Leave to File Excess Pages, requesting that the Court enter an order adopting the parties' agreed briefing schedule for Defendants' motion to dismiss the TAC. (Dkt. No. 170.) The Court entered an Order granting that motion on May 21, 2021. (Dkt. No. 171.) In addition to moving the Court to review the Order granting the Motion to Amend, Defendants also intend to move to dismiss the Third Amended Complaint.

**II. Permitting Amendment through Documents and Information Obtained through Litigation Constitutes Undue Prejudice By Nullifying Methodist's Well-Founded Rule 9(b) Arguments.**

The Order stated that the Magistrate Judge would not address arguments about amendments based on information obtained in discovery because those arguments "focus[] on the purported futility of Relators' proposed amendments" and are therefore "functionally dispositive." (*See* Order at 5.) Had the Order addressed Methodist's arguments directly, the Magistrate Judge should have determined that amendment through post-pleading discovery while a motion to dismiss is pending in an FCA case constitutes undue prejudice. Unlike in non-FCA cases, granting the Motion to Amend and allowing the TAC to be filed obviated arguments for dismissal that the Sixth Circuit repeatedly has held serve important gatekeeper functions in FCA cases. Prohibiting Methodist from testing Relators' allegations of fraud under the Sixth Circuit's clear pleading requirements in FCA cases imposes undue prejudice, and the Order should be vacated on those grounds.

**A. Rule 9(b) Protects FCA Defendants from Generalized Allegations of Fraud, Which Cannot Be Cured with Discovery.**

In its Response, Methodist explained how Rule 9(b) and the FCA affect the analysis of Relators' Motion to Amend. (Response at 6–9.) "Complaints alleging FCA violations must comply with Rule 9(b)'s requirement that fraud be pled with particularity because 'defendants accused of defrauding the federal government have the same protections as defendants sued for fraud in other contexts.'" *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011) (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir.2003)). "Rule 9(b) has long played [a] screening function, standing as a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009); *see also Chesbrough*, 655 F.3d at 466 (6th Cir. 2011) ("The heightened pleading standard [of Rule 9(b)] is

9

[] designed to prevent fishing expeditions, to protect defendants' reputations from allegations of fraud and to narrow potentially wide-ranging discovery to relevant matters." (internal quotes and citations omitted)); *Haynes v. JPMorgan Chase Bank, N.A.*, 466 F. App'x 763, 765 (11th Cir. 2012) ("The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior."). Thus, Rule 9(b)'s role as a gatekeeper prevents a relator from filing a generalized complaint alleging fraud "as a means of [later] discovering an unknown wrong." *Kubicki ex rel. Kubicki v. Medtronic*, 2013 WL 1739580, at *12 (D.D.C. Mar. 21, 2013).

"Rule 9(b) requires that in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Chesbrough*, 655 F.3d at 466 (internal quotation omitted). As a critical aspect of pleading such fraud with particularity, the Sixth Circuit has long held that identifying a "fraudulent claim is 'the *sine qua non* of a False Claims Act violation." *U.S. ex rel. Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 878 (6th Cir. 2006) (quoting *U.S. ex rel. Clausen v. Lab'y Corp. of Am., Inc.*, 290 F.3d 1301, 1311 (11th Cir. 2002)); *see also, e.g. U.S. ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 881 (6th Cir. 2017) ("The identification of at least one false claim with specificity is an indispensable element of a complaint that alleges a [False Claims Act] violation in compliance with Rule 9(b)") (alteration in original) (internal quote omitted). This requirement generally is known as pleading the "presentment" of a false claim to the government.

Methodist moved to dismiss the SAC in part because it did not identify any representative false claims actually submitted to the government. (Dkt. No. 80 at 16–19.) Relators did not dispute in their response that the SAC failed to identify actual false claims and further conceded that pleading failure by attempting to identify representative false claims in their TAC based on

10

Case 3:17-cv-00902   Document 173   Filed 05/26/21   Page 10 of 15 PageID #: 2642

documents obtained in this litigation.  (*See* Dkt. No. 169 ¶¶ 503–524.)  That deficiency warranted dismissal of the SAC under clear Sixth Circuit precedent, and Relators cannot cure that deficiency through post-pleading discovery.  *See, Sanderson*, 447 F.3d at 878; *see also, e.g.*, *Estate of Helmly v. Bethany Hospice & Palliative Care of Coastal Ga., LLC*, 2021 WL 1609823 (11th Cir. Apr. 26, 2021) (affirming the dismissal with prejudice of an FCA complaint lacking the identification of any representative false claims).

FCA claims must be based on the relator's personal knowledge and without the aid of discovery, as the heightened pleading standard of Rule 9(b) prohibits a relator "from bringing suit under the FCA and using the complaint as 'a fishing expedition' to uncover wrongdoing."  *United States v. UT Med. Grp., Inc.*, 2013 WL 12149636, at *3 (W.D. Tenn. Aug. 15, 2013) (citation omitted) (denying the relator's motion to compel the government to share documents collected during its investigation and allow the relator to incorporate information into an amended complaint as "improper" in light of the pending motion to dismiss and stay in discovery); *see also U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 231 (1st Cir. 2004) ("[A] qui tam relator may not present general allegations in lieu of the details of actual false claims in the hope that such details will emerge through subsequent discovery."), *abrogation on other grounds recognized by Lestage v. Coloplast Corp.*, 982 F.3d 37 (1st Cir. 2020).

As such, Relators are not permitted to use information learned during litigation to remedy a complaint that is otherwise deficient under Rule 9(b).  *See, e.g.*, *U.S. ex rel. Bingham v. HCA, Inc.*, 783 F. App'x 868, 876 (11th Cir. 2019) (striking facts learned through discovery from the amended complaint and ruling that, without that information, the amended complaint did not meet the heightened pleading standard of Rule 9(b)); *UT Med. Grp., Inc.*, 2013 WL 12149636, at *3 (W.D. Tenn. Aug. 15, 2013) ("Plaintiffs may not engage in post-pleading discovery in an effort to

meet [Rule 9(b)'s] heightened requirements."). Recognizing the complications that result from permitting a relator to amend after obtaining discovery, the Eleventh Circuit observed "[a]lthough courts should freely grant leave to amend pleadings . . . amendments that include material obtained during discovery, prior to a final decision on the motion to dismiss, may not be appropriate in cases to which the heightened pleading standard of Rule 9(b) applies if the amendment would allow the plaintiff to circumvent the purpose of Rule 9(b)." *Id.* at 876 (internal citations omitted). This is particularly true with regard to the FCA, as "prohibiting a relator to use discovery to meet the requirements of Rule 9(b) reflects, in part, a concern that a *qui tam* plaintiff, who has suffered no injury in fact, may be particularly likely to file suit as a pretext to uncover unknown wrongs." *Id.* (internal quotation marks omitted).

Relators did not identify any false claims submitted for payment in the first three iterations of their complaint. Permitted discovery after Methodist's Motion to Dismiss was filed, Relators obtained claim-specific information that they now allege constitutes false claims for payment submitted to the government. The Order stated that granting the Motion to Amend imposed no undue prejudice because Defendants can raise their arguments in a motion to dismiss the TAC. (Order at 5–6.) That is not correct. Defendants cannot move to dismiss the TAC for failure to identify any false claims – the *sine qua non* of pleading an FCA violation – because the TAC now identifies specific claims due to information gained by Relators during the litigation. That is the crux of Defendants' opposition to Relators' Motion to Amend – if the Court does not consider the argument, then it is moot.

Granting the Motion to Amend and allowing discovery-based allegations precludes without review certain of Methodist's arguments. Because the Order did not consider Methodist's

12

argument against amendment based on post-pleading discovery or the applicable legal authority supporting that argument, the ruling was contrary to the law and should be reversed.

### B. Vacating the Order and Denying Relators' Motion to Amend Will Not Prejudice Relators.

As Methodist explained in its Response, denying the Motion to Amend pending a ruling on Methodist's Motion to Dismiss the SAC would not prejudice Relators. Because the TAC adds no new parties, claims, or damages, there is no discovery that would be available under the TAC that would not already be available under the SAC, and trial is still more than a year away. And, denying the Motion to Amend allows the District Judge to rule on Methodist's arguments for dismissal and to determine whether Relators should be permitted to file a fourth iteration of their complaint and whether a new complaint may rely on documents and information obtained through discovery.

If the Magistrate Judge is unable to rule on all of the arguments raised by Defendants, including their primary argument, then the Magistrate Judge should have ruled on none and denied the Motion to Amend without prejudice pending this Court's ruling on Defendants' Motion to Dismiss the SAC.

## CONCLUSION

The Magistrate Judge failed to address Methodist's primary argument that discovery-based amendment cannot be used to circumvent pleading requirements in FCA cases. Failing to address that argument unduly prejudices Methodist by nullifying Relators' pleading requirements imposed in FCA cases under Rule 9(b) and Sixth Circuit precedent. Methodist respectfully requests that the District Judge vacate the Order and deny Relators' Motion to Amend.

Dated this 26th day of May 2021.

Respectfully submitted,

*/s/ Brian D. Roark*
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

*Attorneys for Defendants Methodist Le Bonheur Healthcare, Methodist Healthcare-Memphis Hospitals, Chris McLean, and Gary Shorb*

14

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served upon counsel, via the Court's CM/ECF e-mail notification system, on this the 26th day of May, 2021:

Bryan A. Vroon
Law Offices of Bryan A. Vroon, LLC
1766 West Paces Ferry Road
Atlanta, GA 30327
(404) 441-9806
bryanvroon@gmail.com

David Rivera
Jerry E. Martin
Seth Marcus Hyatt
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
drivera@barrettjohnston.com
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

Edward D. Robertson, Jr.
Bartimus Frickleton Robertson Rader PC
109 B East High Street
Jefferson City, MO 65101
(573) 659-4454
crobertson@bflawfirm.com

Kara F. Sweet
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6598
kara.sweet@usdoj.gov

Tony Hullender
Scott M. Corley
Office of the Attorney General of Tennessee
Civil Rights and Claims Division
P.O. Box 20207
Nashville, TN 37202-0207
(615) 253-1103
Tony.hullender@ag.tn.gov
Scott.corley@ag.tn.gov

                                        */s/ Brian D. Roark*