IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and the STATE OF TENNESSEE *ex rel.* JEFFREY H. LIEBMAN et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No.: 3:17-cv-00902 JUDGE CAMBPELL |
| v. | ) ) | MAGISTRATE JUDGE HOLMES |
| METHODIST LE BONHEUR HEALTHCARE, et al., | ) ) ) | JURY TRIAL |
| Defendants. | ) ) | |

## MOTION TO INTERVENE FOR GOOD CAUSE

Pursuant to 31 U.S.C. § 3730(c), the United States of America moves this Court for an Order granting leave to intervene for good cause in the above-captioned action against Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals (collectively, "Methodist") to recover damages for the false claims that Methodist knowingly submitted or caused to be submitted to Federal health care programs, including Medicare and Medicaid, and knew were false. Specifically, the United States intends to allege that Methodist knowingly paid remuneration to West Clinic, P.C. ("West") as part of a multi-agreement transaction that allowed West's outpatient cancer treatment centers to become part of Methodist, West's physicians and other employees to provide services at Methodist, and West to manage inpatient and outpatient adult cancer care at Methodist.[1] One purpose of the arrangement was to induce West to refer its patients to Methodist. This arrangement violated the Anti-Kickback Statute, 42 U.S.C. § 1320a-

---

[1] Should intervention be granted, the United States intends to add West, which previously was dismissed from this action without prejudice to the United States, as a defendant.

7b(b) ("AKS"), which constitutes violations of the False Claims Act, 31 U.S.C. §§ 3729-3733 ("FCA"), for which the United States is entitled to treble damages and penalties.

As set forth more fully in the accompanying memorandum of law in support of this motion, good cause exists because (i) Relators consent to the proposed intervention; (ii) the United States has obtained new and additional evidence that supports intervention at this time; (iii) there is limited, if any, prejudice to Methodist if the United States intervenes at this time; and (iv) it is in the best interest of the public to allow the United States to intervene, which outweighs any arguable prejudice to Methodist. Therefore, because good cause exists, the Court should allow the United States to intervene in this action. Should the Court grant this motion, the United States respectfully requests thirty days from the date of the Court's order to file a complaint in intervention.

In accordance with LR7.01 of the Local Civil Rules for the United States District Court for the Middle District of Tennessee, the United States has conferred with all parties in advance of this motion. Relators have advised that they consent to this motion and strongly support intervention by the United States. Methodist has stated that it intends to oppose the requested relief.

A proposed Order is submitted herewith.

                                              Respectfully submitted,

                                              MARY JANE STEWART
                                              Acting United States Attorney
                                              Middle District of Tennessee

By:   s/Kara F. Sweet
            KARA F. SWEET
            Assistant United States Attorney
            110 Ninth Avenue South, Suite A-961
            Nashville, TN 37203
            (615) 736-5151
            Kara.Sweet@usdoj.gov

BRIAN M. BOYNTON
Acting Assistant Attorney General

JAMIE ANN YAVELBERG
DAVID B. WISEMAN
DAVID T. COHEN

Civil Division
U.S. Department of Justice,
Commercial Litigation Branch, Fraud Section
P.O. Box 261
Ben Franklin Station
Washington, DC 20044
(202) 514-0132
David.Wiseman@usdoj.gov

*Counsel for the United States of America*

# CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2021, a true and correct copy of the foregoing was served via the Court's CM/ECF system, if registered. A service copy was also served via First Class U.S. Mail, postage prepaid, and/or via email, if not registered, to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | |

                                          s/Kara F. Sweet
                                          KARA F. SWEET
                                          Assistant United States Attorney

4

Case 3:17-cv-00902   Document 193   Filed 10/08/21   Page 4 of 4 PageID #: 2875