# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., | |
| Plaintiff-Relators, | Case No.: 3:17-cv-00902 |
| v. | JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |
| METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, | |
| Defendants. | |

**THE UNITED STATES' OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSION TO THE UNITED STATES**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of this Court, the United States of America hereby objects and responds to Defendants' First Set of Requests for Admission to the United States, dated June 15, 2022 (the "Requests"). The United States' objections and responses are based upon the information presently available to the United States following a reasonable investigation to date. The United States expressly reserves the right to modify, supplement, or amend its objections and responses, including to reflect information that discovery or further investigation may disclose, and to do so subject to any applicable objection, privilege, or other protection from disclosure.

## GENERAL OBJECTIONS

1. The United States objects to the Requests to the extent they purport to impose obligations on the United States that is beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

2. The United States objects to the Requests to the extent they call for the production of information exclusively in the possession, custody or control of Defendants or already known to Defendants.

3. The United States objects to the definition of "Government" and "You" in the Requests to the extent they purport to require the United States to gather and review information in the possession or custody of any agency, office, employee, agent, representative, officer, or contractor of either the Legislative Branch or the Judicial Branch, or of Executive Branch components beyond the Department of Health and Human Services, including its Office of Inspector General, the Centers for Medicare and Medicaid Services, and the Civil Division, Commercial Litigation Branch (Fraud Section) of the United States Department of Justice and the Civil Division of the Office of the United States' Attorney for the Middle District of Tennessee on the grounds that they are unduly burdensome and overbroad and seek information not relevant to the claims or defenses in this action and disproportionate to the needs of this case.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST FOR ADMISSION NO. 1**:

Admit that the Government has never conducted an audit of Methodist's claims based on the Affiliation Agreements.

**RESPONSE:**

The United States objects to this Request to the extent that it is ambiguous as to the meaning of the words "audit" and "claims" and the term "based on" and further objects to the extent that whether the United States conducted any audit relating to the Affiliation Agreements is not relevant to any claim or defense in this action, as violations of the Anti-Kickback Statute are *per se* material. However, whether Methodist conducted such an audit is relevant and the subject of the United States' discovery.

Subject to and without waiving its objections, the United States admits that the Government, as defined, has never audited Methodist based on the Affiliation Agreements, as defined.

**REQUEST FOR ADMISSION NO. 2**:

Admit that the Government has never denied a claim submitted by Methodist on grounds that the claim was tainted by an improper inducement in violation of the Stark Law or Anti-Kickback Statute.

**RESPONSE:**

The United States objects to this Request on the ground that whether the United States ever denied a claim submitted by Methodist on the grounds that it was tainted by an improper inducement in violation of the Stark Law or Anti-Kickback Statute is not relevant to any claim or defense in this action, as violations of the Anti-Kickback Statute are *per se* material.

Subject to and without waiving its objections, the United States admits that the Government, as defined, has never denied a claim submitted by Methodist to date based on a violation of the Stark Law or Anti-Kickback Statute.

**REQUEST FOR ADMISSION NO. 3**:

Admit that You have not identified any adverse impact on Methodist's patient outcomes due to the structure of the Affiliation Agreements.

**RESPONSE:**

The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action. The United States has not investigated whether there was an adverse impact on Methodist's patient outcomes and is not in possession of the information needed to make such a determination. However, the United States has identified a potential adverse impact on Methodist's competitors as a result of the Affiliation Agreements.

Subject to and without waiving its objections, the United States does not have sufficient information to admit or deny this Request as it has not investigated whether there was any adverse impact on Methodist's patient outcomes in connection with this litigation and is not in possession of sufficient information to respond to this Request, and it is not under any obligation to consider the issue in connection with any determination that Methodist engaged in any wrongdoing as alleged in the Complaint in Intervention.

**REQUEST FOR ADMISSION NO. 4**:

Admit that You have not identified any rules, regulations, guidance, official publications, provider education materials, or reports that forbid any of the following:
a. Payment to a non-employee physician in an amount greater than his or her professional collections;
b. Payment of a non-employee physician on the basis of wRVUs under a professional services agreement;
c. The use of the market approach as a method to determine fair market value;
d. A market valuation approach that considers the overall revenue of a service line;

  e. Payment of management fees under a management services agreement without timesheets or other similar documentation;
  f. Entering a payment arrangement outside a safe harbor if that arrangement otherwise satisfies the Anti-Kickback Statute.

**RESPONSE:**

  The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action.

  Subject to and without waiving its objections, the United States is not able to admit or deny this Request as it has not considered such issues in connection with this litigation and is not under any obligation to do so, as the United States has not asserted any claims concerning the subject matter of this Request.

**REQUEST FOR ADMISSION NO. 5**:

Admit that You have not identified any adverse patient outcomes that resulted from the co-management of any Methodist patients' care by the West Cancer Center.

**RESPONSE:**

  The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action. The United States has not investigated whether there was an adverse impact on Methodist's patient outcomes and is not in possession of the information needed to make such a determination.

  Subject to and without waiving its objections, the United States does not have sufficient information to admit or deny this Request as it has not investigated whether there was any adverse impact on Methodist's patient outcomes in connection with this litigation and is not in possession of sufficient information to respond to this Request, and it is not under any obligation to consider the issue in connection with any determination that Methodist engaged in any wrongdoing as alleged in the Complaint in Intervention.

5

**REQUEST FOR ADMISSION NO. 6**:

Admit that there is no increased cost to Medicare resulting from the structure of the Affiliation Agreements.

**RESPONSE:**

The United States objects to this Request on the ground that whether Medicare suffered monetary damages is not relevant to any claim or defense in this action, as violations of the Anti-Kickback Statute are *per se* material.

Subject to and without waiving its objections, the United States denies this Request.

**REQUEST FOR ADMISSION NO. 7**:

Admit that CMS and HHS have proposed rules seeking to promote flexibility and innovations in the delivery or more efficient and better coordinated care.

**RESPONSE:**

The United States objects to this Request on the ground that it is vague and ambiguous and seeks information that is not relevant to any claim or defense in this action.

Subject to and without waiving its objections, the United States is not able to admit or deny this Request as it has not considered such issues in connection with this litigation and is not under any obligation to do so, as the United States has not asserted any claims concerning the subject matter of this Request.

**REQUEST FOR ADMISSION NO. 8**:

Admit that CMS and HHS have acknowledged a "compelling concern" that uncertainty and regulatory barriers could "prevent the best and most efficacious innovations from emerging and being tested in the marketplace."

**RESPONSE:**

The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action.

Subject to and without waiving its objections, the United States is not able to admit or deny this Request as it has not considered such issues in connection with this litigation and is not under any obligation to do so, as the United States has not asserted any claims concerning the subject matter of this Request.

Dated: August 22, 2022

        MARK H. WILDASIN
        United States Attorney
        Middle District of Tennessee

By:   s/ Kara F. Sweet
        KARA F. SWEET
        WYNN M. SHUFORD
        Assistant United States Attorney
        United States Attorney's Office
        719 Church Street, Suite 3300
        Nashville, TN 37203
        Phone: (615) 736-5151
        kara.sweet@usdoj.gov
        wynn.shuford@usdoj.gov

        *Counsel for the United States*

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 22, 2022, a true and correct copy of the foregoing was served via email to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | |

                 s/ Kara F. Sweet
                 KARA F. SWEET
                 Assistant United States Attorney

8

Case 3:17-cv-00902 Document 260-3 Filed 08/30/22 Page 9 of 9 PageID #: 4305