IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., <br><br> Plaintiff-Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, <br><br> Defendants. | Case No.: 3:17-cv-00902 <br><br> District Judge William L. Campbell, Jr. <br><br> Magistrate Judge Barbara D. Holmes |

**RENEWED JOINT DISCOVERY DISPUTE STATEMENT**

Pursuant to the Sixth Modified Case Management Order (ECF No. 252), which adopted the procedure for resolution of discovery disputes contained in the Initial Case Management Order (ECF No. 93), the United States, together with Relators, and Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare – Memphis Hospitals (collectively, "Methodist") submit this renewed Joint Discovery Dispute Statement in response to the Court's Order (ECF No. 258) denying without prejudice the Joint Motion for Discovery Conference (ECF No. 256) relating to whether Methodist may withhold as privileged certain communications and documents that were sent to or from Methodist's outside consultants and appraisers, as well as communications relating to fair market value opinions on which Methodist purports to rely in defending the allegations in this action. The parties refer to the Joint Motion (ECF No. 256) and the Joint Discovery Dispute Statement (ECF No. 257), together with the attachments thereto, and the abbreviations therein.

Following the Court's Order (ECF No. 258), the parties conferred and submit the following positions and proposal for resolution:

A.   **United States/Relators' Position and Authorities**

Although the privilege and redaction logs were previously produced to Relators, Methodist had not submitted an Answer in this action until May 17, 2022 (ECF No. 242), which was only after the United States became a party following the filing of its Complaint in Intervention on April 11, 2022 (ECF No. 235). It was not until Methodist filed its Answer and responded to the United States' Interrogatories on August 5, 2022 (ECF No. 257.10), that the discovery dispute concerning Methodist's withholding of documents on which it intended to rely as a defense in this action was fully ripe for the Court's consideration. The United States timely identified the discovery dispute to Methodist and conferred with Methodist in an attempt to narrow the documents at issue. Methodist's statements concerning when this disputed issue was brought to the Court are irrelevant, as this motion is procedurally proper and in accordance with the CMOs and the Federal Rules of Civil Procedure.

In any case, the United States requested a discovery conference as an initial step to expand on and clarify the nature of the dispute and possibly obviate the burden on the Court in reviewing hundreds of documents *in camera*. In particular, if the Court rules that as a matter of law Methodist may not withhold documents as privileged relating to third parties that provided purported independent fair market value opinions and on which Methodist intends to rely, as addressed by Judge Trauger in *Reitz v. City of Mt. Juliet*, 680 F. Supp. 2d 888, 892 (M.D. Tenn. 2010), a substantial number of documents would be produced without the need for the Court to review these materials for any privilege concern. Incredibly, Methodist claims that it is not withholding communications relating to the facts or information underlying the opinions, yet it has withheld communications with the valuators that certainly relate to the facts and information

underlying the opinions. It refuses to address the argument that it cannot use the opinions as a sword and shield the underlying communications providing information to obtain the opinions that were purportedly independent.

Although the parties conferred following the Order (ECF No. 258) to determine whether there was an alternative proposal, Methodist maintains that the only way for the Court to issue a ruling on the legal issues and documents at issue is for Methodist to provide the Court with all the documents at issue to review *in camera* along with a list of counsel. For this reason, Methodist is providing the documents to the Court for an *in camera* review. The United States otherwise refers to the Joint Discovery Dispute Statement (ECF No. 257) and the exhibits attached thereto for the full background and legal arguments relating to the privilege issue before the Court.

**B.      Methodist's Position and Authorities**

During the government's sealed investigation in 2018-2019, Methodist produced at the government's request fair market value opinions supporting payments Methodist made to the West Clinic during the parties' affiliation. (ECF No. 196 ¶¶ 2-3.) Methodist informed the government when it produced the opinions that it was not producing some communications related to the opinions where the valuators were engaged through legal counsel and assisted counsel in providing Methodist legal advice. Methodist subsequently produced those fair market value opinions to Relators in this litigation. Methodist produced initial and amended supplemental privilege logs on February 16, 2021, and March 3, 2021, respectively. Those logs set forth communications related to the fair market value opinions that Methodist had withheld as privileged.

Both the government and Relators have long been aware of Methodist's privilege claims related to the fair market value opinions. Neither Methodist's Answer nor its responses to the

3

government's interrogatories changed those privilege claims. During a hearing on the government's motion to intervene in March 2022, the government represented to the Court that after the case was unsealed, the government had been "monitoring what was going on in the case, staying in touch with the Relators, keeping abreast of what was happening, reviewing – reviewing the documents and the materials." (ECF No. 234 at 49.)   To the extent the government or Relators had concerns about Methodist's privilege claims over communications related to the fair market value opinions, those concerns could have been raised long before the final month of fact discovery.

For the reasons set forth more fully in the parties' initial Joint Discovery Dispute Statement, Methodist is not prohibited from claiming privilege over communications related to the fair market value opinions "as a matter of law."   (ECF No. 257 at 6-8.)   Courts consistently have acknowledged that consultants – specifically including valuators engaged to provide fair market value opinions – can assist legal counsel in providing legal advice.   (*Id.*)   Although "accounting documents and data that underlie the FMV analysis" may not be privileged (*see id. at* 7), Methodist has not claimed privilege over such documents or data.[1]

---

[1] The government's statement that "Methodist claims that it is not withholding communications relating to the facts or information underlying the opinions" is incorrect and mischaracterizes Methodist's position.  In addition, the case that the government cites provides no support for the government's position that communications related to fair market value opinions prepared by third parties are not privileged.  In *Reitz v. City of Mount Juliet*, the defendant supported its motion for summary judgment by filing with the Court five pages of a privileged seventeen-page memorandum drafted by the defendant's legal counsel. 680 F. Supp. 2d 888 (M.D. Tenn. 2010). The defendant argued that the partial memorandum established an affirmative defense against sexual harassment allegations. *Id.* at 892. The parties did not dispute that the memorandum was privileged, but the Court held that "when a Title VII defendant raises a *Faragher–Ellerth* defense premised on an internal investigation, the defendant waives the attorney-client privilege and work-product protection for documents underlying the final investigative report—including interview memoranda authored by the investigator." *Id.* at 891.   Here, the government has acknowledged

4

As soon as the government raised its concern about Methodist's privilege claims, Methodist re-reviewed all of the documents it withheld as privileged related to the fair market value opinions and engagements. Methodist conducted a document-by-document review because, as the Court noted, privilege issues such as these are fact-specific and "legal and business considerations may frequently be inextricably intertwined." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 333 F.R.D. 113, 117 (E.D. Mich. 2019). Methodist made a determination for each communication whether the advice provided to Methodist was predominantly legal or business-related in nature. Because that determination is so fact-specific, it must be performed on a document-specific basis. For that reason, Methodist believed that only a document-by-document review would allow for the fact- and document-specific analysis that is required to determine whether the *primary* purpose of a given communication was to convey legal or business advice.[2]

Dated September 7, 2022

---

that the fair market value opinions are not privileged. (ECF. No. 257-5.) Methodist agrees and produced the fair market value opinions years ago. It is not claiming privilege over the opinions or the facts or information underlying the opinions. Nor, as the government pointed out, is Methodist attempting to establish an affirmative defense through the fair market value opinions. (*Id*.) That does not mean, however, that consultants engaged through legal counsel to provide fair market value opinions cannot assist counsel in providing legal advice, as courts consistently have recognized. (*See* ECF No. 257 at 6-8.)

[2] Methodist is producing to the Court separately the documents that the government highlighted on Methodist's privilege and redaction logs to indicate that the government believes a dispute exists with respect to those documents. Methodist will contact the Court to confirm the preferred format for that submission. Methodist does not maintain that that is "the only way" for the Court to rule on the relevant legal issues and the documents that the government has put at issue. Methodist believes that the Court could reject the government's legal arguments as misplaced and relying on inapposite case law. (ECF No. 257 at 6-8; *see also supra* n.1.) Nonetheless, because the Court indicated in its August 25, 2022 Order that a conference without prior review of the documents likely would not yield a meaningful ruling, Methodist is providing the documents that the government has indicated for *in camera* review.

5

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

 s/ Kara F. Sweet
KARA F. SWEET
WYNN M. SHUFORD
U.S. Attorney's Office
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
(615) 736-5151
kara.sweet@usdoj.gov
wynn.shuford@usdoj.gov

*Attorneys for United States*

 s/ Jerry E. Martin
JERRY E. MARTIN (TNBPR No. 20193)
SETH HYATT (TNBPR No. 31171)
Barrett, Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Phone No. (615) 244-2202
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

 s/ Bryan A. Vroon
BRYAN A. VROON, Esq. (Admitted *Pro Hac*)
Law Offices of Bryan A. Vroon, LLC
1380 West Paces Ferry Road, Suite 2270
Atlanta GA 30327
Phone No. (404) 441-9806
bryanvroon@gmail.com


 s/ Edward D. Robertson, Jr.
EDWARD D. ROBERTSON, JR. (Admitted *Pro Hac*)
Bartimus Frickleton Robertson & Rader, P.C.
109b East High Street
Jefferson City, MO. 65101
Phone No. (573)659-4454
crobertson@bflawfirm.com

6

*Attorneys for Relators Jeffrey Liebman
and David Stern*


  s/ Brian D. Roark
BRIAN D. ROARK
J. TAYLOR CHENERY
TAYLOR M. SAMPLE
HANNAH E. WEBBER
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Phone No. (615) 742-6200
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

  s/ Robert Salcido
ROBERT SALCIDO (Admitted *Pro Hac*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
Phone No. (202) 887-4095
rsalcido@akingump.com

*Attorneys for Defendants Methodist Le Bonheur Healthcare
and Methodist Healthcare-Memphis Hospitals*