IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., <br><br> Plaintiff-Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, <br><br> Defendants. | Case No.: 3:17-cv-00902 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

**UNITED STATES' RESPONSE TO METHODIST'S MOTION TO LIFT STAY**

The United States of America ("United States") submits this response to the Motion to Lift Stay and for Status Conference filed by Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals ("Methodist") (ECF No. 281). As stated herein, the United States is prepared to comply with this Court's order of October 14, 2022 (the "Order") (ECF No. 279) and engage in good faith efforts to mediate and hopefully resolve this case.

Rather than comply with the Order, Methodist seeks to lift the stay and continue with the minimal remaining discovery. Methodist has failed to articulate to the United States any basis why it cannot mediate in good faith at this point in the litigation, and it has not engaged in any further mediation efforts with the United States since the Order. Accordingly, the United States opposes Methodist's motion to lift the stay as premature. Given Methodist's position, however, the United States does not oppose a status conference with the Court.

## RELEVANT FACTUAL BACKGROUND

Methodist correctly states that the parties attended a mediation session on September 30, 2022, and the parties did not settle. (ECF No. 281 at 1.) However, Methodist's rendition of events concerning mediation, the mediator's submission of the Mediator Report, and Methodist's subsequent efforts to avoid mediating as required by this Court's Order is incomplete and misleading.

At the end of the September 30th mediation session, which concluded shortly after lunch on a Friday, the Mediator advised that the parties were at an impasse for the day and would benefit from further discussions, which would continue the following week. The United States expressly noted to the mediator that there was a requirement to submit a Mediator Report, to which Methodist responded through the mediator that the submission could wait until after the mediation was concluded, as discussions were continuing. The only discussion of a date for a continued mediation session that the United States had with the mediator was whether the next session should be before or after the hearing on discovery issues that was then scheduled for November 4, 2022. At no time did the mediator indicate to the United States that Methodist refused to have another session until after the close of all fact and expert discovery.

During the week following the mediation, the United States provided certain information to the mediator at his request and understood that discussions between the mediator and Methodist were continuing. The United States sought a date certain for the continued mediation, and the mediator indicated that he was discussing dates with Methodist.

In the meantime, the United States asked Methodist whether it would agree to extend the expert deadlines, as the pending fact discovery disputes, which would not be heard until November 4, 2022, likely would impact the remaining schedule. Contrary to Methodist's assertions that the

United States has some interest in delay (ECF No. 281 at 3 n.2), the United States proposed several options that would allow the parties to continue with the current schedule for dispositive motions. Yet Methodist refused to agree to any reasonable extension proposed or offer any alternative. On October 11, 2022, the United States filed an opposed motion to extend the expert disclosure deadlines, as its deadline was then set for October 24, 2022. (ECF No. 277.)

Subsequently, the United States sent an email to the mediator and counsel for Methodist informing them that a Mediator Report would need to be filed pursuant to the Court's requirements, as there had been more than a five-business day recess. (Exhibit A.) The mediator responded: "I do consider the mediation on-going for the time being. I hope to send an email to defendant's counsel tomorrow and speak with them next week. At that point we may consider a recess." (*Id.*) The mediator then circulated the Mediator Report to the United States and Methodist, which stated that the mediation was continued with the consent of the parties, and dates were still being discussed. Both the United States and Methodist had an opportunity to review the report and confirmed that it was accurate. (Exhibit B.) On October 13, 2022, the mediator filed the Mediator Report, which indicated that dates were being discussed. (ECF No. 278.)

On October 14, 2022, this Court entered the Order, which stayed the case to allow the parties to focus on mediation and directed the parties to file a joint status report within five business days of the conclusion of the mediation. (ECF No. 279.) Later that day, counsel for Methodist contacted counsel for the United States about availability to confer about the Order. During a telephone call that day, counsel for Methodist advised that it did not believe further efforts to mediate would be productive at this time, even though counsel for Methodist conceded that the remaining discovery likely would not impact Methodist's mediation position. Counsel for Methodist indicated that it needed to confer further with the client before deciding how to proceed.

3

The United States indicated its intention to comply with the Order and advised counsel for Methodist that it was open to confer again once Methodist made a determination about how to proceed in light of the Order.

In the meantime, the parties continued communicating through the mediator about the implications of the Order. The United States repeatedly indicated that it intended to comply with the express terms of the Order. The United States indicated that the Court did not direct the mediator to file a subsequent report and since the parties had not had another mediation session, there was no basis for the mediator to communicate anything further to the Court, as nothing had changed since the Mediator Report was filed a few days before. The United States also noted that if Methodist wanted to seek relief from the Order, it needed to confer with the United States instead of acting through the mediator, at an expense to the United States.

On October 19, 2022, counsel for Methodist sent the United States a draft Joint Status Report. The following day, counsel for the United States responded as follows:

> We cannot agree to the submission of a Joint Status Report at this time because it is not consistent with the Court's October 14th Order. Regardless, the draft you sent us does not accurately state the parties' position at the September 30th mediation. The United States never agreed to complete expert discovery before continuing the mediation. The Mediator Report accurately reflected that dates were being discussed. (ECF No. 278.) Both the United States and Methodist approved the language in the Mediator Report before it was submitted.

(Exhibit C.) Thereafter, Methodist requested that the United States confer.

On October 24, 2022, the parties had a telephonic meet and confer, during which counsel for Methodist suggested that the parties file a Joint Status Report stating that the mediation had been concluded and asked whether the United States would agree to any joint submission. Counsel for the United States advised Methodist that it was prepared to comply with the Order, and it could not agree to filing such a Joint Status Report because it would suggest that the parties had

4

conducted an additional mediation session when they had not and would thus be misleading to the Court. In sum, as no further mediation efforts had occurred since the Mediator Report was filed, the mediation had not concluded, and therefore, there was no basis to file a Joint Status Report incorrectly stating that it had. Counsel for the United States informed counsel for Methodist again that for this reason it did not believe it was appropriate to file a Joint Status Report because it was contrary to the Order directing the parties to file a Joint Status Report "within five business days of the conclusion of mediation." (ECF No. 279.) Thus, it is, at a minimum, disingenuous, if not completely inaccurate, to state that the United States "declined to participate in a joint status report." (ECF No. 281 at 2). The United States was very clear that it could not file a submission that was contrary to the Order.[1]

## ARGUMENT

Methodist has not articulated to the Court any credible reason for the relief sought. Instead, Methodist conclusively states that it cannot engage in productive mediation discussions until after all discovery is completed "but before the dispositive motion deadline." (ECF No. 281 at 2.) In discussions with the United States, however, counsel for Methodist has made contradictory statements about *when* it believes further mediation sessions *may* be productive -- alternatively claiming that mediation cannot continue until after the Court rules on the pending discovery

---

[1] Methodist's argument (ECF No. 281 at 2) that a second mediation session after all discovery is concluded is consistent with the Sixth Case Management Order in that there must be "two independent substantive attempts" to resolve the case is confusing. As the Mediator Report stated that mediation had not concluded on September 30, 2022, the first independent substantive attempt to resolve the case was ongoing. If, however, Methodist's position now is that there was a completed attempt to resolve the case on September 30, 2022, then it failed to convey that to the United States and the mediator, and ultimately it has misled the Court. Either way, the Sixth Case Management Order does not require all discovery to be completed before a mediation session occurs.

5

disputes, then not until after the conclusion of all discovery, and then not until possibly after summary judgment or appeals from rulings that have yet to be made. Counsel for Methodist also advises the Court (*id.* at 1) that it hopes "further settlement efforts would be more productive after the close of discovery in light of the parties' extreme divergence on a number of issues," yet the parties seemingly agree that completing the remaining discovery will not impact mediation positions. Counsel for Methodist also has no interest in obtaining clarity from the Court on any of the divergent issues it has identified to the United States through the mediator or otherwise.[2] Indeed, the purpose of mediation is for the parties to have a neutral consider the divergent issues. At the conclusion of the mediation session on September 30, 2022, the United States understood that this process was ongoing and fails to understand why Methodist cannot comply with the Order to allow the mediator to continue working with the parties.

Given that Methodist is represented by able and sophisticated counsel and is governed by an accomplished Board of Directors, Methodist certainly should be able to assess its risk fully without completing the remaining minimal discovery. Thus, rather than both parties incurring the additional expense of completing the remaining expert discovery and undertaking the burden of dispositive motions, the United States is prepared to continue with mediation efforts at this time in accordance with the Order.

---

[2] The United States noted to counsel for Methodist that if Methodist wants to bring this matter to conclusion, as it continues to proclaim, then the parties should seek rulings from the Court on the key disputed and discrete legal issues that certainly should impact mediation positions. Methodist has refused such an approach, indicating that it did not want the Court to consider purely legal issues without all the facts (which defies logic) and that it does not want to have piecemeal rulings.

## **CONCLUSION**

The United States remains prepared to comply with the Order and welcomes further efforts to engage in productive mediation. As Methodist has not stated any credible basis for relief from the Order, the United States opposes the motion to lift the stay that the Court imposed. Given Methodist's position, the United States does not oppose a status conference with the Court.

Dated: November 3, 2022

        MARK H. WILDASIN
        United States Attorney
        Middle District of Tennessee

By:   s/ Kara F. Sweet
        KARA F. SWEET
        WYNN M. SHUFORD
        Assistant United States Attorney
        United States Attorney's Office
        719 Church Street, Suite 3300
        Nashville, TN 37203
        Phone: (615) 736-5151
        kara.sweet@usdoj.gov
        wynn.shuford@usdoj.gov

        *Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, a true and correct copy of the foregoing was served via email to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>Anna M. Grizzle<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: agrizzle@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | |

s/ Kara F. Sweet
KARA F. SWEET
Assistant United States Attorney