IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> JEFFREY H. LIEBMAN and DAVID M. ) <br> STERN, M.D. ) <br>     Plaintiffs-Relators ) <br> ) <br> v. ) <br> ) <br> METHODIST LE BONHEUR HEALTHCARE ) <br> and METHODIST HEALTHCARE-MEMPHIS ) <br> HOSPITALS ) <br>     Defendants. ) | Case No. 3:17-cv-00902 <br> **Judge Campbell** <br> **Magistrate Judge Holmes** |

# O R D E R

A lengthy status and discovery hearing was held on December 20, 2022 to address the pending discovery disputes addressed in Docket Nos. 268, 271, 273, and 296. Counsel participating were: Jerry Martin and Seth Hyatt for the Relators Jeffrey Liebman and David Stern; Assistant U.S. Attorneys Kara Sweet and Wynn Shuford for the United States; Brian Roark, Robert Salcido, Taylor Sample, Taylor Chenery, and Hannah Weber for Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals; and, Andrew Solinger for West Clinic.

## Background

Familiarity with this case is presumed and the Court will not expend additional resources reciting the history of this case here. Any necessary references to background or procedural history are included in the discussion of the Court's rulings on the specific discovery disputes.

## Legal Standards and Discussion

Throughout the hearing, the Court made extensive findings and conclusions, *see* Docket No. 299, which are incorporated by reference as if fully set out herein. The Court makes the

1

additional findings and conclusions set out below, starting with the following about discovery disputes generally. As a rule, parties may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1).[1] Rule 26 sanctions a broad search and the information sought by a party need not be admissible to be discoverable. *Id*. However, the scope of discovery has "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). It is also "well established that the scope of discovery is within the sound discretion of the trial court." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988)); *see also Crawford-El. v. Britton,* 523 U. S. 574, 598-99 (1998) (trial court is afforded broad discretion to control and dictate the sequence of discovery); *Marie v. American Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014) (district courts have broad discretion to manage the discovery process and control their dockets) (internal citations omitted); *McNeil v. Community Probation Services, LLC*, 2019 WL 5957004, at *1 (M.D. Tenn. Oct. 29, 2019) (ultimately, the scope of discovery is within the broad discretion of the trial court)(internal citations omitted).[2]

Further, the trial court is directed to prevent discovery that falls outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Generally, the party seeking discovery is obliged to demonstrate relevance. When the information sought appears to be relevant, "the burden shifts to

---

[1] Unless otherwise noted, all references to rules are to the Federal Rules of Civil Procedure.

[2] That sentiment has continued throughout revisions to Rule 26 including the most recent ones. The Court also possesses inherent authority to manage litigation. As noted by the First Circuit, "[a]s lawyers became more adept in utilizing the liberalized rules . . . [t]he bench began to use its inherent powers to take a more active, hands on approach to the management of pending litigation." *In re San Juan DuPont Plaza Hotel Fire Litigation*, 859 F. 2d 1007, 1011 (1st Cir. 1988). "The judiciary is 'free, within reason to exercise this inherent judicial power in flexible pragmatic ways.'" *Id*. at 1011 n.2 (quoting *HMG Property Investors, Inc. v. Parque Indus. Rio Canas, Ins.*, 847 F. 2d 908, 916 (1st Cir. 1988)).

2

Case 3:17-cv-00902 Document 300 Filed 01/04/23 Page 2 of 11 PageID #: 5360

the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case," *Allgood v Baptist Memorial Medical Group, Inc.*, 2020 WL 86455,*1 (W.D. Tenn. Jan. 7, 2020) (internal citations omitted), or to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015).

Discovery may be denied if (i) it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the requesting party has already had ample opportunity to obtain the requested information; or, (iii) the request falls outside the scope of discovery set forth in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). The party opposing such production bears the burden of establishing that the discovery sought falls beyond the purview of Rule 26. *See Shropshire v. Laidlaw Transit, Inc.*, 2006 WL 6323288, at *2 (E.D. Mich. Aug. 1, 2006) ("The party who resists discovery has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.")

Although a party should not be denied access to information necessary to prove their contentions, neither should they be "permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016) (internal citation omitted). "A court must balance the right to discovery with the need to prevent fishing expeditions." *Id*. at 236-37 (internal quotations and citation omitted).

Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ.

P. 26(c). "The burden of establishing good cause for a protective order rests with the [party requesting the protective order]." *Nix v. Sword*, 11 F.App'x. 498, 500 (6th Cir. 2001) (internal citations omitted). A showing of irrelevancy of proposed discovery can satisfy the good cause requirement of Rule 26(c). Ultimately, whether to grant a protective order is within the discretion of the trial court. *Coleman v. American Red Cross*, 979 F.2d 1135, 1138 (6th Cir. 1992).

A party objecting to discovery must state with particularity the grounds for objection and why the request cannot be responded to as is. Boilerplate objections, such as the discovery requests are "overly broad," are "vague," are "not proportional to the needs of the case," or are "unduly and substantially burdensome," are "legally meaningless and amount to a waiver of an objection." *Waskul v. Washtenaw County Community Mental Health*, 569 F.Supp3d 626, 637 (E.D. Mich. 2021) (internal citation omitted); *see also Davis v. American Highwall Mining, LLC*, No. 6:19-cv-96, 2020 WL 5494520 (E.D. Ky. Sept. 11, 2020) (collecting several authorities in support).[3] Further, objections such as "unlimited in time and scope" must be accurate. For example, when an interrogatory or a request for production requests information from or during a specific time-period that is relevant to the underlying dispute, that is an appropriate temporal limitation.

As to confidentiality, there is a comprehensive agreed protective order already in effect in this case. (Docket No. 108.) Accordingly, objections based on confidentiality must demonstrate why the requested information cannot be produced subject to the agreed protective order.

Regarding third-party information, a party ordinarily has no standing to object to third-party information requested by interrogatory or request for production on the basis that it is confidential information of a third-party. unless the objecting party claims some personal right

---

[3] Because of the different nature of requests for admission, objections for vagueness or because the request for admission requires inference may not necessarily be improper. *Honeycutt v. First Fed. Bank*, 2003 WL 1054235, at *1 (W.D. Tenn. Mar. 5, 2003).

regarding the documents sought. *Abundes v. Athens Food Services, LLC*, 2015 WL 13664280, at *1 (M.D. Tenn. Sept. 18, 2015); *see also Lewis Environmental, Inc. v. Emergency Response & Training Solutions, Inc.*, 2019 WL 285641, at *2 (S.D. Ohio Jan. 22, 2019) (same) (quoting *Mann v. Univ. of Cincinnati*, 1997 WL 280188, at *4, 114 F.3d 1188 (6th Cir. May 27, 1997) (per curiam)). However, the discovery request may be properly objectionable if the requested information can be "obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i) (emphasis added). Under the plain language of this rule, information cannot be withheld merely because it is equally available from a third-party. If the responding party possesses the information and cannot show that producing it would be more burdensome or more expensive than the requesting party obtaining the information from the third-party, the responding party information must provide or produce the requested information.

A party withholding documents or other communications as privileged has the burden of establishing the existence of a privilege that protects such information in two ways: (1) by "expressly" making a claim of privilege, and (2) by describing the withheld documents or communications "in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The plain language of the rule requires that whenever information is withheld as privilege, a privilege log that complies with Rule 26(b)(5)(A) must be provided by the responding party. Further, the party claiming privilege must demonstrate that the information is privileged under applicable law. Failure to do so may result in a determination that the privilege objection has been waived.

In contrast, the work product doctrine is not a privilege but a procedural rule of federal law that allows legal counsel to "assemble information, sift what [he or she] considers to be the relevant from the irrelevant facts, prepare [his or her] legal theories and plan [his or her] strategy without

5

undue and needless interference." *Id.* (quoting *In re Columbia/HCA Healthcare Corp. Billing Practices,* 293 F.3d 289, 294 (6th Cir. 2002). Specifically, it protects an attorney's "trial preparation materials" from discovery by another party, which includes: (1) "documents and tangible things" that are (2) "prepared in anticipation of litigation or for trial" (3) "by or for another party or its representative." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 439 (6th Cir. 2009) (quoting Fed. R. Civ. P. 26(b)(3)(A)).[4] The work product doctrine does not, however, protect the discovery of underlying facts, "including facts concerning the creation of work product or the facts contained within the work product." *McNeil v. Mount Carmel Health System*, 2021 WL 5235103, at *3 (S.D. Ohio Nov. 10, 2021).

With these principles in mind, and for the additional reasons described in open court and as further discussed below, the Court resolves the disputed discovery issues as follows.

<u>Motion to quash and depositions of additional two West employees (Disputed Issue No. 3 in Docket No. 273)</u>

The motion of West Clinic, PLLC to quash the United States' notice of Rule 30(b)(6) deposition (Docket No. 268) is granted. Likewise, the United States' notices of the depositions of non-parties Curtis Bernstein and Chris Collins are quashed.

---

[4] If the party seeking discovery first establishes that the materials sought are relevant, the party opposing production must demonstrate that the materials were prepared "in anticipation of litigation." *Guardsmark, Inc. v. Blue Cross & Blue Shield of Tennessee*, 206 F.R.D. 202, 206-07 (W.D. Tenn. 2002). If the opposing party meets this burden, the party seeking discovery must show that it has substantial need of the materials and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. *In re OM Sec. Litig.*, 226 F.R.D. 579, 584 (N.D. Ohio 2005). Even if this burden is met, however, the material will still be protected from disclosure if the opposing party demonstrates that the materials in question represent "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of the party concerning the litigation." *Id*.

At the time the Court granted the United States' motion to intervene, the end of the discovery period was fast approaching.[5] In response to the Court's questions of the United States as to its intentions in intervention, the Court was assured by counsel for the United States had participated in or at least monitored the progression of the case, including discovery (Docket No. 234 at 14-17, and that there would "likely be very minimal additional discovery that [the United States] would need to do" (Docket No. 234 at 14, lines 18-20) and that the remaining discovery in the case would not be "dramatically different" (Docket No. 234 at 44, line 4) following the United States' intervention. The Court ultimately allowed the United States to intervene based on these express representations that preparation of the case, including discovery, would continue unhindered.

There was ample time following its intervention for the United States to have promptly noticed a Rule 30(b)(6) deposition and the depositions of Mr. Bernstein and Mr. Collins, particularly given the United States' direct involvement in the investigation of the underlying claims and its monitoring of this litigation for literally years prior to intervening. There is no

---

[5] The discovery period has since expired on September 23, 2022. Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" requirement is a "threshold that requires late-moving litigants to show that "despite [their] diligence [they] could not meet the original deadline." *Shane v. Bunzl Distribution USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). Courts determine good cause by measuring the movant's "diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625–26 (6th Cir. 2002). Where a moving party's explanation for delay is simply insufficient or not credible, it is appropriate for the court to deny the requested extension. *Commerce Benefits Group v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009). While the trial court may also consider possible prejudice to the party opposing the modification, *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir.2005), (citing *Inge,* 281 F.3d at 625), the focus is primarily upon the diligence of the movant. "[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause" under Rule 16(b). *Ortiz v. Karnes,* Case No. 2:06-cv-562, 2010 WL 2991501, at *1 (S.D. Ohio July 26, 2010) (internal citation omitted). Whether to grant leave under Rule 16(b) falls within the district court's discretion. *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003).

persuasive argument that can be made that the United States did not appreciate, did not understand, or did not recognize that it might need to take a Rule 30(b)(6) deposition and might need to depose the individual witnesses. The United States should have timely proceeded with those depositions upon its intervention within the original discovery deadline. Its failure to do so is at its own peril and under the express language of Rule 26(b) warrants limitation on the United States' untimely attempts at 11th-hour depositions. *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (discovery may be limited when "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action").

<u>Disputed Issue No. 1 in Docket No. 273 and Disputed Issue No. 2 in Docket No. 271</u>[6]

Regarding Methodist RFPs 8, 9, and 10, and the Rule 30(b)(6) topics that refer to those RFPs, and as discussed during the discovery conference, *see* Docket No. 299 at 22-42, and directed in the Court's separate order, *see* Docket No. 297, the government must confirm by supplementation of its prior responses that it has produced all non-privileged documents responsive to the narrowed requests as defined in open court. Regarding Methodist RFPs 26 and 27, and the Rule 30(b)(6) topics that refer to those RFPs, and as discussed during the discovery conference, *see* Docket No. 299 at 42-62, Methodist must serve a revised Rule 30(b)(6) in conformity with the narrowed requests as defined in open court. Further, the United States must also provide supplemental responses to Interrogatories Nos. 26 and 27 to confirm that it has

---

[6] All other disputed issues relating to the United States' responses to Methodist's RFP Nos. 20-25 and 33 were resolved by agreement of the parties.

produced all non-privileged documents responsive to the narrowed requests as defined in open court.[7]

Finally, Methodist is permitted to inquire about the underlying facts upon which the United States' response to Methodist Interrogatory No. 2 is based. The Court overrules the United States' boilerplate objections as improper. Further, to the extent that the United States' contention that the information sought in this topic is not in dispute is a proper objection, the Court overrules that objection as well.[8] Accordingly, Methodist may inquire about this topic in the Rule 30(b)(6) deposition.[9]

---

[7] These supplemental responses may have been provided by the December 30 deadline set for supplemental responses to Interrogatories Nos. 8-10. If not, the United States must provide the supplemental responses by no later than **January 13, 2023**.

[8] A party responding to discovery cannot unilaterally declare that a matter is not in dispute. And the Court has no intention of essentially granting partial summary judgment in favor of the United States that the issues potentially implicated by the United States' response to Interrogatory No. 2 are not in dispute because of purported undisputed facts. The discovery rules permit Methodist to inquire as to the bases for the United States' response to Interrogatory No. 2.

[9] It is generally accepted that a deposition seeking "the factual bases for another party's claims or defenses is proper" and not excluded by the work product doctrine. *Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *3 (S.D. Ohio Apr. 13, 2006) (collecting cases).Moreover, corporate representatives may not "refuse to disclose facts which their attorneys conveyed to them and which the attorneys obtained from independent sources." *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 278-79 (D. Neb. 1989) (quoting *Sedco Int'l, S. A. v. Cory*, 683 F.2d 1201, 1205 (8th Cir. 1982)). Put another way, the mere fact that counsel provided relevant factual information to his or her client, even in anticipation of litigation, does not cordon off the information itself from an adverse litigant. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) ("[I]t is clear that when an attorney conveys to his client facts acquired from other persons or sources, those facts are not privileged."). *See also Great American Ins. Co. of New York v. Vegas Const. Co., Inc.*, 251 F.R.D. 534, 541 (D. Nev. 2008) ("When a corporation produces an employee under Fed. R. Civ. P. 30(b)(6) to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted through a firm's corporate lawyers.") (quoting *Sprint Communications Co., L.P. v. Theglobe, com, Inc.*, 236 F.R.D. 524, 529 (D. Kan. 2006); *State Farm Mut. Auto. Ins. Co. v. New Horizont, Inc.*, 250 F.R.D. 203, 215 (E.D. Pa. 2008) (holding that questions to corporate representative seeking facts giving rise to allegations in complaint "did not demand the mental impressions, conclusions, opinions, or legal theories of State Farm's attorney

Interrogatory No. 17 (Docket No. 271)[10]

The parties anticipate that the United States' supplemental responses to other discovery requests as directed above, and in the Court's separate order (Docket No. 297), will resolve the issues regarding Interrogatory No. 17. Otherwise, the government must supplement its response to this interrogatory specifically, with the temporal limitation discussed in open court, by no later than **January 13, 2023**.

---

protected by Rule 26(b)(3), but rather sought the information known or reasonably available to State Farm, as to which [the representative] was required to testify by Rule 30(b)(6)") (cleaned up); *E.E.O.C. v Caesars Entertainment, Inc.*, 237 F.R.D. 428, 433-35 (D. Nev. 2006) (discussion of split of authority over whether work product doctrine prevents Rule 30(b)(6) deposition questions concerning the facts underlying a party's contentions and holding that because contention interrogatories are a permitted discovery tool, "it is not apparent how the same information would be otherwise unavailable through questions posed to a deponent in the course of a deposition"); *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003) (holding that corporation subject to Rule 30(b)(6) deposition "was not asked to disclose its work product but was rather required to produce a witness capable of providing facts in support of the allegations within its answer …. It matters not that the witness' understanding was gleaned from documents protected as work product, as the facts within those documents are not subject to protection."); *Protective*, 137 F.R.D. at 280 ("There is simply nothing wrong with asking for facts from a deponent even though those facts may have been communicated to the deponent by the deponent's counsel."). A contrary position effectively neuters the effectiveness of Rule 30(b)(6) depositions. *See State Farm*, 250 F.R.D. at 211, 215 ("Were State Farm's logic followed to its full extent, anytime an attorney is involved in preparing a Rule 30(b)(6) witness, such preparation would be futile because the witness would inevitably be precluded from testifying to anything learned from the attorney. Were this the rule, every Rule 30(b)(6) deposition in which an attorney was involved in preparing the witness would be doomed from the start."). To be sure, the line between questions about underlying facts and sources of information and ones that attempt to probe the mental impressions or thought processes of counsel may sometimes be fuzzy, but the risk that some protected information might be disclosed is outweighed by the need for discovery and the lack of any general prohibition against contention discovery. *Caesars Entertainment*, 237 F.R.D. at 434. Further, the Court is confident that the able attorneys in this case can walk the line, however indistinct it might be.

[10] As noted in the parties' joint notice of resolution (Docket No. 296), this issue was identified by the United States in Docket No. 271 as Issue No. 1 and by Methodist as Issue No. 2.

Requests for Admission

The disputed requests for admission will be resolved by separate order following the briefing schedule detailed in the Court's order of December 22, 2022. (Docket No. 297.)

Privilege Issues

The parties' disputes over Methodist's withholding of documents as privileged will, likewise, be resolved by separate order.

## Conclusion

In sum, the West Clinic's motion to quash (Docket No. 268) is GRANTED. Additionally, the motions for resolution of discovery disputes (Docket Nos. 271 and 273) are GRANTED, and the disputes are disposed of as discussed above.[11] Other than the remaining matters to be decided in connection with these last discovery disputes, discovery is closed in this case and no further discovery will be permitted.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[11] The parties must carefully review the prior discovery dispute statements and, if the Court has overlooked any unresolved disputed discovery issues, must promptly file a joint notice identifying any remaining issue or issues to be addressed by the Court.