| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., | ) ) ) ) | Case No.: 3:17-cv-00902 |
| Plaintiff-Relators, | ) ) | District Judge William L. Campbell, Jr. |
| v. | ) ) | |
| METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, | ) ) ) ) | Magistrate Judge Barbara D. Holmes |
| Defendants. | ) ) | |

### METHODIST'S MOTION TO DETERMINE SUFFICIENCY OF UNITED STATES' RESPONSES TO METHODIST'S REQUESTS FOR ADMISSION 7 & 8

This case relates to Methodist's affiliation with the West Clinic to create the West Cancer Center. The United States alleges that the affiliation violated the Anti-Kickback Statute ("AKS") and resulted in the submission of false claims in violation of the False Claims Act ("FCA"). (Dkt. No. 235, ("US Compl.").) The United States alleges that "the complicated structure was designed so that physicians and hospitals could align in a manner that would avoid regulatory issues" and that "the multi-agreement structure was a vehicle for kickbacks." (*Id.* at 38–39.)

Methodist denies the government's allegations regarding the structure and intent of the parties' affiliation. (*See* Dkt. No. 242.) As part of its defense, Methodist will show that, contrary to the government's allegations, the intent of the parties' affiliation was to promote the delivery of more efficient and better coordinated care through various innovations achieved through the parties' agreements. Accordingly, Methodist served Requests for Admission ("RFA") asking the United States to admit that CMS and HHS have proposed rules seeking to promote flexibility and innovations in the delivery of more efficient and better coordinated care, (RFA No. 7), and have

acknowledged a "compelling concern" that uncertainty and regulatory barriers could "prevent the best and most efficacious innovations from emerging and being tested in the marketplace," (RFA No. 8).

The United States has refused to admit or deny Methodist's RFA Nos. 7 and 8, contending (1) that the requests are not relevant, and (2) that the United States "has not considered such issues in connection with this litigation and is not under any obligation to do so." (*See* Dkt. No. 271-6 at 6–7.) Pursuant to the Court's Order, (Dkt. No. 297), Methodist files this motion under Fed. R. Civ. P. 36(a)(6) seeking that Methodist's RFA Nos. 7 and 8 be deemed admitted.

## I. The Requests Are Relevant.

"A party may serve on any other party a written request to admit…the truth of any matters within the scope of Rule 26(b)(1)…" Fed. R. Civ. P. 36(a)(1). Rule 26 allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Among the basic principles of discovery in federal cases is that Rule 26 is liberally construed to permit broad discovery." *Flexider USA Corp. v. Richmond*, 2021 WL 6496809, at \*4 (M.D. Tenn. Mar. 8, 2021) (Holmes, M.J.) (citing *Durand v. Hanover Ins. Group, Inc.*, 2016 WL 9458551, at \*2 (W.D. Ky. Oct. 27, 2016)).

The United States alleges that Methodist "willfully" violated the AKS and "knowingly" submitted false claims in violation of the FCA. A unanimously-recognized defense to allegations of knowing and willful conduct is that a defendant cannot "knowingly" submit a false claim if it acts within a reasonable interpretation of an ambiguous law where there is no official guidance to warn the defendant away from its interpretation.[1] The United States has already recognized in

---

[1] Multiple appellate courts have uniformly adopted this FCA defense. *See, e.g., U.S. ex rel. Olhausen v. Arriva Med., LLC*, 2022 WL 1203023, at \*2 (11th Cir. Apr. 22, 2022); *U.S. ex rel. Proctor v. Safeway, Inc.*, 30 F. 4th 649, 660 (7th Cir. 2022); *United States v. Allergan, Inc.*, 746

2

sworn interrogatory responses that there is no formal or informal guidance forbidding various modes of conduct that it alleges Methodist undertook in violation of the law. (*See* Dkt. No. 296-1 at 12–15.) An admission from the United States that relevant governing agencies have sought to promote flexibility and innovation, and that they have acknowledged a "compelling concern" about regulatory barriers preventing innovations in the marketplace, tends to show that the aims underlying Methodist's and West's affiliation are actually consistent with those that CMS itself has fostered and encouraged industry to pursue, and thus, there is no official governmental guidance to warn Methodist away from its interpretation of law, and it could not have knowingly and willfully violated and disregarded law. That the government is "struggling to understand what issue in this case this is relevant to" because "[i]t's certainly nothing we have brought up," (*See* Dkt. No. 299 at 87:22–24), does not justify refusing to respond to these requests.[2] RFA Nos. 7 and 8 are clearly relevant within the broad scope of Rule 26, and the Court should deem them admitted.

## II.   The Government's Response is Insufficient.

In addition to its unfounded relevance objection, the United States responds only that it "has not considered such issues in connection with this litigation and is not under any obligation

---

F. App'x 101, 109-10 (3d Cir. 2018); *U.S. ex rel. McGrath v. Microsemi Corp.*, 690 F. App'x 551, 552 (9th Cir. 2017); *U.S. ex rel. Donegan v. Anesthesia Assocs. of Kansas City, PC*, 833 F.3d 874, 880 (8th Cir. 2016); *U.S. ex rel. Purcell v. MWI Corp.*, 807 F.3d 281, 289 (D.C. Cir. 2015); *see also U.S. ex rel. Sheldon v. Allergan Sales, LLC*, 24 F.4th 340, 343-44 (4th Cir. 2022), *vacated and judgment aff'd by equally divided court*, 49 F.4th 873 (4th Cir. 2022).

[2] The test of relevancy does not simply concern whether the facts are relevant to the plaintiff's case, but also whether the facts are relevant to defendants' theory of the case. If so, relevancy is established. *See U.S. ex rel. Baker v. Cmty. Health Sys.*, 2012 WL 12294413, at *11(D.N.M. Aug. 31, 2012)(the "ultimate decision of what is relevant is not determined by [the government lawyer's] subjective assessment filtered through its own perception of self-interest" and noting defendants "are entitled to conduct discovery and present evidence regarding their theory of the case") (quoting *Goodman v. Praxair Servs. Inc.*, 632 F. Supp. 2d 494, 517 n. 12 (D. Md. 2009)).

to do so." (Dkt. No. 271-6 at 6–7.)  Rule 36 provides that "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).  Stating that the United States "has not considered such issues" is not a sufficient response under Rule 36.  *Henry v. Champlain Enterprises, Inc.*, 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("Rule 36 requires the responding party to make a reasonable inquiry, a reasonable effort to secure information that is readily obtainable from persons and documents within the responding party's relative control and to state fully those efforts.")

As the Court stated during the December 20 hearing, "either CMS and HHS have proposed rules that seek to promote flexibility and innovations or they haven't, and…either they did or did not acknowledge a compelling concern could prevent the best and most efficacious innovations from emerging in the marketplace." (Dkt. No. 299 at 84:10–20.)  The United States should be well-aware of these regulations and proposed rules.  Because the United States has refused to admit or deny them, Methodist's RFA Nos. 7 and 8 should be deemed admitted.

## III.  The Court Should Deem Methodist's Requests Admitted.

Under Rule 36, if the responding party serves an insufficient answer, for example, by failing to admit or deny the request as specified above, the requesting party may move to determine the sufficiency of an answer or objection, and "the court may order that the matter is admitted or that an amended answer be served."  Fed. R. Civ. P. 36(a).  Discovery in this case closed more than three months ago, and the United States should not be permitted to further amend its response now.  Instead, because the United States has failed to provide a sufficient response to Methodist's RFA Nos. 7 and 8 under Rule 36, the Court should deem that Methodist's RFA Nos. 7 and 8 are admitted.

4

Dated: January 6, 2023.

Respectfully submitted,

*/s/ Brian D. Roark*
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

Robert S. Salcido
(Admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4095
rsalcido@akingump.com

*Attorneys for Defendants Methodist Le
Bonheur Healthcare and Methodist Healthcare-
Memphis Hospitals*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following counsel via the Court's CM/ECF email notification system on this the 6th day of January, 2023:

Bryan A. Vroon
Law Offices of Bryan A. Vroon, LLC
1766 West Paces Ferry Road
Atlanta, GA 30327
(404) 441-9806
bryanvroon@gmail.com

Jerry E. Martin
Seth Marcus Hyatt
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

Edward D. Robertson , Jr.
Bartimus Frickleton Robertson Rader PC
109 B East High Street
Jefferson City, MO 65101
(573) 659-4454
crobertson@bflawfirm.com

Kara F. Sweet
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6598
kara.sweet@usdoj.gov

Wynn M. Shuford
U.S. Attorney's Office (Nashville)
719 Church Street
Suite 3300
Nashville, TN 37203
615-401-6601
Wynn.Shuford@usdoj.gov

*/s/ Brian D. Roark*

6