IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., <br><br> Plaintiff-Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, <br><br> Defendants. | Case No.: 3:17-cv-00902 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

**UNITED STATES' MOTION TO EXCLUDE METHODIST FROM INTRODUCING EVIDENCE OF AN UNASSERTED SAFE HARBOR AFFIRMATIVE DEFENSE**

Pursuant to Rules 402 and 403 of the Federal Rules of Evidence, the United States of America ("United States") submits this motion *in limine* to exclude Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals ("Methodist") from presenting any evidence regarding safe harbors to the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b ("AKS"), including the personal services and management contracts ("personal services") safe harbor in effect during the relevant time period, and any amendments thereto, found at 42 CFR § 1001.952(d). Methodist has not asserted any safe harbor as an affirmative defense in its Answer to this action. (ECF No. 242.) The United States does not intend to introduce any evidence regarding the safe harbors. Such evidence is not relevant to this action.

Although Methodist acknowledges that it has not asserted a safe harbor affirmative defense in this action, Methodist has filed motions seeking to determine the sufficiency of the United

States' responses to certain Requests For Admission that implicate the personal services safe harbor (ECF Nos. 301-303) (the "RFA Motions"). In the RFA Motions, Methodist advised the Court that it intends to introduce evidence relating to the safe harbors to defend this action, whether at summary judgment or trial. As safe harbors are not a defense, this evidence is not relevant. Further, it would be confusing and misleading to the jury and prejudicial to the United States if Methodist is permitted to introduce such safe harbor evidence when it is not asserting a safe harbor as an affirmative defense. Therefore, the United States seeks a ruling from the Court that Methodist cannot present evidence regarding the existence of safe harbors, including evidence identifying the specific elements of the personal services safe harbor, evidence that Methodist should not be liable for any AKS violation because it has satisfied any individual elements of the personal services safe harbor, evidence of any amendments to the personal services safe harbor, and evidence relating to any guidance, advisory opinions, proposed rule changes or amendments relating to the personal services safe harbor.

For the reasons set forth in more detail in the United States' accompanying Memorandum of Law in support of this motion and in the United States' responses to the RFA Motions, the Court should preclude Methodist from introducing such evidence.

In accordance with Local Rule 7.01(a), the United States conferred with Methodist in advance of filing this motion, and Methodist does not consent to the relief sought herein.

Dated: January 13, 2023

                                                  HENRY C. LEVENTIS
                                                  United States Attorney
                                                  Middle District of Tennessee

By:   s/ Kara F. Sweet
       KARA F. SWEET
       WYNN M. SHUFORD
       Assistant United States Attorney
       United States Attorney's Office
       719 Church Street, Suite 3300
       Nashville, TN 37203
       Phone: (615) 736-5151
       kara.sweet@usdoj.gov
       wynn.shuford@usdoj.gov

       *Counsel for the United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2023, a true and correct copy of the foregoing was served via email to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>Anna M. Grizzle<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: agrizzle@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | |

s/ Kara F. Sweet
KARA F. SWEET
Assistant United States Attorney