IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., <br><br> Plaintiff-Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, <br><br> Defendants. | Case No.: 3:17-cv-00902 <br><br> District Judge William L. Campbell, Jr. <br><br> Magistrate Judge Barbara D. Holmes |

**METHODIST'S RESPONSES TO UNITED STATES' FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS**

Under Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare – Memphis Hospitals (collectively, referred to as "Methodist") hereby respond to United States' First Request for the Production of Documents Directed to Defendants ("Requests").

**PRELIMINARY STATEMENT**

1. Methodist has produced nearly all of its documents responsive to United States' Requests for Production of Documents. To the extent it locates additional responsive documents, Methodist intends to make another production no later than July 29, 2022. If Methodist subsequently locates additional responsive documents, it will produce documents as soon as reasonably possible and will not interject unnecessary delays.

2. Methodist is willing to meet and confer regarding their responses to any of the Requests in an effort to determine a scope of discovery that is agreeable to both parties without need to raise discovery issues with the Court.

3. The production of documents in response to these Requests is not an admission or acknowledgement of the admissibility of any such document at any hearing or other proceeding. All objections as to the admissibility of any document are reserved.

4. As used herein, any statement that Methodist "will produce" documents, or the equivalent, means Methodist will conduct a reasonable search of the data sources defined in General Objection 1, *infra*, for the relevant time period and produce non-privileged, responsive documents.

5. A response to a particular Request shall not be interpreted as implying that responsive documents exist or that such information is relevant, material, admissible in evidence, proportional to the needs of the case, justified by the burden and expense of producing the information, or as a waiver of any applicable privilege.

6. To the extent United States' Requests for Production of Documents reference or rely upon Methodist's Reponses to any of Relators' previous Requests for Production of Documents or Interrogatories, Methodist hereby incorporates its previous objections to those requests into its Responses to United States' Requests for Production of Documents.

7. Methodist's specific responses to each Request are subject to the provisions of the Preliminary Statement set forth in this section. This Preliminary Statement is set forth here to avoid duplication and repetition of restating its provisions for each discovery response. This Preliminary Statement forms a part of each discovery response. Therefore, the absence of a reference to this Preliminary Statement in response to a particular Request does not constitute a waiver of any part of this Preliminary Statement with respect to that discovery request. All responses are made subject to and without waiver of Methodist's Preliminary Statement, General Objections, and/or the specific objections set forth in connection with each Request.

# **GENERAL OBJECTIONS**

1. Methodist objects to each Request for Production to the extent it is overly broad, unduly burdensome, seeks information that is not relevant to the claims or defenses of any party and is contrary to the proportionality requirement set forth in Fed. R. Civ. P. 26(b) or Methodist's discovery obligations under Fed. R. Civ. P. 34. Without limitation, this objection relates to the following terms as defined and used in the Requests for Production:

   a. "All." Methodist objects to responding to Requests for Production regarding "all" documents, "all" communications, or "all" documents in a particular category. A Request for Production inclusive of "all" documents, communications, or documents in a particular category contemplates an unreasonable and exhaustive search and unreasonable linear review of all documents and electronically stored information held by Methodist. For purposes of responding to all Requests for Production, Methodist will search the custodial and non-custodial data sources in Methodist's possession, custody, and control that are most likely to yield the relevant and responsive documents, in accordance with the proportionality standard set forth in Fed. R. Civ. P. 26(b).

   b. "Communication." United States' Requests for Production seek the production of "communications," which are defined to include "the transmittal of information of any kind, in any form and by any means." Methodist objects to responding to United States' Requests for Production that seek "communications" to the extent those Requests seek identification, description, or memorialization of communications, including oral communications, conversations, or meetings, beyond documents, electronically stored information, or tangible things currently in Methodist's possession, custody, or control.

2. Methodist objects to United States' Requests for Production seeking documents for the time period "from January 1, 2010 to the present." That time period both pre-dates and post-

3

dates the time period of the contractual affiliation between Methodist and West Clinic that forms the subject of the litigation.

3. Methodist objects to each Request for Production to the extent it requests information that is protected by the attorney-client privilege, the work product doctrine, and other applicable privileges and exceptions to discovery, and intends to redact or withhold such documents from production. The disclosure of information or production of any document is without waiver of any privilege or claim of confidentiality. In the event that any privileged information is disclosed or any privileged documents are produced by Methodist, the disclosure or production is inadvertent and is not intended to constitute a waiver of any privilege. Any privileged documents inadvertently produced shall be returned immediately to Methodist without review by the United States.

4. Methodist objects to each Request for Production to the extent it seeks information outside of its possession, custody, or control.

5. Methodist objects to each Request for Production to the extent it is cumulative or duplicative of any Request for Production within Relators' First, Second, or Third Requests for Production of Documents to Methodist. If a document is responsive to more than one Request for Production from United States or Relators, Methodist will not undertake to separately produce additional copies of that document. Methodist also is not obligated to re-produce or identify documents responsive to these Requests for Production that have been produced previously.

6. Methodist objects to each Request for Production to the extent it purports to impose any obligations on Methodist that exceed the scope of permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Tennessee, or orders entered by the Court in this matter. Methodist will respond to each Request consistent with its obligations under the applicable rules and the orders of the Court. Methodist

4

objects to the Requests for Production to the extent any Request purports to instruct Methodist to create and produce documents not in existence and/or not in Methodist's possession, custody, or control.

7. The specific objections to each Request for Production are in addition to the General Objections set forth in this section, and the General Objections are set forth here to avoid duplication and repetition of restating them for each discovery response. These General Objections form a part of each discovery response. Therefore, the absence of a reference to a General Objection in response to a particular Request for Production does not constitute a waiver of any General Objection with respect to that discovery request. All responses are made subject to and without waiver of the General Objections and specific objections set forth in each response.

8. Discovery in this matter is ongoing. The responses that follow are based on information now available to Methodist, and made upon a reasonable search and inquiry. Methodist reserves the right at any time to revise, supplement, correct, or clarify these responses and any objections in a manner consistent with the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1. All non-privileged documents, including ESI and text messages, concerning any allegations in the Complaint in Intervention that have not already been produced in this action.

**RESPONSE:** Methodist objects on the grounds that a Request for "all documents . . . concerning any allegations in the Complaint in Intervention" is overly broad, unduly burdensome, and not reasonably related to the claims in the United States' Complaint in Intervention (the "Complaint"). Methodist further objects to this Request to the extent it seeks to impose obligations on Methodist to collect and produce electronically stored information ("ESI") beyond the types of ESI that has been requested and produced in response to the United States' Civil Investigative Demand (the "CID") that was served in June 2018 and in response to Relators' First, Second, and Third Requests

for Production of Documents.

Subject to and without waiving the objections stated herein, Methodist has produced the non-privileged documents and communications, including ESI, located through reasonable searches in response to the CID and the 172 document requests served by Relators.

2. All policies that relate to Methodist's approval of the 2011 transactions entered into with West, ACORN, and any subsequent amendments thereto, including any compliance policies.

**RESPONSE:** Methodist objects to this Request on the grounds that it is vague and ambiguous with respect to policies that relate to Methodist's approval of the 2011 transactions.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged documents to the extent they exist and can be located through a reasonable search.

3. All non-privileged minutes, notes, drafts, and memoranda concerning Methodist's Board of Directors relating to (i) any agreement, relationship or transaction with West or ACORN or (ii) the United States' investigation in connection with this action.

**RESPONSE:** Methodist objects to this Request on the grounds that it is cumulative and duplicative of Relators' Requests for Production to Methodist. Methodist further objects to this Request to the extent it seeks documents related to the government's investigation after the CID was issued in June 2018. Such a Request is overly broad, unduly burdensome, and not relevant or reasonably related to the claims in the Complaint. Methodist will not produce such documents. Methodist further objects to this Request on the grounds that it seeks documents protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the objections stated herein, Methodist has produced responsive, non-privileged documents and communications.

4. All non-privileged documents of any Person tasked with internal compliance

concerning Methodist's transactions with West or ACORN.

**RESPONSE:** Methodist objects to this Request to the extent it asserts or implies that Methodist was required to "task" a person with "internal compliance" specifically related to Methodist's affiliation with West or its investment in ACORN. Methodist further objects to the phrases "tasked with internal compliance" and "Methodist's transactions" as vague and ambiguous. Methodist will interpret this Request as seeking documents related to Methodist's assessment of its affiliation with West or its investment in ACORN.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged documents and communications.

5. All documents concerning any audits, internal or external, about Methodist's investments, agreements or transactions of any form with West and ACORN, including support provided for the payments to West and investments in ACORN.

**RESPONSE:** Methodist objects to the undefined term "audit" as vague and ambiguous. Methodist will interpret "audit" to include both formal inspections and informal assessments of Methodist's affiliation with West and its investment in ACORN.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged documents and communications.

6. All non-privileged communications between Methodist and Foley & Lardner LLP ("Foley"), including any billing records.

**RESPONSE:** Methodist objects on the grounds that a Request for "all non-privileged communications" with a third party is overly broad, unduly burdensome, and not reasonably related to the claims in the Complaint.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged communications that are reasonably related to the claims

7

in the Complaint and can be located through a reasonable search.

7. All non-privileged documents received from or prepared by Foley.

**RESPONSE:** Methodist objects on the grounds that a Request for "all non-privileged documents" received from or prepared by a third party is overly broad, unduly burdensome, and not reasonably related to the claims in the Complaint. Methodist further objects to this Request on the grounds that it seeks documents outside Methodist's possession, custody, or control as it seeks "all documents" prepared by Foley.

Subject to and without waiving the objections stated herein, Methodist has produced responsive, non-privileged documents.

8. All communications from Pricewaterhouse Coopers concerning any proposed or consummated transaction, partnership or agreement of any form with West.

**RESPONSE:** Methodist objects to this Request to the extent it seeks documents or communications protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged communications.

9. All Medicare claims data of Methodist where West physicians are the referring or rendering providers.

**RESPONSE:** Methodist objects to this Request on the grounds that it is cumulative and duplicative of Relators' Requests for Production to Methodist. Methodist further objects to this Request on the grounds that data related to claims submitted to Medicare is in the possession of the United States. Methodist further objects to the undefined term "Medicare claims data" as vague and ambiguous. Methodist will interpret this Request to seek data related to claims submitted to Medicare for services provided in a Methodist facility where a West physician was affiliated with the claim as the attending, referring, consulting, or operating physician. Methodist

8

further objects to producing data outside the time period of January 1, 2011, to August 31, 2021 and will not do so.

Subject to and without waiving the objections stated herein, Methodist has produced responsive data.

10. Documents sufficient to show Methodist's profits and revenues as a result of any agreement with West, including from the 340B Discount Drug Program and patient referrals.

**RESPONSE:** Methodist objects to this Request on the grounds that it is cumulative and duplicative of Relators' Requests for Production to Methodist. Methodist further objects to the undefined terms "profits and revenues as a result of any agreement with West" and "patient referrals" as vague and ambiguous. Methodist will interpret this Request as seeking documents sufficient to show the profits and revenues of Methodist's adult oncology service line during the affiliation with West, including Medicare 340B Drug Pricing Program net benefit reports and documents sufficient to show revenues associated with services provided to patients whom West physicians referred to a Methodist facility.

Subject to and without waiving the objections stated herein, Methodist has produced responsive, non-privileged documents to the extent they exist.

11. Documents reflecting any agreements, arrangements or understandings between Methodist and West that would allow West to continue to operate out of locations that West sold to Methodist in 2011, including any agreements, arrangements or understandings regarding rent.

**RESPONSE:** Methodist objects to this Request as based on the false pretense that "West sold" "locations" to Methodist in 2011. Methodist will interpret this Request as seeking documents related to agreements, arrangements or understandings related to the Asset Purchase Agreement executed between Methodist and West.

Subject to and without waiving the objections stated herein, Methodist has produced or

9

will produce responsive, non-privileged documents and communications that can be located through a reasonable search.

12. Documents sufficient to show the source of the Cancer Mission Support Funds and any payments made from those funds from 2011 through 2019.

**RESPONSE:** Methodist objects to this Request on the grounds that it seeks documents outside its possession, custody, or control.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged documents.

13. Documents sufficient to show any payment of any kind from Methodist to West, including the date, the amount of and basis for the payment.

**RESPONSE:** Methodist Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not reasonably related to the claims in the Complaint because it seeks documents sufficient to show "any payment of any kind" from Methodist to West. Methodist further objects to this Request on the grounds that it is cumulative and duplicative of Relators' Requests for Production to Methodist.

Subject to and without waiving the objections stated herein, Methodist has produced responsive, non-privileged documents.

14. Documents sufficient to show all referrals from West providers to Methodist from January 1, 2010 through December 31, 2011.

**RESPONSE:** Methodist objects that the undefined term "referrals" is vague and ambiguous and that "West providers" are unidentified. Methodist will interpret this Request as seeking documents reflecting the number of patients whom providers employed by West referred to receive services at a Methodist facility from January 1, 2010 through December 31, 2011. Methodist further objects

to this Request on the grounds that it seeks documents that pre-date the contractual affiliation between Methodist and West that forms the subject of the litigation.

Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged documents to the extent they exist.

15. Documents sufficient to show all referrals from West providers to Methodist from March 1, 2019 to present.

**RESPONSE:** Methodist objects that the undefined term "referrals" is vague and ambiguous and that "West providers" are unidentified. Methodist will interpret this Request as seeking documents reflecting the number of patients whom providers employed by West referred to receive services at a Methodist facility from March 1, 2019 through June 27, 2022. Methodist further objects to this Request on the grounds that it seeks documents that post-date the contractual affiliation between Methodist and West that forms the subject of the litigation.

Subject to and without waiving the objections stated herein, Methodist will produce responsive, non-privileged documents to the extent they exist.

16. Documents sufficient to show the yearly wRVUs by provider that West submitted to Methodist during the entirety of the Professional Services Agreement.

**RESPONSE:** Methodist objects to this Request on the grounds that it is cumulative and duplicative of Relators' Requests for Production to Methodist.

Subject to and without waiving the objections stated herein, Methodist has produced responsive, non-privileged documents.

17. All documents that Methodist intends to rely on to defend the allegations in the Complaint in Intervention, including (i) any legal advice received; (ii) advisory or other opinions about the nature of the relationship between Methodist and West or payments Methodist made to West during the course of their relationship; and (ii) any information that Methodist has obtained

that prior Methodist management engaged in any transactions or agreements purportedly on behalf of Methodist that current Methodist management now may contend were outside the scope of such prior management's job duties and/or violative of the Anti-Kickback Statute.

**RESPONSE:** Methodist objects to this Request on the grounds that it seeks documents or communications protected by the attorney-client privilege or work product doctrine. Methodist further objects that the undefined term "advisory or other opinions" is vague and ambiguous. Methodist will interpret that term to mean advisory opinions or legal opinions issued by a court or government agency. Methodist further objects to this Request to the extent it asserts or implies that Methodist management engaged in any transactions or agreements that violated the Anti-Kickback Statute. Subject to and based on the objections stated herein, Methodist is not aware of any additional responsive, non-privileged documents in its possession, custody, or control and as such will not produce additional documents in response to this Request.

18. Documents concerning Methodist's ability to provide inpatient and outpatient care to adult oncology cancer patients at all Methodist locations prior to the 2011 agreement with West and following the termination of Methodist's relationship with West, including documents sufficient to show the number and names of providers engaging in the management services that Methodist contends West previously provided to Methodist and identifying all management services provided as set forth in the agreement with West.

**RESPONSE:** Methodist objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and not relevant or reasonably related to the claims in the Complaint because it seeks documents "concerning Methodist's ability to provide inpatient and outpatient care to adult oncology cancer patients at all Methodist locations" before and after Methodist's affiliation with West. Such a Request would require Methodist to produce all documents related in any way to the provision of services to cancer patients for two years before

the affiliation and more than three years after the affiliation. Methodist further objects to this Request on the grounds that it seeks documents that pre-date and post-date the contractual affiliation between Methodist and West that forms the subject of the litigation.

Subject to and without waiving the objections stated herein, Methodist has produced responsive documents related to its provision of inpatient and outpatient care to adult oncology cancer patients prior to its affiliation with West. Based on the objections stated herein, Methodist will not produce additional documents in response to this Request.

19. Documents Methodist relies on in responding to any interrogatories or requests for admission that the United States or Relators serve in this action.

**RESPONSE:** Subject to and without waiving the objections stated herein, Methodist has produced or will produce responsive, non-privileged documents.

Dated: July 27, 2022

Respectfully submitted,

*/s/ J. Taylor Chenery*
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
Bass, Berry & Sims PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

Robert Salcido
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, D.C. 20006
(202) 887-4095
rsalcido@akingump.com

13

*Attorneys for Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals*

# CERTIFICATE OF SERVICE

   I hereby certify that a true and exact copy of the foregoing has been served upon counsel via email on this the 27th day of July 2022:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1766 West Paces Ferry Road<br>Atlanta, GA 30327<br>(404) 441-9806<br>bryanvroon@gmail.com | Jerry E. Martin<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Philips Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>(615) 244-2202<br>jmartin@barrettjohnston.com<br>shyatt@barrettjohnston.com |
| Edward D. Robertson , Jr.<br>Bartimus Frickleton Robertson Rader, PC<br>109 B East High Street<br>Jefferson City, MO 65101<br>(573) 659-4454<br>crobertson@bflawfirm.com | Kara F. Sweet<br>U.S. Attorney's Office (Nashville Office)<br>Middle District of Tennessee<br>110 Ninth Avenue, S<br>Suite A961<br>Nashville, TN 37203-3870<br>(615) 401-6598<br>kara.sweet@usdoj.gov |
| Wynn M. Shuford<br>U.S. Attorney's Office (Nashville)<br>719 Church Street<br>Suite 3300<br>Nashville, TN 37203<br>615-401-6601<br>Wynn.Shuford@usdoj.gov | |

                    */s/ J. Taylor Chenery*