IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* )<br>JEFFREY H. LIEBMAN, and DAVID M. )<br>STERN, M.D. )<br>)<br>v. )<br>)<br>METHODIST LE BONHEUR HEALTHCARE, )<br>and METHODIST HEALTHCARE-MEMPHIS )<br>HOSPITALS ) | No. 3:17-cv-0902<br>Judge Campbell<br>Magistrate Judge Holmes |

# O R D E R

Pending before the Court are the motions of Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals (together, "Methodist") to determine the sufficiency of responses of the United States to requests for admission propounded by Methodist. (Docket Nos. 301, 302, and 303.) The United States filed responses in opposition to each motion. (Docket Nos. 304, 305, and 306.)[1]

For the reasons that follow, Methodist's motions (Docket Nos. 301, 302, and 303) to determine the sufficiency of the United States' responses to requests for admissions are GRANTED and resulting outcomes detailed below.

## Background

The underlying facts and circumstances and procedural history of this case and of the instant discovery disputes have also been discussed in exhaustive detail in prior filings, orders,

---

[1] The United States also filed related motions in limine to exclude Methodist from introducing certain evidence at trial, with supporting memoranda (Docket Nos. 307 through 310), which ostensibly relate to the admissions motions. To be clear, the Court has not considered the motions in limine for purposes of resolving the admissions motions. Similarly, nothing in this order should be construed or relied on as evidencing an opinion of the Court as to the merits of the motions in limine, which the District Judge will address in advance of trial as he determines appropriate.

and transcripts of in-court proceedings. Familiarity with this case is therefore presumed and only those underlying facts and procedural history necessary to give context to or explanation of the Court's ruling are recited here.

The subject of the instant dispute is responses by the United States to certain requests for admission propounded by Methodist. Specifically, the contested responses are to Requests for Admissions Nos. 3 and 5, Request for Admission No. 4, and Requests for Admissions Nos. 7 and 8:

> **REQUEST FOR ADMISSION NO. 3**:
> Admit that You have not identified any adverse impact on Methodist's patient outcomes due to the structure of the Affiliation Agreements.
>
> **RESPONSE:**
> The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action. The United States has not investigated whether there was an adverse impact on Methodist's patient outcomes and is not in possession of the information needed to make such a determination. However, the United States has identified a potential adverse impact on Methodist's competitors as a result of the Affiliation Agreements.
>
> Subject to and without waiving its objections, the United States does not have sufficient information to admit or deny this Request as it has not investigated whether there was any adverse impact on Methodist's patient outcomes in connection with this litigation and is not in possession of sufficient information to respond to this Request, and it is not under any obligation to consider the issue in connection with any determination that Methodist engaged in any wrongdoing as alleged in the Complaint in Intervention.
>
> **REQUEST FOR ADMISSION NO. 4**:
> Admit that You have not identified any rules, regulations, guidance, official publications, provider education materials, or reports that forbid any of the following:
>     a. Payment to a non-employee physician in an amount greater than his or her professional collections;

    b.     Payment of a non-employee physician on the basis of wRVUs under a professional services agreement;
    c.     The use of the market approach as a method to determine fair market value;
    d.     A market valuation approach that considers the overall revenue of a service line; e. Payment of management fees under a management services agreement without timesheets or other similar documentation;
    f.     Entering a payment arrangement outside a safe harbor if that arrangement otherwise satisfies the Anti-Kickback Statute.

**RESPONSE:**

The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action.

Subject to and without waiving its objections, the United States is not able to admit or deny this Request as it has not considered such issues in connection with this litigation and is not under any obligation to do so, as the United States has not asserted any claims concerning the subject matter of this Request.

**REQUEST FOR ADMISSION NO. 5**:

Admit that You have not identified any adverse patient outcomes that resulted from the comanagement of any Methodist patients' care by the West Cancer Center.

**RESPONSE:**

The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action. The United States has not investigated whether there was an adverse impact on Methodist's patient outcomes and is not in possession of the information needed to make such a determination.

Subject to and without waiving its objections, the United States does not have sufficient information to admit or deny this Request as it has not investigated whether there was any adverse impact on Methodist's patient outcomes in connection with this litigation and is not in possession of sufficient information to respond to this Request, and it is not under any obligation to consider the issue in connection with any determination that Methodist engaged in any wrongdoing as alleged in the Complaint in Intervention.

3

**REQUEST FOR ADMISSION NO. 7**:
Admit that CMS and HHS have proposed rules seeking to promote flexibility and innovations in the delivery or more efficient and better coordinated care.

**RESPONSE:**
The United States objects to this Request on the ground that it is vague and ambiguous and seeks information that is not relevant to any claim or defense in this action.

Subject to and without waiving its objections, the United States is not able to admit or deny this Request as it has not considered such issues in connection with this litigation and is not under any obligation to do so, as the United States has not asserted any claims concerning the subject matter of this Request.

**REQUEST FOR ADMISSION NO. 8**:
Admit that CMS and HHS have acknowledged a "compelling concern" that uncertainty and regulatory barriers could "prevent the best and most efficacious innovations from emerging and being tested in the marketplace."

**RESPONSE:**
The United States objects to this Request on the ground that it seeks information that is not relevant to any claim or defense in this action.

Subject to and without waiving its objections, the United States is not able to admit or deny this Request as it has not considered such issues in connection with this litigation and is not under any obligation to do so, as the United States has not asserted any claims concerning the subject matter of this Request.

*See* Docket No. 271 at 9-11 and 15-1, Docket No. 271-6, and Docket Nos. 301 through 306.

Methodist asserts that, as to RFA Nos. 3 and 5, the question of whether the structure of Methodist's affiliation with West Clinic to create the West Cancer and the co-management of the cancer center resulted in any adverse patient outcomes is directly relevant to the United States' claims that the affiliation was designed as a vehicle for kickbacks to disguise fraud through sham

4

agreements in violation of the Anti-Kickback Statute (the "AKS"). Methodist further argues that the United States cannot, under the plain language of the rules, answer a request for admission with reservation of objections.

The United States contends that the requests for admissions are generally objectionable because the requested information is not relevant within the meaning of Rule 26(b)(1).[2] Specifically, the United States asserts that when a request to admit seeks information about claims or defenses not at issue in the action, a relevance objection is proper. To that end, regarding RFA Nos. 3 and 5, the United States argues that absence of patient harm is not a defense to violating the AKS and that remuneration in return for a referral need only be one purpose of the purported scheme. Additionally, the United States asserts that it does not possess the information requested in RFA Nos. 3 and 5, that Methodist failed to disclose documents supporting any defense of lack of adverse patient outcomes, and that to require the United States to engage in further investigation would require reopening of discovery that is disproportionate to the needs of this case.

Regarding RFA No. 4, Methodist states that it "intends to show that the government has never issued any rules, regulations, guidance, official publications, provider education material, or reports forbidding the aspects of the West Cancer Center affiliation that the United States contends were unlawful." (Docket No. 302 at 1.) Methodist further argues that each of the topics described in RFA No. 4 is tailored to the United States' allegations in this case. (*Id*. at 2-3.) In response, the United States contends that the information requested in RFA No. 4 is not relevant. The United States further disputes that the RFA No. 4 tracks the allegations in the Complaint in Intervention and instead "seeks an admission based on Methodist's reformulated

---

[2] Unless otherwise noted, all referenced to rules are to the Federal Rules of Civil Procedure.

and self-serving incorrect view of the United States' claims – and not what the United States is actually asserting." (Docket No. 305 at 3.)

As to the remaining disputed requests for admission, Methodist contends it will show that, contrary to the United States' allegations that the affiliation between Methodist and West was to avoid regulatory issues by creating a vehicle for kickbacks, the intent was rather "to provide more efficient and better coordinated care through various innovations achieved through the parties' agreements" (Docket No. 303 at 1), which, as solicited in RFA Nos. 7 and 8, is consistent with rules proposed by CMS and HHS. The United States asserts that the statements it is asked to admit or deny in RFA Nos. 7 and 8 are inapplicable to the instant litigation because Methodist has not asserted any safe harbor affirmative defense and because the requests for admissions are incorrect paraphrases by Methodist of published statements.

**Legal Standards**

Although the rule governing requests for admission is found in the discovery rules, the purpose of requests for admissions generally is not to discover additional information about the subject of the requests, but to eliminate contested issues from a case prior to trial and to avoid including extraneous evidence regarding issues not in dispute that can be developed by the process provided for in Rule 36. *Turner v. Liberty Nat'l Life Ins. Co.*, No. 3-06-0639, 2007 WL 9782981, at *2 (M.D. Tenn. July 11, 2007) (citing *Hurt v. Coyne Cylinder Company,* 124 F.R.D. 614 (W.D.Tenn.1989)). Rule 36(a)(4) governs answers to requests for admission and provides that

> [i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may

> assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4). If the answering party objects to the request for admission, the grounds for objection must be stated and cannot rest solely on the ground that the request presents a genuine issue for trial. Fed. R. Civ. P. 36(a)(5). A party responding to a request for admission may admit what it can, deny what is disputed, and object to those propositions that are not appropriate topics for requests for admission. *Hill v. Lappin*, 2012 WL 2049570, at *5 (M.D. Penn. June 6, 2012). However, that kind of answer must clearly delineate each part of the request for admission to which each part of the answer relates. A general, boilerplate objection cannot be followed by a "without waiving" admission because "the rule does not allow a party to qualify an admission by making it subject to an objection." *CHU de Quebec -Universite Laval v. DreamScape Develop. Grp. Holdings, Inc.*, 2022 WL 1719405, at *9 (E.D. Tex. May 27, 2022); *see also April Horse Transp., Inc. v. Prestige Delivery Syst., Inc.*, 2015 WL 4068457, at *2 (W.D. Ky. July 2, 2015) (same).

The requesting party may file a motion under Rule 36(a)(6) "to determine the sufficiency of an answer or objection." Fed. R. Civ. P. 36(a)(6). If the court finds that the answering party's objection is unjustified, the court must order that an answer be served. *Id.* If the court finds that the answer does not comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." *Id.*

## Analysis

The Court finds that the information sought by Methodist in each of the subject requests for admission is relevant. The scope of Rule 36 expressly tracks the scope of Rule 26(b)(1).

7

Fed. R. Civ. P. 36(a)(1) ("A party may serve on any other party a written request to admit … the truth of any matters within the scope of Rule 26(b)(1) …"). In general, the scope of Rule 26(b)(1) extends to nonprivileged information that is relevant to any party's claim or defense "if proportional to the needs of the case" regardless of whether the information sought is admissible. Fed. R. Civ. P. 26(b)(1). Among the basic principles of application of Rule 26 in federal cases is that the rule is liberally and broadly construed. *Durand v. Hanover Ins. Group, Inc.*, No. 3:07-cv-00130, 2016 WL 9458551, at *2 (W.D. Ky. Oct. 27, 2016). Ultimately, the scope of Rule 26(b)(1) is within the broad discretion of the trial court. *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (internal citation omitted).

Information that relates to dismissed or stricken claims is generally not relevant under Rule 26(b)(1). *See e.g. Atlas Industrial Contractors LLC v. In2Gro Technologies LLC*, No. 2:19-cv-2705, 2020 WL 1815718, at *4 (S.D. Ohio Apr. 10, 2020) (responding party not required to produce subpoenaed documents related to dismissed claims because not relevant). However, the Court declines to determine the ultimate viability of any claims or defenses in the context here of what is essentially a dispute about the scope of Rule 26(b)(1). *See e.g. United States ex rel. Goodman v. Arriva Med., LLC*, 471 F. Supp. 3d 830, 842 n.3 (M.D. Tenn. 2020) (magistrate judge properly declined to rule on potentially outcome dispositive issues in resolution of discovery dispute). For that reason, the Court finds that the United States' reliance on *Tolson v. Washburn*, is misplaced because in that case the subject of the plaintiff's request for admission was a claim that had been dismissed by the Court. No. 3:19-cv-00175, 2022 WL 1479945, at *5

(M.D. Tenn. May 10, 2022). In contrast here, the United States asserts that various claims or defenses are not at issue simply because the United States says so.[3]

Further, the Court finds that the United States' answers that it does not have sufficient information to admit or deny the contested requests for admission or that it is unable to admit or deny, which is essentially a lack of information response, do not comply with the plain directive of Rule 36, which requires that any such answer may be asserted "only if the [answering] party states that it has made reasonable inquiry and that it knows or can readily obtain is insufficient to enable it to admit or deny."[4] Fed. R. Civ. P. 36(a)(3). As an additional general matter, the Court holds that the United States' stated reservation of objections to requests for admission are improper and therefore meaningless. Unlike the discovery rules, Rule 36 does not allow a party to qualify an admission by making it subject to an objection.

### Requests for Admission Nos. 3 and 5

Regarding RFA Nos. 3 and 5, the Court overrules the United States' objection on relevance grounds. The extent to which patient outcomes are properly considered in determining liability, including under the AKS, is a merits issue beyond the scope of a discovery dispute. The Court finds that the information requested in RFA Nos. 3 and 5 is relevant under the broad reach of Rule 26(b)(1) and therefore a permissible topic of inquiry under Rule 36(a)(1).

Applying the standards found in Rule 36(a)(6), the Court overrules the objections as either improper or unsupported and further finds that the United States' answer to RFA No. 3

---

[3] The Court recognizes that the United States argues that Methodist has not raised affirmative defenses to which the requests for admission would have some relevance. But, again, the question of whether an affirmative defense was properly raised is a dispositive issue that the Court will not address in this context.

[4] Similar to the United States' unilateral determination of the viability of claims and defenses, the United States' qualifications to its answers that it is not under any obligation to consider the issues implicated by the requests are unilateral, self-serving, and improper determinations by a party of its obligations under Rule 36.

does not comply with the rule.⁵ Accordingly, the Court deems RFA No. 3 admitted by the United States to the following extent:

> The United States has not investigated whether there was an adverse impact on Methodist's patient outcomes. However, the United States has identified a potential adverse impact on Methodist's competitors as a result of the Affiliation Agreements.

Similarly, for the reasons discussed above, the Court overrules the United States' objections to RFA No. 5 and finds that the United States' answer does not comply with Rule 36(a)(4). As permitted by Rule 36(a)(6), the Court deems RFA No. 5 admitted.⁶

**Request for Admission No. 4**

The Court overrules the United States' objection to Request for Admission No. 4 on relevance grounds. The requested information is, for purposes of Rule 36, directly relevant to allegations made by the United States in the Complaint in Intervention and expanded on in discovery responses. Specifically, the Court has reviewed the complaint allegations and the United States' discovery responses identified in Methodist's motion (Docket No. 302 at 2-3) and, contrary to the United States' assertions, finds Methodist's descriptions to be largely accurate statements. Further, for the reasons discussed above, the Court finds that the United States'

---

⁵ Under the language of Rule 36(a)(6), a determination that the objection is unjustified would ordinarily require the Court to direct the United States to answer the request for admission. However, Rule 36(a)(6) further provides that "[o]n finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Because the Court, overall, finds that the United States' answers to the contested requests for admission do not comply with Rule 36, and based on the entirety of the circumstances, the Court elects to apply that permitted outcome.

⁶ As already stated, perhaps *ad nauseam*, in ruling on the instant motions, the Court makes no determination of the merits issues raised by the United States, nor of the use or exclusion of the admissions for trial purposes.

answer does not comply with Rule 36(a)(4). Request for Admission No. 4 is therefore deemed admitted.[7]

**Requests for Admission Nos. 7 and 8**

The Court also overrules the United States' objections to Requests for Admission Nos. 7 and 8 on relevance grounds. The requested information is, for purposes of Rule 36, directly relevant to issues in this case.

Similarly, the Court overrules the United States' objection that Request No. 7 is vague and ambiguous. While it is correct that Methodist could have included temporal or other definitions in the request, the Court does not find any ambiguity or vagueness that would prevent the United States from answering. Rule 36(a)(4) allows a party to qualify its answer. The United States could have admitted the request with the qualifications detailed in the United States' response to Methodist's motion. (Docket No. 306.) However, the United States clearly elected to not avail itself of the provisions of Rule 36(a)(4).

For the reasons discussed above, the Court finds that the United States' answers do not comply with Rule 36(a)(4). Request for Admission No. 7 and 8 are therefore deemed admitted.[8]

## Conclusion

For all these reasons, Methodist's motions to determine the sufficiency of the United States' responses to requests for admissions (Docket Nos. 301, 302, and 303) are GRANTED. The Court deems RFA No. 3 admitted to the following extent:

> The United States has not investigated whether there was an adverse impact on Methodist's patient outcomes. However, the

---

[7] See n.6.
[8] See n.6.

United States has identified a potential adverse impact on Methodist's competitors as a result of the Affiliation Agreements.

Further, the Court deems RFA Nos. 4, 5, 7, and 8 admitted.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

!