IN THE UNITED STATES COURT

OF APPEALS FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA ex rel.

JEFFREY H. LIEBMAN and DAVID

STERN, M.D., Relators

Case No. 3:17-CV-00902

vs

METHODIST LE BONHEUR

HEALTHCARE and METHODIST

HEALTHCARE-MEMPHIS

HOSPITALS

Defendants.

Proposed

Plaintiff Intervenor

**PROPOSED INTERVENORS APPEAL TO THE DISTRICT COURTS SEVENTH CASE MANAGEMENT ORDER, THE COURTS ORDER ON 1/20/23, RESPONSE TO THE DEFENDANTS' OPPOSITION TO INTERVENTION & THE UNITED STATES MEMORANDUM OF LAW**

# INTRODUCTION

- The defendant's opposition to my intervention filed on 12/16/22 Docket # 295 highlights the need for my intervention.

- The Court's Seven Case Management Order filed on 12/22/23 Docket # 298 not permitting additional parties highlights the need for my intervention.

- The United States Memorandum of Law filed on 1/13/23 Docket # 310 regarding the defendant's intent to use cancer care delivery as "part of its defense" highlights the need for my intervention.

- The Courts Order on 1/20/23 Docket # 312 regarding adverse patient outcomes and the disguise of the fraud highlights the need for my intervention.

- The United States potential identification of an adverse impact on Methodist's competitors as a result of the Affiliation Agreements in Docket # 312 highlights the need for my intervention.

*First,* Entitlement to intervene in this case is a matter of right under Federal Rule of Civil Procedure 24(a)(2) and 24(b)(1)(B). Intervention is particularly necessary given that I am a victim of the Methodist and West Clinic fraud.

The Supreme Court resolved a circuit split in Town of Chester, N.Y. v. Laroe Estates, Inc., by holding that an intervenor of right must establish Article III standing, which requires the intervenor to show that:

- The intervenor suffered an injury in fact.
- The injury in fact is traceable to the challenged conduct of the defendant.
- The injury in fact is likely to be redressed by a favorable judicial decision.

All three requirements are satisfied.

*Second,* allowing intervention is necessary as a relator as I obtain evidence in my possession of the fraud and a conspiracy to cover up the fraud. Documentary evidence will prove a claim against the transaction that is subject of the action and support intervention as of right. My identity was used in schemes to defraud CMS, CMS's Innovation Center & Blue Cross Blue Shield of Tennessee.

- My family and I have been targeted and victimized by the defendants. Threats, intimidation, witness tampering, and obstruction of justice have been perpetrated by the defendants, their agents, other parties, and individuals to dissuade the pursuit of justice. A conspiracy to cover up the fraud is being perpetrated. 32 U.S.C Section (a)(1)(C) of the False Claims Act makes all parties responsible for the conspiracy jointly and severally liable for the entire amount of the false claim.

*Thirdly*, Documentary evidence in my possession will prove a conspiracy is being perpetrated against me and my family to cover up the fraud. I have important and special interest that relate to the subject of this action. The emotional distress and financial frauds have caused special damages.

## FACTUAL BACKGROUND

- I was diagnosed with breast cancer in Memphis, Tennessee and became a patient of Methodist Healthcare and West Clinic. After a biopsy was ordered, surgery and radiation were recommended. I opted for surgery and radiation. After being told I was cured, I was asked by the staff to ring a bell located in the clinic, signifying that I was cancer free. After ringing the bell, I was asked to go to the appointment counter for what I thought was a follow up checkup. However, the staff informed me that I was scheduled to see Dr. Lee Schwartzberg for chemotherapy treatment. As part of the fraud Dr. Schwartzberg inserted himself into my case for unnecessary chemotherapy. Also, as part of the fraud Dr. Lee Schwartzberg prescribed (Anastrozole) for active cancer and used my identity to trigger a care plan to commit fraud against CMS, CMS's Innovation Center, and Blue Cross Blue Shield of Tennessee.
**Exhibits (1, 2 & 3)**

- While being a patient of Methodist Healthcare and West Clinic I discovered discrepancies on my Medicare statements.

- The internet and technology have been used to commit the fraud. My identity was transferred to disparate systems as part of the schemes to perpetrate the fraud and caused individual injury.

- Simply put, the use of my identity by the defendants to commit fraud proves substantial interest in the lawsuit and Article III standing against the transaction. Intervention as of Right should be granted.

- Documentary evidence in my possession will prove a claim against the transaction. I have special interest and damages related to the fraud and conspiracy.

## CLAIM FOR RELIEF

- Plaintiff-Intervenor a "person within the jurisdiction of the United States."

- Defendants, their agents, employees, and vendors created a scheme to defraud Plaintiff-Intervenor.

- Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff-Intervenor's Identity, Healthcare and Mental Well Being.

- Defendants, their agents, employees and/or vendors took material adverse actions against the Plaintiff-Intervenor by knowingly transferring identification for unlawful use. The use of my identity and the fraud committed against me has caused emotional distress and financial injury.

- Plaintiff-Intervenor demands relator standing and 10% of the bounty.

## ARGUMENT

This Court Has Jurisdiction Over the District Court and this Court should grant my motion to intervene as of right to allow me to represent my special interest with all the same rights as a party to the lawsuit.

## CONCLUSION

For the reasons stated above, I respectfully request that the Court grant the motion to intervene and relator standing as a matter of right.

Respectfully submitted.

Mary Page

Proposed Intervenor

