IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., <br><br>Plaintiff-Relators, <br><br>v. <br><br>METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE- MEMPHIS HOSPITALS, <br><br>Defendants. | Case No. 3:17-cv-00902 <br> Judge Campbell <br> Magistrate Judge Holmes |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are a Joint Motion for Discovery Conference (Docket No. 333) and a Joint Discovery Dispute Statement (Docket No. 334) filed by Methodist Le Bonheur Healthcare and Methodist Healthcare – Memphis Hospitals (collectively, "Methodist") and the United States.

For the reasons that follow, the Joint Motion for Discovery Conference (Docket No. 333) is DENIED to the extent of the Court's finding that a discovery conference is not necessary to rule on the issues detailed in the Joint Discovery Dispute Statement (Docket No. 334), which are decided as detailed below.

### I. BACKGROUND

Familiarity with this case is presumed and only the background necessary to give context to or explain the Court's ruling is recited. The present dispute concerns discovery that has previously been at issue – Methodist's RFP Nos. 26 and 27 and Topic 1 in Methodist's 30(b)(6) Notice of Deposition. After exchanging revised discovery requests and deposition notices,

supplemental responses, and additional document productions, and after meeting in person and exchanging written emails and letters in a good faith effort to resolve their disputes, Methodist and the United States again find themselves at an impasse and have asked the Court to resolve their disputes.

Previously, the parties filed two joint motions for discovery conferences (Docket Nos. 270, 272) and two corresponding joint discovery dispute statements (Docket Nos. 271, 273) in which they sought the Court's ruling on whether: (1) the United States' responses to Methodists' RFP Nos. 26 and 27 were sufficient (Docket No. 271 at 2, 8–9, 14–15), and (2) the United States' response to Topic No. 1 in Methodist's 30(b)(6) Notice of Deposition was appropriate (Docket No. 273 at 2, 4–5, 6–7), among other issues.

The Court held an in person hearing on December 20, 2022 during which the undersigned made certain rulings in open court. (Docket No. 299.) With respect to RFP Nos. 26 and 27, the Court stated:

> I do find that it's relevant. I don't find that the presentations themselves are necessarily relevant, but that's not what's requested in these requests for productions. These requests for productions seek . . . documents or communications between or among these specifically identified governmental agencies regarding those presentations, and I do find that it's relevant.
>
> * * *
>
> This is going to be the Court's ruling: that the government must search the terms and custodians based on discussions with West regarding Foley presentations as described by Mr. Solinger today and produce responsive documents.

(*Id.* at 49:11–17, 60:7–11.) With respect to Topic 1 in Methodist's 30(b)(6) Notice of Deposition, the Court stated:

> I'm going to allow Methodist to make an inquiry about RFPs No. 26 and 27. And you [the United States] find your best witness . . . I am going to allow topic No. 1.
>
> * * *

2

> I am going to allow Methodist to include an area of inquiry, but I want you to revise the topic, Mr. Roark [counsel for Methodist]. I want you to send an updated Rule 30(b)(6) notice with the revised topics to conform to the ruling today, that it's limited to all steps taken to search for and collect documents that are responsive to document request No. 26 and document request No. 27 with the additional temporal limitations that you've also described today . . . 2011 through 2018 prior to the litigation.
>
> * * *
>
> Once you [the United States] produce the documents, if those are satisfactory and the answer is satisfactory, then I'm going to expect that Mr. Roark [counsel for Methodist], as an officer of the court, will be reasonable and not continue to pursue that as an area of inquiry in a Rule 30(b)(6) motion.

(*Id.* at 51:25–52:11, 61:15–24, 62:21–25.) The Court then issued a written order on January 4, 2023, which stated, in pertinent part:

> Regarding Methodist RFPs 26 and 27, and the Rule 30(b)(6) topics that refer to those RFPs, and as discussed during the discovery conference, *see* Docket No. 299 at 42-62, Methodist must serve a revised Rule 30(b)(6) in conformity with the narrowed requests as defined in open court. Further, the United States must also provide supplemental responses to [RFPs] Nos. 26 and 27 to confirm that it has produced all non-privileged documents responsive to the narrowed requests as defined in open court.

(Docket No. 300 at 8–9.) The Court set a deadline of January 13, 2023 for the United States to produce these supplemental responses. (*Id.* at 9 n.7.)

Methodist now contends that the United States did not comply with this Court's December 20, 2022 and January 4, 2023 orders because the United States improperly limited the number of custodians and categories of custodians when conducting searches for documents that are responsive to Methodist's RFP Nos. 26 and 27 and because the United States declined to produce a witness to testify about Topic 1 in Methodist's Rule 30(b)(6) Notice of Deposition. (Docket No. 334 at 10–12.) Methodist argues that these failures necessitate sanctions under Rule 37(b)(2), including an adverse inference and an award of Methodist's fees and expenses. (*Id.* at 12–13.)

3

In response, the United States argues that it entered into a stipulation, which relieved it from its obligation to produce documents in response to Methodist's RFP Nos. 26 and 27. (*Id.* at 13–14.) The United States further contends that it has complied with the Court's orders because it conducted searches of documents from all obligatory custodians and used reasonable search terms. (*Id.* at 14–15.) It argues that its reasonable searches of the identified custodians obviated the requirement that it produce a witness to testify about Topic 1 in Methodist's Rule 30(b)(6) Notice of Deposition. (*Id.* at 16.) Accordingly, the United States asserts that sanctions under Rule 37(b)(2) are not warranted. (*Id.* at 16–17.)

## II. ANALYSIS

### A. Legal Standard

Parties are generally allowed to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Although Rule 26 permits a broad search for information that need not be admissible to be discoverable, determining whether something is "proportional" to the needs of a particular case requires consideration of "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id*. It is "well established that the scope of discovery is within the sound discretion of the trial court." *In re Flint Water Cases*, 960 F.3d 820, 826 (6th Cir. 2020) (quoting *Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988)).

Despite the breadth of discovery, the trial court is directed to prevent the production of information that falls outside the scope described in Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(iii). Generally, the party seeking discovery is obliged to demonstrate relevance. When the information

4

sought appears to be relevant, "the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case," *Allgood v Baptist Mem. Med. Grp., Inc.*, No. 19-2323-JTF-tmp, 2020 WL 86455, *1 (W.D. Tenn. Jan. 7, 2020) (internal citations omitted), or to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015).

Methodist seeks discovery sanctions – in particular, an adverse inference jury instruction and the payment of its reasonable expenses, including attorney's fees – pursuant to Rule 37(b)(2)(A), which authorizes the imposition of sanctions for failure to comply with a court's discovery order. Fed. R. Civ. P. 37(b)(2)(A). "The purpose of imposing sanctions is to assure both future compliance with the discovery rules and to punish past discovery failures, as well as to compensate a party for expenses incurred due to another party's failure to properly allow discovery." *Jackson v. Nissan Motor Corp.*, 888 F.2d 1391 (6th Cir. 1989) (quotation omitted). Rule 37(b)(2)(A) provides discretionary sanctions if a party fails to obey a discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii). Instead of or in addition to the discretionary sanctions of Rule 37(b)(2)(A), under Rule 37(b)(2)(C), a court must order a disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery orders "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). "In the Sixth Circuit, a court generally need not make a finding of bad faith before sanctioning a party under Rule 37[(b)]." *Fausz v. NPAS, Inc.*, No. 3:15-cv-00145-CRS-DW, 2017 WL 1227943, at *3 (W.D. Ky. Mar. 31, 2017) (citing *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003)).

5

The district court has "broad discretion" to permit the jury to make an adverse inference, which is "an inference that 'the party fears [producing the evidence]; and this fear is some evidence that the circumstance or document or witness, if brought, would have exposed facts unfavorable to the party." *Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013) (quoting *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)). *See Adkins v. Wolever*, 554 F.3d 650, 651 (6th Cir. 2009) (en banc); *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 554 (6th Cir. 2010).

**B.      Issues in Dispute**

As a preliminary matter, the Court finds that a discovery conference is not necessary to resolve the issues that are in dispute in the joint discovery statement. This finding is based on the arguments made by the parties in the joint discovery dispute statement, the Court's familiarity with this matter, the Court's prior findings with respect to disputes regarding the discovery requests at issue, the posture of the current case management schedule and plan,[1] and, importantly, the Court's obligation to timely and effectively fulfill its obligation to all other litigants to administer justice promptly and adequately. Further, given the Court's calendar and other pending matters and hearings, the Court finds that foregoing a discovery hearing and providing the parties with a written order is the best and most efficient use of judicial resources to provide a timely resolution and avoid further delay.

As an additional preliminary matter, the Court finds the United States' approach to discovery in this case to stand in stark contradiction to the express representations and assurances that it made to this Court when seeking to intervene. As detailed in the Court's prior order, discovery was near its end when the United States was permitted to intervene. (Docket No. 300 at

---

[1] Deadlines for fact discovery, the disclosure and deposition of experts, and the filing of dispositive motions have all passed. (Docket No. 298 at 2–3.) Trial in this matter is set for November 7, 2023. (*Id.* at 3.)

6

7.) The United States assured the Court that it would "litigate this [case] as quickly as possible." (Docket No. 234 at 17:15–16.) Despite these promises, the Court finds the United States has failed to timely and satisfactorily cooperate in discovery and has, instead, unnecessarily prolonged and increased the cost of discovery in this case.[2]

1. **Requests for Production Nos. 26 and 27**

The parties dispute whether the United States' responses to RFP Nos. 26 and 27 comply with this Court's December 20, 2022 and January 4, 2023 orders. In essence, the parties dispute the scope of the Court's orders with respect to RFP Nos. 26 and 27. Methodist reads the Court's orders broadly to require the United States to produce, at a minimum and as a starting point, responsive documents from seven custodians identified during prior discussions between counsel for The West Clinic and the United States. The United States, however, reads the Court's orders narrowly to require it to produce documents from *only* those seven custodians and no others.

The RFPs, which Methodist served on June 15, 2022, and supplemental objections and responses, which the United States served on January 13, 2023,[3] state:

RFP No. 26

Produce all documents and communications between or among DOJ, HHS-OIG, CMS, and/or any of their contractors regarding any presentation, conference, seminar, meeting, or event in which any individual or group, including Michael Blau or any other attorney from Foley & Lardner LLP, presented or offered remarks on physician-hospital alignment or integration, including the use of professional services agreements, co-management models, management services agreements, asset purchases, provider-based conversion, or leased employees.

---

[2] The Court recognizes that the discovery at issue is discovery propounded by Methodist to the United States, not the other way around. Nevertheless, for the reason already stated in this and other orders, the Court finds the discovery to be relevant and the kind of information that the United States should already have been compiling and reviewing in its initial investigation of and due diligence in this case.

[3] The United States served its original responses to these RFPs on July 15, 2022 (Docket No. 334 at 3) and first supplemented its responses on August 22, 2022 (Docket No. 271-4 at 17–18).
7

RFP No. 27

Produce all communications between any third party (including any healthcare provider) and DOJ, HHS-OIG, CMS, and/or any of their contractors regarding any presentation, conference, seminar, meeting, or event in which any individual or group, including Michael Blau or any other attorney from Foley & Lardner LLP, presented or offered remarks on physician-hospital alignment or integration, including the use of professional services agreements, co-management models, management services agreements, asset purchases, provider-based conversion, or leased employees.

Response to RFP Nos. 26 and 27[4]

The United States stipulates that it will not rely on presentations made by Michael Blau or any attorney from Foley & Lardner LLP in support of its claims in this action. The United States also will not introduce evidence that Methodist relied on the advice of any counsel in connection with any conduct at issue in this action. Therefore, in accordance with the Court's directives and Methodist's representations during the December 20, 2022 hearing in this action, no response is required.

(Docket No. 334-6 at 17–18.)

In short, Methodist seeks the production of documents and communications regarding presentations that attorneys from Foley & Lardner LLP (or any other persons or groups) made on "physician-hospital alignment or integration." Methodist requested that the United States produce both internal documents from persons within various departments of the federal government, including "DOJ, HHS-OIG, CMS" and any contractors, as well as external documents between persons at those departments and third parties. In response, the United States does not object or state whether it produced documents, but rather provides a stipulation that it will not rely on presentations made by a particular attorney or law firm or the defense of advice of counsel to support its claims.

---

[4] The United States' responses to the RFP Nos. 26 and 27 are identical.

With respect to custodians, during the December 20, 2022 hearing, the parties discussed identifying people who would have documents responsive to RFP Nos. 26 and 27. The Court agreed with counsel for Methodist that it is typically the responding party who first identifies custodians. (Docket No. 299 at 54:19–55:2.) Counsel for The West Clinic, Andrew Solinger, provided the Court with information regarding prior conversations in which the United States had been made aware of potential custodians:

> So as counsel for West, and Foley Lardner was prior counsel for West, this specific issue came up in discussions with the United States. And prior counsel at Main Justice in the United States, who we understand has since retired, but Ms. Sweet was on those calls when these specific presentations were discussed and specific employees at the Department of Justice were discussed; specific people at HHS, OIG, who were present at these presentations were discussed. So I actually don't think that it is that onerous, at least from a starting point, to identify individuals because there have already been presentations that we've made to them about people that we know were present at these presentations based on publicly available information. So at least as a starting point, there should be information that the United States has that they received from us, from a PowerPoint presentation we made to them, about individuals that were present at these presentations.

(Docket No. 299 at 56:19–57:11.) After additional discussion between counsel, the Court ruled that the United States "must search the terms and custodians based on discussions with West regarding Foley presentations as described by Mr. Solinger today and produce responsive documents." (*Id.* 60:8–11.)

Following the hearing, the parties had additional discussions regarding custodians and search terms. The United States proposed to search five custodians – three from HHS-OIG and two from DOJ – and offered to search for particular terms. (Docket No. 334 at 7.) Methodist agreed to those five custodians; proposed two more custodians; asked the United States to propose additional custodians from DOJ, CMS, and contractors; and asked the United States to expand the search terms. (Docket No. 334-7.) The United States then produced documents, which were based

on a search of the seven custodians, but not of any other custodians from CMS or otherwise and not based on the additional proposed search terms. (Docket No. 334 at 9.)

The Court finds that the United States has not complied with this Court's orders with respect to RFP Nos. 26 and 27. The Court has already found that the requests are relevant. (Docket No. 299 at 49:11–18 ("Well, I do find that it's relevant. . . . These requests for productions seek . . . documents or communications between or among these specifically identified governmental agencies regarding those presentations, and I do find that it's relevant.").) With this finding of relevancy, the burden then shifts to the United States either to show why the requested discovery is not proportional to the needs of the case or to provide evidence of the potential for undue burden or harm to overcome the presumption of broad disclosure. *See Allgood*, 2020 WL 86455 at *1; *O'Malley*, 311 F.R.D. at 463. The Court finds that the United States has not met its burden.

First, the Court finds that the stipulation offered by the United States in response to the requests at issue does not alleviate it from producing responsive documents. The stipulation that is offered is narrow and confined to presentations from one attorney, Michael Blau, and one law firm, Foley & Lardner LLP. The requests, however, seek a broader range of documents regarding presentations in which "any individual or group, *including* Michael Blau or any other attorney from Foley & Lardner LLP, presented or offered remarks on physician-hospital alignment or integration." (Docket No. 334-6 at 17–18 (emphasis added).) In other words, the United States' stipulation only addresses a portion of the requests.

In addition, the Court is unsure of the United States' exact position on its discovery obligations with respect to these requests. The United States seems to be making two contradictory arguments: first, that its stipulation relieves it of its obligation to produce *any* responsive documents, and second, that the Court's orders require it to produce *only certain* responsive

10

documents. Regardless, the United States *did* produce some documents in response to these requests after it made its stipulation, so the Court is less persuaded by its argument that Methodist "waived" its right to obtain responsive documents. (Docket No. 334 at 14.) Although counsel for Methodist did state that Methodist would "drop the discovery request" if the United States would stipulate that it would not "rely on presentations that were made by Foley at the conference," the Court nevertheless finds the United States' arguments regarding the scope of its discovery obligations to be myopic. The United States' position with respect to its stipulation ignores the context of the statement by counsel for Methodist as well as the actual contents of the requests at issue.[5]

Next, the Court finds that the United States' production of documents from only certain custodians does not satisfy its obligation to "confirm that it has produced all non-privileged documents responsive to the narrowed requests as defined in open court." (Docket No. 300 at 8–9.) The United States argues that it is required to undertake searches from only a limited number of custodians because the Court ruled during the hearing that "that the government must search the terms and custodians based on discussions with West regarding Foley presentations as described by Mr. Solinger today and produce responsive documents." (Docket No. 299 at 60:8–11.) The United States contends that the Court "did not rule on additional custodians beyond those he [Mr. Solinger] named," and therefore it has no obligation to make any further productions. (Docket No. 334 at 14.)

---

[5] The Court is happy for the parties to engage in a discussion about the scope of any potential stipulation regarding RFP Nos. 26 and 27 and to come to an agreement that would satisfy all parties. The parties should not construe this order to prohibit them from engaging in discussions that would resolve their disputes with respect to these requests. However, at this time, the Court finds that the stipulation as written does not alleviate the United States from its production obligations.

11

Once again, the United States' argument on its production obligations is blinkered. For example, it argues that it has no obligation to produce documents from any custodians at CMS because that division does not have "responsibility for the Anti-Kickback Statute ('AKS')," which is at issue in this case. (*Id.* at 14–15.) While this may be true, under the broad definition of relevance for the purposes of discovery, the Court finds that the documents described in RFP Nos. 26 and 27 that are between or among CMS, or between CMS and any third party, are squarely within the scope of relevant information. The fact that CMS may not have "responsibility" for the AKS does not mean that the requested documents are de facto unresponsive. The United States also argues that documents from CMS custodians are not relevant because the documents that it has already produced from HHS and DOJ custodians have "at best, marginal relevance." (*Id.* at 15.) As previously discussed, this Court has already found that this information is relevant. Further, the United States, as the party responding to discovery, does not get to unilaterally predict whether documents will or will not be relevant and then refuse to produce them.

Finally, the Court finds that the search terms proposed by Methodist are reasonable. The United States indicated that DOJ used "many" of the proposed search terms but did not specify which, and also indicated that HHS-OIG used Methodist's "first" set of terms concerning Mr. Blau and Foley Lardner but no other search terms. (Docket No. 334-10 at 4.) It appears that the United States conducted no other searches in response to RFP Nos. 26 and 27. The United States argues that it was obligated to search only the narrow set of terms that were "described by Mr. Solinger" during the hearing. (Docket No. 334 at 15.) Once again, this is an overly narrow reading of the Court's orders and of the broad scope of discovery. Further, the United States' argument that the search terms are "unreasonable" is unavailing. The seventeen (17) search terms proposed by Methodist are mostly variations on a limited number of words. All of the terms include the same

string – "(presentation* or conference* or seminar* or meeting* or event*)" – in connection with different types of agreements or models, all of which mirrors the language in the requests.[6]

For these reasons, the Court finds that, with respect to its document production in response to RFP Nos. 26 and 27, the United States has not complied with the Court's prior orders. Accordingly, as a "further just order" pursuant to Rule 37(b)(2)(A), the Court will order the United States to produce additional responsive documents using additional custodians and search terms, as detailed below.

2. **Rule 30(b)(6) Deposition, Topic No. 1**

The parties also dispute whether the United States was obligated to produce a corporate representative to testify in response to Topic No. 1 in Methodist's Rule 30(b)(6) deposition notice. (Docket No. 334-3 at 5.) Methodist argues that the United States' inadequate responses to RFP Nos. 26 and 27 necessitate an inquiry of the steps taken to search for and collect documents in

---

[6] The United States cites to District Judge Aleta Trauger's decision in *Goodman v. Arriva Med., LLC*, 471 F.Supp.3d 830 (M.D. Tenn. 2020), to support its argument that Methodist's proposed search terms are unreasonable. In *Goodman*, which was also an AKS case, the defendant requested that the United States provide "documents and communications concerning other suppliers that engaged in practices similar to those alleged in the complaint and the government's knowledge of those practices." *Id.* at 835. When weighing the hardship of producing those documents versus their relevance, Judge Trauger found that the requests at issue would call on the United States to conduct "an industry-wide audit of companies providing diabetes testing supplies to Medicare patients." *Id.* at 845. Judge Trauger did not find the requests "unreasonable," but did question if their breadth was necessary given the government's ability to provide the same information in a less burdensome way. *Id.* ("[T]he government was able to document much of Arriva's history . . . through historical Medicare data. It presumably would be possible to do the same for other companies.").

The requests at issue here are distinguishable. The current requests seek a narrow, relevant, and well-defined set of documents from three government departments. Responding to these requests will not result in an "industry-wide audit" or "deteriorate in 'extended mini-trials.'" *Id.* Rather, as the United States has already shown, these requests will not require unreasonably onerous searches. *See* Docket No. 334-10 at 4 ("HHS-OIG's use of more targeted search terms produced approximately 1224 hits for those terms. DOJ used broader terms, and there were approximately 508 hits for those terms.").

13

response to those requests. The United States, on the other hand, argues that it has satisfied its production burden, and, therefore, Methodist is not entitled to inquire about the steps it took to produce documents.

Topic No. 1, which Methodist served on January 16, 2023, and the corresponding response, which the United States served on January 24, 2023, state:

Topic No. 1

All steps taken to search for and collect DOCUMENTS responsive to DEFENDANTS' Requests for Production Nos. 8-10 and 26-27 including steps taken to retain and preserve DOCUMENTS RELATED TO this lawsuit. For the purposes of this Topic, the relevant government agencies for these Requests for Production are HHS, HHS-OIG, CMS, and relevant Medicare contractors. For the purposes of this Topic, the relevant time period for Requests for Production Nos. 26-27 is January 1, 2011 to December 31, 2018.

Response

* * * As to the portion of this Topic that relates to Request for Production Nos. 26 and 27, per the Court's directives at the hearing, and the United States' responses to such document requests following the hearing, the United States also is not required to produce a witness on this portion of the Topic. At the hearing, the Court advised that if an order was entered to the effect that the United States could not rely on the Foley presentations no further response would be required as to Requests for Production Nos. 26 and 27 in this action, and that it also would resolve any discovery disputes relating to the corresponding interrogatories and Rule 30(b)(6) topics. The United States has since responded to these document requests by stipulating that it will not rely on any Foley presentations in this action. Further, it is unduly burdensome and not proportional to the needs of the case for the United States to produce a witness to testify on its search and collection efforts for document requests as to which it has not produced or identified any responsive documents. Accordingly, and in accordance with the Court's directives at the hearing, the United States is not identifying any witness to testify as to this portion of the Topic.

(Docket No. 334-4 at 4–5.)

During the hearing on December 20, 2022, the Court clearly stated that it would allow Methodist to make an inquiry about RFP Nos. 26 and 27. (Docket No. 299 at 51:25–52:1.) The Court explained that, even though the United States was being asked to "go back and search for

documents in response to [RFP Nos.] 26 and 27," the Court would nevertheless allow Methodist to depose a corporate representative on the steps the United States took to search for and produce documents, with the caveat that the Court expected counsel for Methodist to "not continue to pursue" the topic if Methodist found the document production to be "satisfactory." (*Id.* at 62:13–25.) Methodist clearly did not find the document production to be "satisfactory," and, as detailed above, the document production was, indeed, not "satisfactory."

In its response and objections to Topic No. 1, the United States argues that it was not obligated to produce any documents in response to RFP Nos. 26 and 27, and therefore was not obligated to produce a witness to testify on what it did to search for and produce those documents. For the reasons detailed above, this argument is unavailing. The United States was, and is, required to produce documents in response to these requests. The United States also argues that it would be "unduly burdensome" and "not proportional" to the needs of the case for it to produce a witness to testify on its production when it "has not produced or identified any responsive documents." However, after serving this response on January 24, 2023, the United States has, indeed, produced responsive documents. (Docket No. 334-8.) Accordingly, this argument has no merit.

For these reasons, the Court finds that Methodist's Topic No. 1 in its Rule 30(b)(6) deposition notice is relevant and appropriate and that the United States must produce a witness to testify on this topic. However, as set forth previously, if, after the United States complies with the requirements that this Court set forth above with respect to the search and production of documents in response to RFP Nos. 26 and 27, Methodist finds the production of the United States to be satisfactory, then the Court once again expects that counsel for Methodist, as officers of this Court, will not continue to pursue Topic No. 1. In other words, the Court expects the United States to make at least one more effort to produce all non-privileged documents responsive to RFP Nos. 26

15

Case 3:17-cv-00902   Document 337   Filed 05/10/23   Page 15 of 18 PageID #: 9511

and 27. If this final production is not satisfactory to Methodist, it may inquire about the steps taken to search for and produce the requested documents as detailed in Topic No. 1 in its 30(b)(6) deposition notice.

### 3. Sanctions Under Rule 37(b)(2)

Methodist asks this Court to impose two sanctions on the United States for its violation of the Court's December 20, 2022 and January 4, 2023 orders. These include an adverse inference instruction that responsive documents exist that are favorable to Methodist and the award of reasonable expenses, including attorney's fees.

Under Rule 37(b)(2)(C), a court must order a disobedient party to "pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with discovery orders "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court is inclined to find that the United States' failure to comply with its December 4, 2022 and January 4, 2023 orders was not substantially justified. These orders clearly obligated the United States to produce documents in response to RFP Nos. 26 and 27 and to produce a witness to testify on Topic No. 1, neither of which the United States did in full compliance with the Court's orders. Nevertheless, the Court will instruct Methodist to file a motion for award of fees with a supporting memorandum of law of not more than 10 pages. Responsive briefing shall then be in accordance with Local Rule 7.01, except that the United States' response is limited to 10 pages and any optional reply is limited to 3 pages. The parties' briefs must specifically, but without limitation, address the question of whether the United States' conduct was substantially justified, so as to preclude or limit any award of attorney's fees.

However, the undersigned believes that an adverse inference jury instruction in this matter should only be imposed by the presiding District Judge. Accordingly, the Court will not analyze

16

the propriety of this sanction under Rule 37(b)(2) at this moment but will recommend to the District Judge that such a sanction be imposed if the United States fails to comply with this Order.

## III. CONCLUSION

Based on the foregoing, the parties' Motion (Docket No. 333) is DENIED to the extent that the Court does not believe that a discovery conference is necessary to rule upon the issues detailed in the joint discovery dispute statement. However, the Court will GRANT the following relief, including as to Methodist's request for sanctions under Rule 37(b)(2), as follows:

1. With respect to RFP Nos. 26 and 27:

    a. The parties must, **by no later than 7 days from the date of entry of this order,** meet and confer (either by telephone conference or in person) to discuss additional custodians whose documents may be searched, including but not limited to Kirk Ogrosky from DOJ, Paul Pelletier from DOJ, and any potential custodians from CMS;

    b. For all custodians who are identified or whose documents have previously been searched, the United States must conduct searches using the terms proposed by Methodist in an email between counsel on March 8, 2023 (Docket No. 334-7 at 3);[7]

    c. The applicable time period is 2011 through 2018, as detailed during the December 20, 2022 hearing (Docket No. 299 at 61:16–24); and,

    d. The United States must produce all non-privileged documents and provide supplemental responses to confirm that it has produced all non-privileged documents **by no later than 21 days from the date of entry of this order**.

2. With respect to Topic No. 1 of Methodist's 30(b)(6) deposition notice:

    a. If, after complying with Paragraphs 1(a)–(d) above, Methodist finds the United States' document production in response to RFP Nos. 26 and 27 to not be satisfactory, the United States must produce a witness to testify on Topic No. 1; and

---

[7] To be clear, for all custodians whose documents the United States has already searched (i.e., the four custodians from DOJ and the three custodians from HHS-OIG), the United States must conduct additional searches using any terms proposed by Methodist in an email between counsel on March 8, 2023 that were not already used (Docket No. 334-7 at 3).

17

b. The deposition, if necessary, must take place **by no later than 35 days from the date of entry of this order**.

3. With respect to sanctions pursuant to Rule 37(b)(2), including attorney's fees:

    a. Methodist must, **by no later than 7 days from the date of entry of this order**, file a motion for award of attorney's fees that it incurred with respect to the Joint Motion for Discovery Conference (Docket No. 333) and Joint Discovery Dispute Statement (Docket No. 334), including any pre-filing attempts at resolution;

    b. Methodist's motion must be accompanied by a supporting memorandum of law of not more than 10 pages;

    c. The United States must file a response in accordance with Local Rule 7.01(a)(3), except that the response is limited to 10 pages;[8]

    d. Methodist may file an optional reply in accordance with Local Rule 7.01(a)(4), except that the reply is limited to 3 pages

    e. The Court declines to address Methodist's request for an adverse jury instruction at this time but will recommend to the District Judge that such a sanction be imposed if the United States fails to comply with this Order.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge

---

[8] In the absence of a timely response, the motion will be deemed unopposed, as provided for in Local Rule 7.01(a)(3).