# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., </br></br>Plaintiff,</br></br>v.</br></br>METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS,</br></br>Defendants. | Civil Case No.: 3:17-cv-00902</br></br>District Judge William L. Campbell, Jr.</br></br>Magistrate Judge Barbara D. Holmes |

## MEMORANDUM IN SUPPORT OF METHODIST'S MOTION FOR ATTORNEY'S FEES

On May 10, 2023, this Court held that the United States failed to comply with its December 20, 2022 and January 4, 2023 discovery orders. (Dkt. No. 337.) Because Rule 37(b)(2)(C) requires a court to shift reasonable expenses, including attorney's fees, to a non-complying party unless the failure to comply was "substantially justified," the Court instructed Methodist to file a motion for an award attorney's fees and supporting memorandum addressing whether the United States' failure was "substantially justified, so as to preclude or limit any award of attorney's fees." (*Id.* at 16.) For the reasons explained below, it was not, and Rule 37 requires an award of expenses and attorney's fees.

## BACKGROUND

The procedural history of this matter has been briefed on numerous occasions, but certain aspects bear repeating as they illustrate why the government's most recent conduct was not "substantially justified."

1

## I. Procedural History

This False Claims Act case was filed in May 2017, triggering a sealed investigation. The government obtained multiple extensions of its investigation deadline, keeping the case under seal for more than two years. During that time, the government served Methodist with more than 70 document requests and interrogatories. Methodist applied more than 200 search terms across a set of custodians (which search terms and custodians had been negotiated with and agreed to by counsel for the United States), reviewed tens of thousands of emails and documents, and produced more than 106,000 pages of responsive documents and communications. After the Court refused to grant further extensions, the government declined to intervene in the action. (Dkt. Nos. 39, 45.)

After Relators moved forward with this action, Methodist responded to more than 180 additional discovery requests from Relators, added more custodians and search terms, and produced an additional 80,000 pages of documents.

In October 2022, as discovery was closing, the government moved to intervene. (Dkt. No. 193.) Methodist objected, arguing that late intervention would cause more unnecessary delay, but the government repeatedly assured the Court that it had remained actively involved in the case, that it knew it would "at some point" be asked to provide "information, documents, possible testimony," and that its involvement would "narrow" and "streamline" the case. (Dkt. Nos. 234 at 48–49, 194 at 7.) Based on those assurances, the Court allowed intervention. (*See* Dkt. No. 232 at 9 ("[T]he Government asserts that it has significant resources and expertise in this area of law and may reduce judicial resources by narrowing the scope of the claims and streamlining the litigation.").)

The government filed its Complaint on April 11, 2022, alleging, among other things, that Methodist's affiliation with the West Clinic was based on a so-called "Foley model" for

2

Case 3:17-cv-00902   Document 341   Filed 05/17/23   Page 2 of 12 PageID #: 9627

"physician-provider integration" and "physical-hospital alignment" that Foley & Lardner LLP marketed in "many presentations" as a way to avoid regulatory violations, but that the model risked violating the Anti-Kickback Statute—and, "in reality," it served as a sophisticated "vehicle for kickbacks." (Dkt. No. 235 at ¶¶ 90–95, 108, 112, 135, 140, 196, 203, 308.)

## II. Discovery

The day after the Court entered the Sixth Modified Case Management Order, Methodist served Requests for Production (the "RFPs"), including RFPs 26 and 27 seeking documents and communications from specifically-identified agencies and departments of the federal government relating to "physician-hospital alignment or integration," including presentations by attorneys from Foley & Lardner LLP or any other persons or groups. (Dkt. No. 271-3.)

The government objected to RFPs 26 and 27 on privilege grounds and asserted they were "not relevant to any material issue in this action." (July 15, 2022 U.S. Resps. & Objs., **Exhibit 1**.) It did not provide a privilege log because it "is burdensome." (*Id.* at 2.) The government later amended its responses to add that "it is not aware of any non-privileged documents responsive to this Request." (Dkt. No. 271-4.) Methodist was concerned that the government determined that "it was not aware" of any documents without having actually searched for responsive information.

Beginning on August 1, 2022, Methodist communicated to the government—through numerous letters, emails, and in-person conferences—why its relevance objections were unfounded, that it must provide a privilege log, and that "[t]o the extent the United States is making itself unaware by failing to search for responsive documents, that it is inappropriate." (*See e.g.,* Dkt. Nos. 260-6, 260-7.) Methodist also sought explanation of the steps taken to locate, collect, and review responsive documents—stressing that the September 23, 2022 discovery deadline was approaching and that the scope of Methodist's Rule 30(b)(6) deposition notice to the government

3

"is ultimately contingent upon the government's response." (*See* Dkt. No. 260-6 at 11.)

By August 19, 2022, it was clear that the government did not intend to respond to the RFPs, so Methodist sent a draft joint discovery dispute statement and served a Rule 30(b)(6) deposition notice seeking testimony about steps taken to identify responsive documents. (Dkt. No. 273-1.) After continued back-and-forth, the parties submitted joint discovery dispute statements on the government's refusal to search for and produce responsive documents and its refusal to provide a witness to testify about steps taken to search for documents. (Dkt. Nos. 271 at 8–9, 273 at 4–6.)

On December 20, 2022, the Court heard arguments. (Dkt. No. 299.) During the hearing, the government revealed that from June through December, it had not conducted *any* search for documents responsive to the RFPs, claiming it did not know where to start since Methodist had not specifically instructed the United States as to which custodians it should search and what search terms it should apply. (*Id*. at 54:3–55:18.) Counsel for West then informed the Court that this specific issue was addressed previously in conversations with the government and that West had already noted some specific government employees who attended such presentations, which could be used as a "starting point" for responding to RFPs 26 and 27. (*Id.* at 56:19–57:11.)

The Court then held "that the government must search the terms and custodians based on discussions with West regarding Foley presentations as described by Mr. Solinger today and produce responsive documents." (*Id.* at 60:7–11.) On the government's refusal to provide a privilege log, the Court held, "Any claims of privilege other than the identified privileged discussions that involve Ms. Sweet, I find the government has waived by not producing a privilege log that complies with Rule 26, and I'm going to overrule that objection as to any other claims of privilege." (*Id.* at 61:8–14.) Finally, on witness testimony, the Court held, "I am going to allow Methodist to include an area of inquiry . . . limited to steps taken to search for and collect

4

documents that are responsive to document request No. 26 and document request No. 27[.]" (*Id.* at 61:15–24.) On January 4, 2023, the Court followed with a written order that the United States had until **January 13, 2023** to serve supplemental responses confirming that it had produced all non-privileged documents responsive to the RFPs. (Dkt. No. 300 at 8–9 n.7 (emphasis in original).)

### III. Conduct at Issue

Although the Court clearly ordered the government to produce responsive documents by **January 13, 2023**, on that deadline it instead served supplemental responses "stipulating" that it would not rely on presentations made by Foley & Lardner, claiming "no [other] response is required." (Dkt. No. 334-6 at 17–18.) On January 17, Methodist informed the government that this "stipulation" provided in response to RFPs 26 and 27 did not satisfy the government's obligations to respond to those requests and that the Court's orders required the government to produce responsive documents. (Declaration of J. Taylor Chenery filed contemporaneously herewith ("Chenery Decl.")¶ 2.) Methodist also stated that the government's reliance on a statement from the hearing about a stipulation was taken out of context and did not reflect Methodist's position or the Court's ruling. (*Id.*)

On February 24, 2023, after additional attempts to obtain compliance with the Court's orders, Methodist sent the government a draft joint discovery dispute statement about its responses to RFPs 26 and 27 and Topic 1 of the Amended Rule 30(b)(6) Deposition Notice, seeking the government's position statement. (*Id.* ¶ 4–5.) Government counsel responded that they needed time to bring the office's new Deputy Chief "up to speed and confer with her before providing any response." (*Id.* ¶ 5.) Receiving no response by March 1, Methodist again inquired about the government's position. (*Id.*) Government counsel responded that they were still getting the new Deputy Chief "up to speed on the background of this matter," but that they believed another in-

5

person meet and confer was needed. (*Id.*) Government counsel stated that they would not be available for an additional meet and confer until the following week. (*Id.*)

The next week, during another in-person meet and confer on March 8, the government conceded that it *would* search for and produce documents responsive to RFPs 26 and 27 and for the first time proposed to run one string of search terms across five government custodians. (*See* Dkt. No. 334-7.) The government made that proposal seven weeks after the government's deadline to produce documents for which it had not yet conducted *any* searches and almost nine months after Methodist served RFPs 26 and 27. Methodist responded the same day, proposing additional custodians and search terms. The government responded the following morning that it had received Methodist's counterproposal and said, "We will consider and be in touch." (Chenery Decl. ¶ 7.) But the government did not further respond to Methodist's counterproposal.

After two weeks, Methodist inquired again about the government's position, its response to Methodist's counterproposal, and providing its Rule 30(b)(6) witness, emphasizing that since the summary judgment deadline was less than a month away, Methodist needed to know as soon as possible if Court intervention was required. (*Id.*) The government replied that its "stipulation" had "already complied with the Court's order," but that it was reviewing the results of "reasonable searches" based on Methodist's "new position." (*Id.*) Methodist responded that its position was not new and that the parties continued to debate the same issues that were raised many months ago. (*Id.*) Importantly, Methodist also noted it had not received a response to its counterproposal on search terms or custodians or its request for Rule 30(b)(6) deposition dates. (*Id.*)

The next day, on March 24—*10 weeks after the Court's deadline*—the government produced 16 documents, some of which were duplicative, informing Methodist it had unilaterally decided to run a different set of limited terms across some of the custodians, and that despite the

6

Court's orders, it would not search any documents from CMS, nor would it provide a Rule 30(b)(6) deposition witness for Topic No. 1. (Chenery Decl. ¶ 8); (*see also* Dkt. Nos. 334-2, 334-8.)

Methodist addressed each of those deficiencies in writing on March 31. (*See* Dkt. No. 334-9.) The government responded via letter on April 4, asserting the same arguments that the parties had discussed exhaustively since the Court's ruling in December. (Dkt. No. 334-10.) Given the impasse, Methodist provided an updated draft joint discovery dispute statement on April 7, again seeking the government's position. (Chenery Decl. ¶ 10.) The government responded with substantial edits to the joint statement on April 13, stating that it must review and approve any other changes before it would consent to filing. (*Id.* ¶¶ 11–12.) Thereafter, from April 19 until May 1, the government refused on four occasions to consent to filing the proposed joint statement. (*Id.*) After Methodist stated that it would be forced to file a separate motion for relief on the dispute if the government would not agree to submit a joint discovery dispute statement, the government consented to filing the joint statement. (*Id.* ¶ 12.)

In summary, Methodist served RFP Nos. 26–27 in June 2022. After the government conducted no search for responsive documents, provided no privilege log, and offered no witness to testify about collection efforts for five months, the Court ruled that RFP Nos. 26 and 27 were appropriate and that the government's conduct waived its claims of privilege. The Court ordered the government to supplement its responses and produce responsive documents by January 13, 2023. Yet, the government did not agree to perform *any* search until March 8, and then declined even to respond to Methodist's request to consider additional custodians and search terms. Methodist then went through six more weeks of seeking to submit a joint discovery dispute statement, during which time the summary judgment deadline passed on April 14, 2023.

On May 10, the Court held that "the United States has not complied with this Court's orders with respect to RFP Nos. 26 and 27," (Dkt. No. 337 at 10), and, that "Methodist's Topic No. 1 in its Rule 30(b)(6) deposition notice is relevant and appropriate[.]" (*Id.* at 15.) The Court also held that the United States "has failed to timely and satisfactorily cooperate in discovery," and has "unnecessarily prolonged and increased the cost of discovery[.]" (*Id.* at 7.) The Court held further that it was "inclined to find that the United States' failure to comply with its December [20], 2022 and January 4, 2023 orders was not substantially justified," but instructed Methodist to file this memorandum addressing the government's failure. (*Id.* at 16.)[1]

## ARGUMENT

Under Rule 37(b)(2)(C), where a party fails to obey a discovery order, "[i]nstead of or in addition to [other orders], the court *must* order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, *unless* the failure was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis added). The disobedient party bears the burden to show why its failure to comply with a court order was substantially justified. *Id.*; *see also Glob. Tech., Inc. v. Ningbo Swell Indus. Co.*, 2021 WL 2283745, at *2 (E.D. Mich. June 4, 2021) (awarding fees because disobedient party did not provide substantial justification for failure to produce documents).

There is no justification for the government's failure here, much less a substantial one. The Court's order was abundantly clear: conduct reasonable searches of terms and custodians and confirm by **January 13, 2023** that all non-privileged responsive documents have been produced.

---

[1] In its May 10, 2023 order, the Court declined to address Methodist's request for an adverse jury instruction on the government's possession of documents containing supportive or approving statements about the physician-alignment structure, but held that it would "recommend to the District Judge that such a sanction be imposed if the United States fails to comply with this Order." (Dkt. No. 337 at 18.)

(Dkt. Nos. 299 at 60:8–11, 300 at 8–9 (emphasis in original).) Instead, the government refused even to search for responsive documents before that deadline and instead provided a narrow, self-serving stipulation that it would not rely on presentations from a single attorney and single law firm, neither of which represented Methodist. Methodist had reiterated for months that RFPs 26 and 27 are not limited to those parties. The government then waited two more months to agree to perform any searches and to propose any custodians or search terms, after which it refused to engage in discussions about the scope of those searches, eventually producing just 16 partially duplicative documents based on its unilateral decisions about the scope of searches and custodians (including its decision to override the Court's order regarding employees at CMS).

Rather than comply with the Court's rulings, the government continually attempted to walk back and mischaracterize the discussions that occurred during the December hearing and were reflected in the Court's January Order. It initially proposed a narrow stipulation that did not address the full scope of RFPs 26 and 27 and was based on a single statement taken out of context and made before West's counsel identified potential custodians and the Court issued its ruling. And, after the Court and counsel for all parties agreed at the hearing that the government could "start" with the referenced custodians, the government refused even to respond to Methodist's request for additional custodians, despite the fact that—and potentially because—the government subsequently acknowledged that it had little or no custodial data for the relevant time period for some of the individuals referenced during the hearing. Those actions do not constitute "substantial justification" for failure to comply under Rule 37(b)(2)(C). *See, e.g.*, *Glob. Tech,* 2021 WL 2283745, at *2 (finding plaintiff had "no justification let alone a substantial one" for failing to produce documents until two months after the deadline); *Raymond James & Assocs., Inc. v. 50 N.*

9

Case 3:17-cv-00902   Document 341   Filed 05/17/23   Page 9 of 12 PageID #: 9634

*Front St. TN, LLC*, 2020 WL 4572356, at *3 (W.D. Tenn. Aug. 7, 2020) (finding no substantial justification where the "order was clear about the need to produce 'responsive' documents").

After the government intervened, the parties agreed to a fact discovery period of approximately three additional months. (Dkt. No. 252.) The government has been in receipt of Methodist's requests for going on a year. Once the Court ruled that they were relevant and ordered production of responsive documents, the government had no justification for continuing to refuse to produce documents by the court-ordered deadline. The only apparent reason seems to be delay. Through its obfuscation, the government successfully ran out the clock on the fact discovery deadline, the expert discovery deadline, and even the summary judgment deadline without satisfactorily engaging in discovery. Even worse, its conduct has distracted from the merits of the case, requiring Methodist's counsel to constantly request, in writing and in person, that the government comply with the Federal Rules and this Court's orders.

While it certainly should not have been necessary for Methodist's counsel to send numerous emails and follow-up emails, or to meet in person on at least three occasions, or to draft letters explaining the clear rulings from the Court, or to have exchanged a half-dozen rounds of edits before obtaining the government's consent to file the joint statement and motion for discovery conference—it is clear that, had counsel not persisted, the government simply would have ignored the ruling and *never* searched for any responsive documents. Since this Court's ruling on January 4, 2022, Methodist's counsel estimates that it has incurred $69,428.50 in fees attempting to obtain compliance with the Court's order, including its resolution attempts and filing of the Joint Motion for Discovery Conference (Dkt. No. 333) and Joint Discovery Dispute Statement (Dkt. No. 334).[2]

---

[2] Pursuant to Local Rule 54.01(c), Methodist has filed contemporaneously with this Memorandum an accompanying Motion and supporting declarations for this fee award.

## CONCLUSION

As this Court has already ruled, the government failed to comply with the December 20, 2022 and January 4, 2023 discovery orders. For the reasons explained above, the failure was not substantially justified, and thus Fed. R. Civ. P. 37(b)(2)(C) requires the United States as the disobedient party to pay the attorney's fees set forth in the accompanying supporting declarations.

Respectfully submitted,

*/s/ Brian D. Roark*
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

Robert S. Salcido
(Admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4095
rsalcido@akingump.com

*Attorneys for Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing has been served on the following counsel via the Court's CM/ECF email notification system on this the 17th day of May, 2023:

Bryan A. Vroon
Law Offices of Bryan A. Vroon, LLC
1766 West Paces Ferry Road
Atlanta, GA 30327
(404) 441-9806
bryanvroon@gmail.com

Jerry E. Martin
Seth Marcus Hyatt
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

Edward D. Robertson, Jr.
Bartimus Frickleton Robertson Rader PC
109 B East High Street
Jefferson City, MO 65101
(573) 659-4454
crobertson@bflawfirm.com

Kara F. Sweet
Wynn M. Shuford
Ellen B. McIntyre
U.S. Attorney's Office
Middle District of Tennessee
719 Church Street
Suite 330
Nashville, TN 37203
(615) 401-6598
kara.sweet@usdoj.gov
wynn.shuford@usdoj.gov
ellen.bowden2@usdoj.gov

                                                */s/ Brian D. Roark*