# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., | ) ) ) | Case No.: 3:17-cv-00902 |
| | ) | |
| Plaintiff-Relators, | ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE HOLMES |
| v. | ) ) | |
| METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**THE UNITED STATES' OBJECTIONS AND RESPONSES TO DEFENDANTS'
FIRST SET OF REQUESTS FOR PRODUCTION TO THE UNITED STATES**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, the United States of America hereby objects and responds to Defendants' First Set of Requests For Production to the United States, dated June 15, 2022 (the "Requests"). The United States' objections and responses are based upon the information presently available to the United States following a reasonable investigation to date. The United States expressly reserves the right to modify, supplement, or amend its objections and responses, including to reflect information that discovery or further investigation may disclose, and to do so subject to any applicable objection, privilege, or other protection from disclosure.

## GENERAL OBJECTIONS

1. The United States objects to these Requests to the extent they purport to impose obligations on the United States that is beyond what is required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

2. The United States objects to these Requests to the extent that they call for the production of information that is publicly available.

3. The United States objects to these Requests to the extent they call for the production of information exclusively in the possession, custody or control of Defendants, already produced by Defendants to the United States, or already produced in this action.

4. The United States objects to the definition of "Government" and "You" in the Requests to the extent they purport to require the United States to gather and review information in the possession or custody of any agency, office, employee, agent, representative, officer, or contractor of either the Legislative Branch or the Judicial Branch, or of Executive Branch components beyond the Department of Health and Human Services, including its Office of Inspector General, the Centers for Medicare and Medicaid Services, and the Civil Division, Commercial Litigation Branch (Fraud Section) of the United States Department of Justice and the Civil Division of the Office of the United States' Attorney for the Middle District of Tennessee on the grounds that they are unduly burdensome and overbroad and seek information not relevant to the claims or defenses in this action and disproportionate to the needs of this case.

5. The United States objects to the Requests to the extent they seek information that is privileged and to providing a privilege log, which is burdensome.

## SPECIFIC OBJECTIONS AND RESPONSES

**DOCUMENT REQUEST NO. 1**:

Produce all documents and/or communications that You identify, reference, rely on, or consult in answering any Interrogatory or Request for Admission served by Defendants.

**OBJECTIONS AND RESPONSE**:

The United States objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest or joint prosecution privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. Subject to and without waiving its objections, the United States will produce all non-privileged documents used in providing any Answers to Defendants' Interrogatories or Requests for Admission that have not otherwise already been produced in this action, are not already in Defendants' possession, or are publicly available.

**DOCUMENT REQUEST NO. 2**:

Produce all documents identified in your Rule 26(a) Initial Disclosures.

**OBJECTIONS AND RESPONSE**:

All documents identified in the United States' Rule 26 Initial Disclosures already have been produced in this action, are otherwise in Defendants' possession or are publicly available.

**DOCUMENT REQUEST NO. 3**:

Produce all documents provided to the Government by Relators, including Relators' written disclosure(s) of material evidence provided to the Government under 31 U.S.C. § 3730(b)(2).

**OBJECTIONS AND RESPONSE**:

The United States objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, common interest or joint prosecution privilege, investigative file privilege, or any other applicable privilege or protection.

3

Subject to and without waiving its objections, the United States will produce all non-privileged documents responsive to this Request to the extent not already produced in this action.

**DOCUMENT REQUEST NO. 4:**

Produce all communications with Relators and/or Relators' counsel regarding the allegations in the Qui Tam Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, or Complaint in Intervention in this Action.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest or joint prosecution privilege, investigative file privilege, or any other applicable privilege or protection. The United States further objects to this Request on the grounds that it is not limited in scope and seeks information that is not proportional to the needs of the case. Subject to and without waiving its objections, the United States is not aware of any non-privileged communications with Relators or their counsel that are relevant to any material issues in this action.

**DOCUMENT REQUEST NO. 5:**

Produce copies of all CIDs, subpoenas, or other formal or informal requests for documents, testimony, or other information sent to any person or entity in connection with Your investigation or litigation of this Action.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, common interest or joint prosecution privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. Subject to and without waiving its objections, the United States will produce all non-privileged documents responsive to this Request to the extent not already produced in this action.

4

**DOCUMENT REQUEST NO. 6:**

Produce all documents provided to the Government by any third party in connection with this Action.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent that it seeks information that is not relevant to the subject matter of this litigation, not proportional to the needs of the case or seeks information that is protected from disclosure by any applicable privilege or protection. Subject to and without waiving its objection, the United States will produce all non-privileged documents that are relevant to any material issues in this action to the extent not already produced.

**DOCUMENT REQUEST NO. 7:**

Produce all transcripts, recordings, notes, memoranda, and/or other documents or communications relating to any interview or deposition conducted by the Government in connection with the investigation or litigation of this Action.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest or joint prosecution privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. The United States further objects to this Request on the grounds that it is overbroad and unduly burdensome to the extent it seeks ministerial or administrative communications concerning scheduling of interviews or depositions. All recordings of the interviews the United States conducted of Methodist and West already are in the possession of Defendants.

**DOCUMENT REQUEST NO. 8:**

Produce all communications between or among the Unites States, Tennessee Bureau of Investigation and/or the Tennessee Attorney General's Office regarding the allegations in the Qui

5

Tam Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, or Complaint in Intervention in this Action.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest or joint prosecution privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. The United States further objects to this Request on the grounds that it is overbroad, unduly burdensome and seeks information not proportional to the needs of the case, in particular to the extent it seeks ministerial or administrative communications and documents.

**DOCUMENT REQUEST NO. 9:**

Produce all communications with any other government agency (including but not limited to HHS-OIG, CMS and Medicare contractors) regarding the allegations in the Qui Tam Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, or Complaint in Intervention in this Action.

**OBJECTIONS AND RESPONSE:**

*See* the United States' Objections and Response to Document Request No. 8.

**DOCUMENT REQUEST NO. 10:**

Produce all communications with any other third party regarding the allegations in the Qui Tam Complaint, First Amended Complaint, Second Amended Complaint, Third Amended Complaint, or Complaint in Intervention in this Action.

**OBJECTIONS AND RESPONSE:**

*See* the United States' Objections and Response to Document Request No. 8.

**DOCUMENT REQUEST NO. 11:**

Produce all documents related to the Government's and its agencies' retention and deletion policies.

6

**OBJECTIONS AND RESPONSE:**

*See* the United States' Objections and Response to Document Request No. 8. The United States also objects to this Request to the extent that it seeks information that is publicly available and already in Methodist's possession.

**DOCUMENT REQUEST NO. 12:**

Produce all documents on which you relied for drafting the Complaint in Intervention.

**OBJECTIONS AND RESPONSE:**

The United States will produce non-privileged documents responsive to this Request to the extent not already produced in this action.

**DOCUMENT REQUEST NO. 13:**

Produce all documents related to or concerning West Clinic's counsel's alleged acknowledgement of "irreducible risk" of the transaction structure.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks any documents protected from disclosure by any applicable privilege or protection or documents that are publicly available, already produced in this action, or otherwise in the possession of Defendants. Subject to and without waiving its objections, the United States will produce publicly available presentations of Foley & Lardner LLP referenced in the Complaint.

**DOCUMENT REQUEST NO. 14:**

Produce all documents concerning the alleged false claims submitted or caused to be submitted by Defendants.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks any documents protected from disclosure by any applicable privilege or protection. The United States further objects to this

Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents that are in the possession of Defendants or already produced in this action. Subject to and without waiving its objections, the United States will produce the claims data relevant to the damages asserted in this action to the extent not already produced in this action.

**DOCUMENT REQUEST NO. 15:**

Produce all documents concerning any alleged unlawful remuneration offered, paid, or received by Defendants.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks any documents protected from disclosure by any applicable privilege or protection or documents. The United States further objects to this Request on the grounds that it is overbroad, unduly burdensome, not proportional to the needs of the case, and to the extent it seeks documents that are in the possession of Defendants or already produced in this action. Subject to and without waiving its objections, the United States will produce the non-privileged documents responsive to this Request in its possession to the extent not already produced in this action.

**DOCUMENT REQUEST NO. 16:**

Produce all documents concerning the fair market value of the alleged unlawful remuneration, including the basis for the valuation.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is seeks documents that are not relevant to any material issue in this action and not proportional to the needs of the case as Methodist has not asserted any safe harbor as an affirmative defense. *See* Objections and Response to Request No. 15.

8

**DOCUMENT REQUEST NO. 17:**

Produce all documents concerning Defendants' alleged knowledge of wrongdoing as it relates to the allegations in your Complaint in Intervention.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request to the extent it seeks any documents protected from disclosure by any applicable privilege or protection or documents that are in the possession of Defendants or any third parties. Subject to and without waiving its objections, the United States will produce the non-privileged documents responsive to this Request in its possession to the extent not already produced in this action.

**DOCUMENT REQUEST NO. 18:**

Produce documents sufficient to show all Medicare payments requested and received by Defendants.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving its objections, the United States will produce the claims data relevant to the damages asserted in this action to the extent not already produced in this action.

**DOCUMENT REQUEST NO. 19:**

Produce documents sufficient to show the amount in damages You claim were suffered by the United States.

**OBJECTIONS AND RESPONSE:**

The United States will produce documents responsive to this Request to the extent not already produced in this action.

9

**DOCUMENT REQUEST NO. 20:**

Produce all communications between or among DOJ, HHS-OIG, CMS, and/or any of their contractors regarding standards, requirements, guidelines, regulatory interpretations, policies, or procedures related to:

     a. Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

     b. the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

     c. the definition of fair market value as it relates to compensation paid for professional physician services;

     d. the definition of fair market value as it relates to compensation for management services;

     e. any prohibition on the use of the market approach as a method to determine fair market value;

     f. the consideration of service line revenue in the valuation of a management services agreement;

     g. any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

     h. the minimum term required for unwinding an affiliation between a physician practice group and health system.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States and Methodist has not asserted any safe harbor as an affirmative defense. The United States further objects to this Request to the extent that it seeks documents that are publicly available or protected from disclosure by any applicable privilege or protection. All non-privileged documents responsive to this Request are publicly available and already in the possession of Methodist.

**DOCUMENT REQUEST NO. 21:**

Produce all communications between any third party (including any healthcare provider) and DOJ, HHS-OIG, CMS, and/or any of their contractors regarding standards, requirements, guidelines, regulatory interpretations, policies, or procedures related to:

    a.   Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

    b.   the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

    c.   the definition of fair market value as it relates to compensation paid for professional physician services;

    d.   the definition of fair market value as it relates to compensation for management services;

    e.   any prohibition on the use of the market approach as a method to determine fair market value;

    f.   the consideration of service line revenue in the valuation of a management services agreement;

    g.   any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

    h.   the minimum term required for unwinding an affiliation between a physician practice group and health system.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States and Methodist has not asserted any safe harbor as an affirmative defense. The United States further objects to this Request to the extent that it seeks documents that are publicly available or protected from disclosure by any applicable privilege or protection. All non-privileged documents responsive to this Request are publicly available and already in the possession of Methodist.

**DOCUMENT REQUEST NO. 22:**

Produce all rules, regulations, guidance, official publications, provider education materials, reports, and communications related to:

    a.   Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

    b.   the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

11

c.  the definition of fair market value as it relates to compensation paid for professional physician services;

d.  the definition of fair market value as it relates to compensation for management services;

e.  any prohibition on the use of the market approach as a method to determine fair market value;

f.  the consideration of service line revenue in the valuation of a management services agreement;

g.  any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

h.  the minimum term required for unwinding an affiliation between a physician practice group and health system.

## OBJECTIONS AND RESPONSE:

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States and Methodist has not asserted any safe harbor as an affirmative defense. The United States further objects to this Request to the extent that it seeks documents that are publicly available or protected from disclosure by any applicable privilege or protection. All non-privileged documents responsive to this Request are publicly available and already in the possession of Methodist.

## DOCUMENT REQUEST NO. 23:

Produce all instructions, directives, advice, commentary, training materials, manuals, or other guidance provided by CMS to its Medicare Contractors related to:

a.  Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

b.  the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

c.  the definition of fair market value as it relates to compensation paid for professional physician services;

d.  the definition of fair market value as it relates to compensation for management services;

e. any prohibition on the use of the market approach as a method to determine fair market value;

f. the consideration of service line revenue in the valuation of a management services agreement;

g. any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

h. the minimum term required for unwinding an affiliation between a physician practice group and health system.

## OBJECTIONS AND RESPONSE:

The United States objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. The United States further objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States and Methodist has not asserted any safe harbor as an affirmative defense. In accordance with statutory requirements for notice and comment, all non-privileged documents responsive to this Request are publicly available and already in the possession of Methodist.

## DOCUMENT REQUEST NO. 24:

Produce all documents related to the preparation, drafting, review, approval, and/or modification of guidance or regulations concerning:

a. Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

b. the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

c. the definition of fair market value as it relates to compensation paid for professional physician services;

d. the definition of fair market value as it relates to compensation for management services;

13

e. any prohibition on the use of the market approach as a method to determine fair market value;

f. the consideration of service line revenue in the valuation of a management services agreement;

g. any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

h. the minimum term required for unwinding an affiliation between a physician practice group and health system.

## OBJECTIONS AND RESPONSE:

The United States objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. The United States further objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States and Methodist has not asserted any safe harbor as an affirmative defense. In accordance with statutory requirements for notice and comment, all non-privileged documents responsive to this Request are publicly available and already in the possession of Methodist.

## DOCUMENT REQUEST NO. 25:

Produce all organizational charts for HHS-OIG, CMS, and any of their contractors sufficient to identify all working groups, committees, divisions, contractors, consultants, or advisors, with any role related to:

a. Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

b. the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

c. the definition of fair market value as it relates to compensation paid for professional physician services;

d. the definition of fair market value as it relates to compensation for management services;

e.  any prohibition on the use of the market approach as a method to determine fair market value;

f.  the consideration of service line revenue in the valuation of a management services agreement;

g.  any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

h.  the minimum term required for unwinding an affiliation between a physician practice group and health system.


## OBJECTIONS AND RESPONSE:

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States and Methodist has not asserted any safe harbor as an affirmative defense.

## DOCUMENT REQUEST NO. 26:

Produce all documents and communications between or among DOJ, HHS-OIG, CMS, and/or any of their contractors regarding any presentation, conference, seminar, meeting, or event in which any individual or group, including Michael Blau or any other attorney from Foley & Lardner LLP, presented or offered remarks on physician-hospital alignment or integration, including the use of professional services agreements, co-management models, management services agreements, asset purchases, provider-based conversion, or leased employees.

## OBJECTIONS AND RESPONSE:

The United States objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. The United States further objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States.

**DOCUMENT REQUEST NO. 27:**

Produce all communications between any third party (including any healthcare provider) and DOJ, HHS-OIG, CMS, and/or any of their contractors regarding any presentation, conference, seminar, meeting, or event in which any individual or group, including Michael Blau or any other attorney from Foley & Lardner LLP, presented or offered remarks on physician-hospital alignment or integration, including the use of professional services agreements, co-management models, management services agreements, asset purchases, provider-based conversion, or leased employees.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case as violations of the Anti-Kickback Statute are per se material to the United States.

**DOCUMENT REQUEST NO. 28:**

Produce all documents sufficient to identify any individual who has determined or has participated in the determination that claims submitted by Defendants were false, violated the False Claims Act, or should not have been paid.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. The United States otherwise refers to its Initial Disclosures.

**DOCUMENT REQUEST NO. 29:**

Produce all documents identifying or relating to any pre-payment or post-payment review or audit conducted by You or any Medicare Contractor of any claims submitted by Defendants.

16

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case. The United States is not aware of any documents relevant to the issues in this case that are responsive to this Request.

**DOCUMENT REQUEST NO. 30:**

Produce copies of any medical records reviewed by You or any Medicare Contractor for any reason for services provided by Defendants.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case. Subject to and without waiving its objections, the United States is not aware of any documents relevant to the issues in this case that are responsive to this Request. To the extent any medical records have been or will be reviewed in connection with the United States' claims for damages, such documents will be produced.

**DOCUMENT REQUEST NO. 31:**

Produce all communications between the Government and any Medicare Contractor regarding any claims review, medical review, audit, investigation, payment suspension, or inquiry related to claims submitted by Defendants.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case. The United States further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work

product doctrine, attorney-client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection.  The United States is not aware of any documents relevant to the issues in this case that are responsive to this Request.

**DOCUMENT REQUEST NO. 32:**

Produce all documents and communications related to any referral or recommendation to the Government by any Medicare Contractor regarding claims submitted by Defendants.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case.  The United States further objects to this Request on the grounds that it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection.  The United States is not aware of any documents relevant to the issues in this case that are responsive to this Request.

**DOCUMENT REQUEST NO. 33:**

Produce all documents and communications related to any other enforcement action by the Government related to:

    a. Use of compensation formulas that base payment for professional services performed by physicians through a professional services agreement on wRVUs for professional services;

    b. the appropriate ratio of collections received for professional services performed by physicians to professional compensation for those services;

    c. the definition of fair market value as it relates to compensation paid for professional physician services;

    d. the definition of fair market value as it relates to compensation for management services;

    e. any prohibition on the use of the market approach as a method to determine fair market value;

    f. the consideration of service line revenue in the valuation of a management services agreement;

18

g. any requirement for timesheets, or other similar documentation, to justify the payment of management fees under a management services agreement;

h. the minimum term required for unwinding an affiliation between a physician practice group and health system.

## OBJECTIONS AND RESPONSE:

The United States objects to this Request on the grounds that it is overbroad, seeks documents that are not relevant to any material issue in this action, is unduly burdensome and not proportional to the needs of the case. The United States further objects to this Request to the extent it seeks the disclosure of information protected from disclosure by the attorney work product doctrine, attorney-client privilege, common interest privilege, deliberative process or investigative file privilege, or any other applicable privilege or protection. To the extent any information is public that is responsive to this Request, it is already in Methodist's possession.

## DOCUMENT REQUEST NO. 34:

With respect to any testifying expert witness, produce

a. The expert's current resume;
b. Any relevant publications or prior testimony by the expert;
c. All expert reports;
d. Any documents on which the expert has relied in reaching his or her opinions; and
e. Any communications with Government counsel relating to compensation for expert testimony or to facts, data, or assumptions that Government counsel provided and that the expert considered or relied upon in forming his or her opinion, as required by Rule 26.

## OBJECTIONS AND RESPONSE:

The United States objects to this Request as premature, as the parties' have not identified any experts. To the extent the United States intends to rely on expert testimony, it will produce the expert materials in accordance with the Federal Rules of Civil Procedure and the Case Management Order in this action.

19

**DOCUMENT REQUEST NO. 35:**

With respect to any consulting or non-testifying expert witness, produce

    a.   The expert's current resume;

    b.   Any relevant publications or prior testimony by the expert;

    c.   Any reports, observations, analyses, opinions, or statements formed or created by the expert in preparation for or during this action;

    d.   Any documents on which the expert has relied on in reaching his or her opinions; and

    e.   Any communications with Government counsel relating to compensation for expert testimony or to facts, data, or assumptions that Government counsel provided and that the expert considered or relied upon in forming his or her opinion.

**OBJECTIONS AND RESPONSE:**

The United States objects to this Request on the grounds that it expressly seeks privileged information and is wholly improper.

Dated: July 15, 2022

                              MARK H. WILDASIN
                              United States Attorney
                              Middle District of Tennessee

                By:     _s/ Kara F. Sweet_____
                              KARA F. SWEET
                              WYNN M. SHUFORD
                              Assistant United States Attorney
                              United States Attorney's Office
                              719 Church Street, Suite 3300
                              Nashville, TN  37203
                              Phone: (615) 736-5151
                              Email:  kara.sweet@usdoj.gov

                              *Counsel for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2022, a true and correct copy of the foregoing was served via email to the following:.

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | John-David H. Thomas<br>Andrew F. Solinger<br>Waller, Lansden, Dortch & Davis, LLP<br>Nashville City Center<br>511 Union Street Suite 2700<br>Nashville, TN 37219<br>Email: jd.thomas@wallerlaw.com<br>Email: andrew.solinger@wallerlaw.com |

s/ Kara F. Sweet
KARA F. SWEET
Assistant United States Attorney