# EXHIBIT 02

| | |
|---|---|
| **From:** | Chenery, Taylor |
| **To:** | Bowden, Ellen (USATNM); Shuford, Wynn (USATNM) |
| **Cc:** | Roark, Brian; Sample, Taylor M.; Webber, Hannah E.; Robert S. Salcido (rsalcido@akingump.com); Sweet, Kara (USATNM) |
| **Subject:** | [EXTERNAL] Methodist"s RFPs 26 and 27 |
| **Date:** | Tuesday, May 16, 2023 5:01:19 PM |

Ellen and Wynn,

We appreciate your time on our meet and confer this morning with respect to the government's responses to Methodist's RFPs 26 and 27 and are following up on our discussion.

**Search Terms**

We understand that, in accordance with the Court's May 10th Order (Dkt. No. 337), the government intends to use the search terms proposed in my March 8th email (Dkt. No. 334-7) and as referenced in the Court's Order to search for responsive documents across all of the government's custodians. Please let us know if that is incorrect.

**Custodians – DOJ**

The government proposes two additional custodians from DOJ: Senior Trial Counsel David Cohen and Senior Director Tracy Hilmer. Methodist agrees to those two custodians. The government indicated that both individuals worked at DOJ throughout the relevant time period of 2011 – 2018. Can you confirm that the government has custodial data for each of those two custodians for the time period of 2011 – 2018?

The government previously indicated that it does not have custodial data for 2011 – 2018 for some of the DOJ custodians for which it already has searched because not all of those custodians worked at DOJ from 2011 – 2018. Methodist proposes that for any DOJ custodian for which the government does not have data for the entire relevant time period of 2011 – 2018, the government search the data of the individuals who preceded or succeeded those custodians in their respective positions during the relevant time period. We believe that would include, but not necessarily be limited to, Director and Deputy Director of the Commercial Litigation Branch, Civil Division (current custodians include Michael Granston and Dan Anderson) and Principal Deputy Chief and Deputy Chief, Fraud Section (current custodians include Kirk Ogrosky and Paul Pelletier).

**Custodians – OIG**

The government proposes one additional custodian from OIG: Katie Arnholt, Deputy Branch Chief of HHS-OIG's Administrative Civil Remedies Branch. Methodist agrees to that custodian. Can you confirm that the government has custodial data for Ms. Arnholt for the time period of 2011 – 2018?

As with DOJ custodians, Methodist proposes that for any OIG custodian for which the government does not have data for the entire relevant time period of 2011 – 2018, the government search the data of the individuals who preceded or succeeded those custodians in their respective positions during the relevant time period, to the extent it has not already done so. We believe that would include, but not necessarily be limited to, Branch Chief for the Administrative Civil Remedies Branch and Assistant Inspector General for Legal Affairs (current custodian is Lisa Re, former custodians

would include, but not necessarily be limited to, Rob DeConti).

Methodist also proposes the following additional OIG custodians:
-- Individuals serving as Chief Counsel to the Inspector General from 2011 – 2018, including, but not necessarily limited to, Greg Demske and Lewis Morris.
-- Christi Grimm, former Chief of Staff and Deputy Inspector General.
-- Joanne Chiedi, former Principal Deputy Inspector General.
-- Individuals serving as Branch Chiefs and Deputy Branch Chiefs from 2011 – 2018.
-- Individuals serving as Senior Counsel in the Industry Guidance Branch or Administrative and Civil Remedies Branch from 2011 – 2018 (similar to current custodian Tamar Terzian, ACRB senior counsel).

**Custodians – CMS**

During our meet and confer this morning, the government did not propose any CMS custodians. You indicated that the government intends to file a motion for reconsideration of the portion of the Court's May 10th Order requiring the government to search for responsive documents among CMS custodians.

The government's continued refusal to propose CMS custodians violates the Court's rulings. The Court held that "the documents described in RFP Nos. 26 and 27 that are between or among CMS, or between CMS and any third party, are squarely within the scope of relevant information. The fact that CMS may not have 'responsibility' for the AKS does not mean that the requested documents are de facto unresponsive." (Dkt. No. 337 at 12.) The Court also has recognized that "it is the responding party's obligation to at least initially propose the search terms and the custodians . . . That would be up to the responding party to make that first suggestion or first identification of potential custodians." (Dkt. No. 299 at 54 – 55.)

That obligation notwithstanding, the government stated that it would consider any specific CMS custodians that Methodist proposes. Although it is not the requesting party's obligation to propose initial custodians, we stated that we would need to know what steps the government has taken – including what individuals at CMS the government has contacted and what CMS custodians have been considered – since the government received RFPs 26 and 27 in June 2022 in order to begin to propose specific custodians. The government stated that it would consider that request. Please confirm whether the government will provide the requested information.

**Custodians – Government Contractors**

The government stated during the meet and confer that it is "in the exact same boat" with respect to government contractor custodians. The government stated that the contractors do not have enforcement authority with respect to the Anti-Kickback Statute, and the government did not propose any custodians from government contractors.

For the reasons set forth above with respect to CMS custodians, Methodist does not believe the government's position adequately responds to RFPs 26 and 27 or complies with the Court's rulings. RFPs 26 and 27 specifically seek documents and communications between or among government contractors, and the Court's May 10th Order acknowledges as much. None of the Court's rulings

exclude government contractor custodians from the government's responses.  Please confirm that the government will not propose any government contractor custodians for purposes of responding to RFPs 26 and 27.

Thanks,
Taylor



**Taylor Chenery**
Member

**Bass, Berry & Sims PLC**
150 Third Avenue South, Suite 2800 • Nashville, TN 37201
615-742-7924 phone • 615-618-3300 cell
tchenery@bassberry.com • www.bassberry.com
bio

**This email may contain privileged and confidential information and is meant only for the use of the specific intended addressee(s). Your receipt is not intended to waive any applicable privilege. If you have received this email in error, please delete it and immediately notify the sender by separate email.**