IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* JEFFREY H. LIEBMAN and DAVID M. STERN, M.D., <br><br> Plaintiff, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, <br><br> Defendants. | Civil Case No.: 3:17-cv-00902 <br><br> District Judge William L. Campbell, Jr. <br><br> Magistrate Judge Barbara D. Holmes |

## METHODIST'S RESPONSE IN OPPOSITION TO UNITED STATES' MOTION TO STAY NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE

The government's motion to stay (Dkt. No. 381) seeks a stay of five separate aspects of the Magistrate Judge's May 10, 2023 discovery order (Dkt. No. 337) (the "May 10 Order"). The May 10 Order held that the United States failed to comply with the Magistrate Judge's earlier December 20, 2022 and January 4, 2023 orders, which, among other relief, ordered the government to search for and produce certain documents in response to two of Methodist's Requests for Production. In light of the government's failure to comply, the Magistrate Judge also ordered briefing on whether the government should have to pay Methodist's attorney's fees as a sanction. The government now requests a stay of those and other aspects of the May 10 Order while the Court considers its separately filed motion for review of the order pursuant to Local Rule 72.01 (Dkt. No. 370).

The Court should deny the government's motion and decline to issue a stay. A magistrate judge's discovery order usually remains in effect even while a motion for review is pending (*see* L.R. 72.01(c)), and the government offers no sound reason for why this instance should be the rare exception. On the contrary, as explained below, the government has not shown that *any* of the

1

four factors that typically support a stay of a magistrate judge's order apply here. If anything, granting the government's requested stay would only result in more of the same delay and prejudice to Methodist that led the Magistrate Judge to enter the May 10 Order in the first place— and to order briefing on whether sanctions are appropriate for the government's recalcitrance.

**BACKGROUND**

The Magistrate Judge's May 10 Order relates to a discovery dispute between the United States and Methodist regarding the United States' responses to Methodist's RFP Nos. 26 and 27 and Topic 1 in Methodist's Amended Rule 30(b)(6) Notice of Deposition. The two RFPs, which were served more than *eleven* months ago, seek documents and communications from specifically identified agencies and departments of the federal government relating to "physician-hospital alignment or integration," including presentations by attorneys from Foley & Lardner LLP or any other individuals or groups. (Dkt. No. 271-3.) These documents are important to Methodist's defenses because the government's Complaint specifically alleges that Methodist's affiliation with the West Clinic was based on a so-called "Foley model" for "physician-provider integration" and "physician-hospital alignment" that Foley & Lardner marketed in "many presentations" as a way to avoid regulatory violations, despite the government's belief that, "in reality," it served as a "vehicle for kickbacks." (Dkt. No. 235 at ¶ 89-95, 108, 112, 135, 140, 196, 203, 308.)

The government initially objected to the two RFPs in July 2022 on relevance and privilege grounds, yet also refused to provide a privilege log. (Dkt. No. 341-1.) After the parties were unable to resolve their dispute despite numerous letters, emails, and in-person conferences, and after the United States claimed it was "not aware" of any responsive, non-privileged documents (Dkt. No. 271-4), Methodist prepared a draft joint discovery dispute statement and served a Rule 30(b)(6) deposition notice seeking testimony about the steps the United States had taken to identify

2

responsive documents. (Dkt. No. 273-1.) Following still more back-and-forth, the parties submitted a joint discovery dispute statement on the government's refusal to search for and produce responsive documents and its refusal to provide a witness to testify about steps taken to search for documents such that the government was "not aware" of responsive, non-privileged documents. (Dkt. Nos. 271 at 8-9, 273 at 4-6.)

The Magistrate Judge heard arguments on December 20, 2022. (Dkt. No. 299.) During the hearing, the government revealed that from June through December, it had not conducted *any* search for documents responsive to the two RFPs. (*Id.* at 53:12-54:2.) The government claimed it did not know where to start since Methodist had not specifically instructed the United States as to which custodians it should search and what search terms it should apply. (*Id.* at 54:3-55:18.) Counsel for West then informed the Court that this specific issue was addressed previously in conversations with the government and that West had already noted some specific government employees who attended relevant presentations, which could be used as a "starting point" for responding to the two RFPs. (*Id.* at 56:19-57:11.)

The Magistrate Judge then held that "the government must search terms and custodians based on discussions with West regarding Foley presentations as described by Mr. Solinger today and produce responsive documents." (*Id.* at 60:7-11.) On the government's refusal to provide a privilege log, the Magistrate Judge held, "[a]ny claims of privilege other than the identified privileged discussions that involve Ms. Sweet, I find the government has waived by not producing a privilege log that complies with Rule 26, and I'm going to overrule that objection as to any other claims of privilege." (*Id.* at 61:8-14.) Finally, on witness testimony, the Magistrate Judge held, "I am going to allow Methodist to include an area of inquiry … limited to all steps taken to search for and collect documents that are responsive to document request No. 26 and document request

3

No. 27[.]" (*Id.* at 61:15-24.) On January 4, 2023, the Magistrate Judge issued a written order that the United States had until **January 13, 2023** to serve supplemental responses confirming that it had produced all non-privileged documents responsive to the RFPs as directed at the hearing. (Dkt. No. 300 at 8-9 & n.7.)

Rather than comply with the Magistrate Judge's order, however, on January 13, 2023, the government instead served supplemental responses "stipulating" that it would not rely on presentations made by Foley & Lardner, while claiming "no [other] response is required." (Dkt. No. 334-6 at 17-18.) Methodist promptly informed the government that the "stipulation" did not satisfy the government's obligations or comply with the Magistrate Judge's January 4 order. (Dkt. No. 342 ¶ 2.) When the government *still* did not comply with the order, Methodist prepared another draft joint discovery dispute statement about the government's responses to RFP Nos. 26 and 27 and Topic 1 of the Amended Rule 30(b)(6) Deposition Notice. (*Id.* ¶ 5.) After even more delay, the government requested to meet and confer and, finally, on March 8, conceded that it *would* search for and produce documents responsive to RFP Nos. 26 and 27 in compliance with the Magistrate Judge's written order from nearly *two months* earlier. (*Id.* ¶¶ 6-7.) Yet, the government proposed to run only one string of search terms across five government custodians. (*Id.* ¶ 6.) Later that day, Methodist responded with a counterproposal to include additional custodians and search terms. (*Id.*) The government did not respond to Methodist's counterproposal. (*Id.* ¶ 7.)

After additional discussion between the parties, the government finally produced just 16 responsive documents, some of which were duplicative. (*Id.* ¶ 8.) But the government did not make this production until March 24 (*id.*)—*10 weeks* after the Magistrate Judge's deadline, and *nine months* after Methodist had originally served the two RFPs. These documents also resulted

4

from a different set of limited search terms that the government unilaterally decided to run across some of the custodians, while refusing to search for any documents from CMS or its contractors or to provide a Rule 30(b)(6) deposition witness for Topic No. 1—both contrary to the Magistrate Judge's January 4 order. (*Id*.) With the parties again at an impasse, Methodist prepared yet another draft joint discovery dispute statement on April 7. (*Id.* ¶ 10.) But the government refused to consent to the filing of the statement until May 1, and did so only *after* Methodist stated that it would be forced to file a separate motion for relief on the dispute if the government continued not to cooperate. (*Id.* ¶¶ 11-12.)

On May 10, in response to the parties' joint discovery dispute statement, the Magistrate Judge held that "the United States has not complied with this Court's orders with respect to RFP Nos. 26 and 27," (Dkt. No. 337 at 10), and, that "Methodist's Topic No. 1 in its Rule 30(b)(6) deposition notice is relevant and appropriate[.]" (*Id.* at 15.) The Magistrate Judge also held that the United States has "failed to timely and satisfactorily cooperate in discovery," and has "unnecessarily prolonged and increased the cost of discovery[.]" (*Id.* at 7.) The Magistrate Judge held further that it was "inclined to find that the United States' failure to comply with its December [20], 2022 and January 4, 2023 orders was not substantially justified," and instructed Methodist to file a motion for award of attorney's fees addressing the government's failure. (*Id.* at 16.)

Among other relief, the May 10 Order specifically required the government to conduct searches using Methodist's previously proposed search terms for an agreed set of custodians from DOJ, HHS-OIG, and CMS, and to produce all responsive, non-privileged documents from those searches by **June 1, 2023**. (*Id.* at 17.) Rather than simply comply with that directive, the government now seeks a stay of that aspect of the May 10 Order, as well as a stay of further briefing on Methodist's motion for attorney's fees and whether its failure to comply with the earlier

5

orders was substantially justified, pending the Court's resolution of its motion for review. In short, having spent *nearly a year* failing to comply with its discovery obligations and the Magistrate Judge's previous orders to search for and produce documents responsive to RFP Nos. 26 and 27 (leading the Magistrate Judge to consider imposing sanctions), the government now asks for the Court's blessing for it to *continue* ignoring those obligations—as well as the Magistrate Judge's latest May 10 Order—while its motion for review is pending.

## ARGUMENT

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Dunaway v. Purdue Pharma L.P.*, 391 F. Supp. 3d 802, 807 (M.D. Tenn. 2019) (quoting *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997)). When considering motions to stay discovery orders issued by a magistrate judge while a motion for review is pending before the district judge, courts typically apply the same four factors used to determine whether to grant a stay pending appeal. *See Bright v. Brookdale Senior Living, Inc.*, 2022 WL 18639031, at *1 (M.D. Tenn. May 16, 2022) (Holmes, M.J.). "Those factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Id.* (citing *Nken v. Holder*, 556 U.S. 418, 434 (2018)). Tellingly, the government's motion does not even *try* to argue that these factors support a stay here, but instead only vaguely invokes what it purports to be "good cause." (Dkt. No. 381 at 2.) That is likely because *none* of the four factors supports the stay the government seeks.

***First***, the government has not demonstrated any likelihood of success on the merits of its motion for review of the Magistrate Judge's May 10 Order. Methodist will more fully address the government's arguments in the motion for review in its own forthcoming response, but suffice it

6

to say for these purposes that all of the government's arguments were already thoroughly considered—and resoundingly rejected—by the Magistrate Judge's May 10 Order. In fact, not only did the Magistrate Judge find that the government's arguments for why it was not obligated to search for and produce documents responsive to RFP Nos. 26 and 27 lacked merit, she determined those arguments were *so* lacking in merit that she invited Methodist to file a motion for attorney's fees as a potential sanction for the government's intransigence. The government's argument that it had no obligation to locate or produce documents in the first place—much less after the Court ordered it do so—will thus be an uphill climb, to say the least.

That is especially true given the standard of review. A magistrate judge's non-dispositive order is reviewed under a highly deferential standard. Indeed, it may be set aside by the district judge only if it is "**clearly erroneous** or is **contrary to law**." Fed. R. Civ. P. 72(a) (emphasis supplied); *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); *see also, e.g., United States v. S.E. Eye Specialists, PLLC*, No. 3:17-cv-689, Dkt. No. 220 at 4 (M.D. Tenn. Apr. 8, 2022) (noting that "th[e] Court's role is not to second-guess [a magistrate judge's] decision, or consider the matter as if it were presented with [the district judge] in the first instance"). Thus, "given the broad deference afforded to magistrate judges' decisions upon review by the district judge under Rule 72," success on the merits in a challenge to a magistrate judge's discovery order is rarely enough to support a stay. *Alvarez v. Larose*, 2020 WL 5632659, at *2 (S.D. Cal. Sep. 21, 2020) (denying stay of magistrate judge's discovery order while noting that mere disagreement with the order was insufficient to show a likelihood of success on the merits of forthcoming

7

objections). Here, the government's motion offers no reason to think its likelihood of success is any higher than in the ordinary case.[1]

***Second***, the government has not demonstrated that it would be "irreparably injured absent a stay." *Nken*, 556 U.S. at 434. Although most of the government's "good cause" arguments are seemingly directed at this factor of the stay analysis, they are unpersuasive. The government mostly contends that searching for and producing documents from the necessary custodians would be too burdensome and time-consuming to complete by the June 1 deadline spelled out in the Magistrate Judge's May 10 Order. Even if that is true, however, it is a problem of the government's own making. The government has had nearly a *year* to search for, review, and produce documents in response to the relevant RFPs. To the extent it lacks sufficient time to do so now, it is only because it repeatedly delayed starting sooner—even *after* the Magistrate Judge ordered it to do so, first at the December hearing and subsequently in the January Order. The government should not be permitted to manufacture "irreparable injury" through its own dilatory conduct.

In any case, the government's burden argument is mostly a product of the large number of CMS and CMS contractor custodians whose data the government now insists it is necessary to

---

[1] As just one example, the government's motion to stay cites the fact that CMS and Medicare contractors "have 'no enforcement, investigatory, or policy authority' for the Anti-Kickback Statute" as a reason that the government should not have to include their employees as custodians, presumably because the government thinks the lack of such authority makes those custodians unlikely to possess relevant documents. (Dkt. No. 381 at 2.) Yet, not only did the Magistrate Judge already directly consider and reject this argument (Dkt. No. 337 at 12), the government's latest filings only confirm the Magistrate Judge's conclusion was correct. After all, in almost the same breath, the government now argues that it cannot comply with the May 10 Order by the required deadline because its searches of these custodians' email accounts have turned up *too many* potentially relevant documents. (*See* Dkt. No. 381 at 3 (stating that "CMS applied the May 10 Order's search terms to three arguably potential custodians, which resulted in over 68,000 document hits").)

8

search. Yet, before filing its motion for review of the May 10 Order on the public docket, the government had *never* shared those custodians' names with Methodist or attempted to negotiate their scope. That lack of transparency is not consistent with what the Magistrate Judge ordered, and the government should not be able to invoke its own lack of compliance with the full parameters of the May 10 Order—which included an obligation to negotiate custodians with Methodist—as a basis for obtaining a stay of that order. (*See* Dkt. No. 337 at 17 (ordering the parties to meet and confer on "additional custodians whose documents may be searched" and ordering the government to conduct searches for the custodians "who are identified").)

The scope of the government's claimed burden also is manufactured and not responsive to the Court's orders or Methodist's requests. The government's motion addresses the burden associated with searching the emails of *all* of "thousands of employees" of all 10 of the companies that contracted with CMS to process claims during the relevant time period. (Dkt. No. 381 ¶¶ 2-3.) The Court did not order the government to search the emails of all of the employees of all of the contractors, nor has Methodist requested that the government do so. Methodist sent the government a proposal about additional custodians on the day the parties met and conferred in accordance with the May 10 Order. The government did not respond to that proposal but instead is pursuing this appeal. Methodist learned information such as the number of custodians implicated by its proposal and the number of search hits produced for certain custodians for the first time in the government's filings with the Court.

In addition, if the burdens associated with searching, reviewing, and producing documents responsive to RFP Nos. 26 and 27 are *really* too substantial for the government to complete its efforts by the ordered June 1 deadline, the government of course remains free to seek an extension of the deadline from the Magistrate Judge—as it has already done with respect to searches

9

involving certain DOJ custodians.  (*See* Dkt. No. 382.)  Even assuming the government might need more time to comply with the order, however, that would not be a reason for staying its obligation to comply altogether.  Indeed, doing so would only make any timing problem worse by giving the government license to cease all efforts at even *making progress* in the meantime.

That the government waited a full two weeks after issuance of the May 10 Order before seeking a stay also belies the notion that a stay is necessary to prevent any irreparable harm.  After all, if the order is really as burdensome as the government suggests, that should have been apparent to the government as soon as it was issued.  *See Fourth Age Ltd. v. Warner Bros. Digit. Distrib., Inc.*, 2014 WL 12587039, at *2 (C.D. Cal. May 22, 2014) (admonishing party for failing to immediately seek a stay of a magistrate judge's discovery order and instead waiting to raise the stay request concomitantly with its Rule 72(a) objections).  To that point, the government conspicuously waited until *after* Methodist had filed its motion for attorney's fees before seeking a stay, even though it now claims that one of the reasons a stay is needed is to avoid the potential "wasteful use of resources" that the ordered briefing on that motion might cause.  (Dkt. No. 391 at 4.)  The government should not be permitted to sandbag Methodist into investing the time and resources necessary to prepare the motion—at the Magistrate Judge's express direction—only to conveniently turn around and claim that the whole exercise is potentially "wasteful" once the government's response comes due.

**Third,** Methodist will clearly "be harmed if the Court grants the stay."  *Bright*, 2022 WL 18639031, at *1.  Methodist has suffered significant prejudice from being forced to wait nearly a year for the government to provide satisfactory responses to the two RFPs, and further delay would only exacerbate that prejudice.  Indeed, through its delay and obfuscation, the government has *already* succeeded in running out the clock on the fact discovery deadline, the expert discovery

deadline, and the summary judgment deadline, preventing Methodist from being able to use the relevant documents through all three of those phases of the case. If the Court were to stay the May 10 Order, the delay would now extend even further, limiting the time Methodist might otherwise have to make use of the relevant documents as it prepares its case for trial. Plus, the longer Methodist must *continue* directing its time, resources, and attention to ensuring the government's long overdue compliance with basic discovery obligations, the less time, resources, and attention Methodist can devote to its trial preparation efforts. *See id.* at *3 (finding that "the Plaintiffs will be prejudiced by a stay because it will prolong the time for Plaintiffs to complete … discovery that has been ongoing for literally years.").

**Fourth**, and finally, the "public interest" does not support the government's requested stay. *Nken*, 556 U.S. at 434. As Magistrate Judge Holmes explained in *Bright*, "the public interest in the 'just, speedy, and inexpensive determination' of federal lawsuits generally – not to mention, the efficient and productive use of judicial resources – has already been impacted by the length of time this particular action has been pending." *Bright*, 2022 WL 18639031, at *3. Granting the government's requested stay will further delay the completion of discovery and only aggravate that "detrimental impact." *Id.* As the Magistrate Judge noted in the May 10 Order, "[t]he United States assured the Court that it would 'litigate this [case] as quickly as possible,'" yet "[d]espite these promises … the United States has failed to timely and satisfactorily cooperate" and "unnecessarily prolonged and increased the cost of discovery[.]" (Dkt. No. 337 at 7 (quoting Dkt. No. 234 at 17:15-16).) The government's request for a stay is simply the latest example of that repeated conduct, and it should accordingly be denied.

11

## **CONCLUSION**

For the reasons explained above, and because none of the relevant factors support the requested stay, the government's motion to stay the Magistrate Judge's May 10 Order should be denied.

Respectfully submitted,

*/s/ Brian D. Roark*
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

Robert S. Salcido
(Admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4095
rsalcido@akingump.com

*Attorneys for Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following counsel via the Court's CM/ECF email notification system on this the 30th day of May, 2023:

Bryan A. Vroon
Law Offices of Bryan A. Vroon, LLC
1766 West Paces Ferry Road
Atlanta, GA 30327
(404) 441-9806
bryanvroon@gmail.com

Jerry E. Martin
Seth Marcus Hyatt
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

Edward D. Robertson, Jr.
Bartimus Frickleton Robertson Rader PC
109 B East High Street
Jefferson City, MO 65101
(573) 659-4454
crobertson@bflawfirm.com

Kara F. Sweet
Wynn M. Shuford
Ellen B. McIntyre
U.S. Attorney's Office
Middle District of Tennessee
719 Church Street
Suite 330
Nashville, TN 37203
(615) 401-6598
kara.sweet@usdoj.gov
wynn.shuford@usdoj.gov
ellen.bowden2@usdoj.gov

/s/ Brian D. Roark