# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** *ex rel.* **JEFFREY H. LIEBMAN and DAVID M. STERN, M.D.,** | ) ) ) | **Case No.: 3:17-cv-00902** |
| **Plaintiff,** | ) ) ) | **District Judge William L. Campbell, Jr.** |
| **v.** | ) ) | **Magistrate Judge Barbara D. Holmes** |
| **METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS,** | ) ) ) ) | |
| **Defendants.** | ) ) | |

## METHODIST'S RESPONSE IN OPPOSITION TO RANDEL PAGE JR.'S MOTION TO INTERVENE

Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare – Memphis Hospitals (collectively, "Methodist") submit this Response in Opposition to Randel Page Jr.'s Motion to Intervene, (Dkt. No. 339, the "Motion"). The Motion should be denied with prejudice.

On November 2, 2022, Mary Page filed a *pro se* motion to intervene (Dkt. No. 283), which, for the reasons set forth in Methodist's response (Dkt. No. 295), should be denied with prejudice. On May 17, 2023, Randel Page Jr. filed a similar *pro se* motion to intervene, (Dkt. No. 339.) Randel Page Jr.'s motion should also be denied with prejudice for the same reasons set forth in Methodist's response in opposition to Mary Page's motion to intervene. (*See* Dkt. No. 295.)

Page Jr. is barred under the False Claims Act ("FCA"). Page Jr. has not followed FCA statutory requirements to file a complaint under seal and serve it on the United States. *See* 31 U.S.C. § 3730(b). Page Jr. also seeks to intervene *pro se*, but a relator cannot proceed *pro se* under the FCA. *See, e.g., Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244-46 (4th Cir. 2020); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *Timson v. Sampson*, 518 F.3d 870, 873-74

(11th Cir. 2008); *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-93 (2d Cir. 2008); *Stoner v. Santa Clara Cnty. Office of Educ.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007). The FCA's first-to-file bar also prohibits Page Jr. from intervening as a plaintiff. 31 U.S.C. § 3730(b)(5).

Page Jr. cannot intervene under Fed. R. Civ. P. 24. Page Jr. does not have a "substantial legal interest" in the subject matter of this case. Page Jr.'s conclusory allegations about theft of his "identity, intellectual properties and ideas by the defendants," (Dkt. No. 339 at 3), do not show a substantial interest in this FCA litigation. The United States, which has already intervened, is the real party in interest in an FCA *qui tam* lawsuit. *See* 31 U.S.C. 3730(b)(1) ("The action shall be brought in the name of the Government."). Furthermore, the United States' intervention in the case necessarily forecloses any other parties, including the Relators, from actively conducting the litigation. *See* 31 U.S.C. § 3730(c)(1) (providing when government elects to intervene in a *qui tam*, "it shall have primary responsibility for prosecuting the action"); *see also U.S. ex rel. Brooks v. Stevens-Henegar Coll., Inc.*, 359 F. Supp. 3d 1088, 1116 (D. Utah 2019) ("The statute is unambiguous. If the Government intervenes in the action, it must conduct the action . . . . [T]he Government's complaint in intervention superseded the relators' amended complaint, and any pleading subsequently filed by the relators lacked legal effect.").

Page Jr.'s motion is also untimely. *See U.S. ex rel. Hayward v. Savaseniorcare, LLC*, 2020 WL 13517503, at *2 (M.D. Tenn. Oct. 22, 2020) (Campbell, J.) (holding motion to intervene untimely where, *inter alia*, motion was made after government intervention, substantial discovery, and dispositive motions).

For these reasons, each of which represents an independent basis for denying intervention, Methodist respectfully requests the Court enter an Order denying with prejudice Randel Page Jr.'s Motion to Intervene.

2

Dated: May 31, 2023.

Respectfully submitted,

*/s/ Brian D. Roark*
Brian D. Roark
J. Taylor Chenery
Taylor M. Sample
Hannah E. Webber
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone (615) 742-6200
Facsimile (615) 742-6293
broark@bassberry.com
tchenery@bassberry.com
taylor.sample@bassberry.com
hannah.webber@bassberry.com

Robert S. Salcido
(Admitted *Pro Hac Vice*)
Akin Gump Strauss Hauer & Feld LLP
2001 K Street, N.W.
Washington, DC 20006
(202) 887-4095
rsalcido@akingump.com

*Attorneys for Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare-Memphis Hospitals*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been served on the following counsel via the Court's CM/ECF email notification system on this the 31st day of May, 2023:

Bryan A. Vroon
Law Offices of Bryan A. Vroon, LLC
1766 West Paces Ferry Road
Atlanta, GA 30327
(404) 441-9806
bryanvroon@gmail.com

Jerry E. Martin
Seth Marcus Hyatt
Barrett Johnston Martin & Garrison, LLC
Philips Plaza
414 Union Street, Suite 900
Nashville, TN 37219
(615) 244-2202
jmartin@barrettjohnston.com
shyatt@barrettjohnston.com

Edward D. Robertson , Jr.
Bartimus Frickleton Robertson Rader PC
109 B East High Street
Jefferson City, MO 65101
(573) 659-4454
crobertson@bflawfirm.com

Kara F. Sweet
Wynn M. Shuford
Ellen B. McIntyre
U.S. Attorney's Office (Nashville Office)
Middle District of Tennessee
110 Ninth Avenue, S
Suite A961
Nashville, TN 37203-3870
(615) 401-6598
kara.sweet@usdoj.gov
Wynn.Shuford@usdoj.gov
Ellen.bowden2@usdoj.gov

I hereby certify that a true and exact copy of the foregoing has been served on the proposed Plaintiff-Intervenor at the address below via U.S. mail:

Randel Page Jr.
13535 Cathy Road
Byhalia, MS 38611

*/s/ Brian D. Roark*

4