IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LIEBMAN, *et al.*, | Case No.: 3:17-cv-00902 |
| Plaintiff-Relators, | JUDGE CAMPBELL |
| v. | MAGISTRATE JUDGE HOLMES |
| METHODIST LE BONHEUR HEALTHCARE, *et al.*, | |
| Defendants. | |

**UNITED STATES' REPLY BRIEF SUPPORTING ITS**
**MOTION TO STAY NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**

The United States respectfully files this reply brief to respond to three arguments Methodist made in its opposition to the United States' motion to stay. ECF Nos. 381, 383. First, Methodist misconstrues the factual record. Second, there is no binding authority that the four-part standard cited by Methodist applies to the motion to stay. Third, even if that standard applied here, the United States satisfies that test.

**1. Methodist Has Misconstrued the Factual "Background" Here**

Methodist misconstrues several facts in the "Background" section of its opposition brief. *See id.* at 2-6. First, Methodist claims that the documents responsive to the two requests for production ("RFPs") "are important to Methodist's defenses because the government's Complaint specifically because alleges that Methodist's affiliation with the West Clinic was based on a so-called "Foley [law firm] model." ECF No. 383 at 2. However, as Methodist well knows, on January 13, 2023, the United States stipulated that "it will not rely on presentations made by [Foley attorney] Michael Blau or any attorney from Foley & Lardner in support of its claims in this action"

1

and that the United States "will not introduce evidence that Methodist relied on the advice of any counsel in connection with any conduct at issue in this action." ECF No. 334-6 (United States' Suppl. Resp. to Defs. First Set of RFPs) at 17 & 19 (RFPs 26-27). Thus, Methodist does not need these documents for its defense.

Second, Methodist implies that the United States did not work in good faith to resolve the underlying discovery dispute, complains that the United States did not produce responsive documents to RFPs 26 and 27 "until March 24," and blames the United States for delaying filing the joint discovery dispute statement. ECF No. 383 at 4-5. These assertions lack merit. As Methodist knows, the United States believed in good faith that the stipulation would resolve the dispute. Then, after that the stipulation failed to so and Assistant U.S. Attorney Ellen Bowden McIntyre returned to the U.S. Attorney's Office, the parties began serious talks aimed at resolving the dispute anew. During those productive talks, both parties made proposals, and Methodist asked for documents to be produced "by March 24, 2023." ECF No. 334-7 (Chenery email of 3/8/23) at 3. The United States produced responsive documents by the requested March 24, 2023 deadline. *See* ECF Nos. 334-2, 334-8. Following that production, the United States promptly exchanged multiple drafts of the joint discovery dispute statement and did not delay that process.[1]

### 2. The Four-Part Test that Methodist Cites Should Not Apply Here

Next, relying on *Bright v. Brookdale Sr. Living, Inc.*, 2022 WL 18639031, at *1 (M.D. Tenn. May 16, 2022), Methodist asserts that the courts "typically apply the same four factors used

---

[1] *See* ECF No. 334-10 at 3 (McIntyre ltr. to Bass of April 4, 2023 noting that Bass waited one week to respond to the United States' March 24, 2023 production); *id*. at 5 (same, noting that the United States "remains willing to meet and confer" and that, if Bass still wanted to bring the dispute to the Court's attention, to "let" the United States know, since "we will provide a section to insert in the discovery dispute statement"); *see also* Exs. 1-3 (Chenery email chains of 4/7/23, 4/26/23, and 5/3/23) (reflecting prompt, back-and-forth exchanges of drafts of joint discovery dispute statements by both parties).

to determine whether to grant a stay pending appeal" to motions to stay orders when a motion for review of a magistrate judge's order is pending. ECF No. 383 at 6. But this is erroneous. In *Bright*, Magistrate Holmes only noted that "[t]he Court … finds at least persuasive authority for Defendant's position that the four standard factors for determining whether to grant a stay pending appeal also apply when review is sought of a magistrate judge's order resolving a non-dispositive matter," citing *LEG Q LLC v. RSR Corp.*, 2017 WL 4222690, at *2 (N.D. Tex. Sept. 22, 2017). *Bright*, 2022 WL 18639031, at *1. But to the United States' knowledge, *Bright* is not "typical" and is actually the only case within the Sixth Circuit that has held thus.

Two other cases within this Circuit did not apply the four-part test. In *United States ex rel. Goodman v. Arriva Medical, LLC*, Judge Trauger did not apply the four-part standard in granting a stay of a non-dispositive discovery order of a Magistrate Judge pending review of the order. *See* No. 3:13-cv-0760, Order of 6/22/20, at ECF No. 171. Judge Trauger instead ruled that "the United States has provided evidence suggesting that going forward with the discovery would be expensive and onerous to personnel who otherwise would be serving the public interest in other ways. … The Court finds that the public interest and the interests of fairness and efficiency justify granting a stay." *Id*. at 2. Similarly, in *Pogue v. Northwestern Mutual Life Ins. Co.*, a Magistrate Judge within the Sixth Circuit did not apply the four factors. 2016 WL 3546395, *2 (W.D. Ky. June 23, 2016). Rather, the *Pogue* court noted its broad discretion and found that "a stay would promote the interests of efficiency, conservation of time and resources for the parties, and the effective use of judicial resources." *Id*. at 2-3 (granting motion to stay). This Court should reject Methodist's invitation to atypically apply a four-part test to the stay motion.

### 3. Alternatively, the United States Satisfies the Four-Part Test

Even if the Court applies the four-part standard, the United States meets that test here. First, the United States has made a strong showing that it is likely to succeed on the merits. The May 10 Order was clearly erroneous on a factual basis, because the December 2022 and January 2023 orders never stated that the United States had to search custodians other than the seven whom it already searched or that the United States had to use search terms delimited from Foley and Blau.[2] The May 10 Order is also contrary to law, because the RFPs are not relevant or proportional to the case. *See Russell v. Kiewit Corp.*, 2019 WL 2357525, *4 (D. Kan. June 4, 2019) (finding that "requested broad information [requests] as to the other entities" was not relevant or proportional); *First Horizon Nat'l Corp. v. Houston Casualty Co.*, 2016 5869580, *8-9 (W.D. Tenn. Oct. 5, 2016) (denying motion to compel documents as burdensome fishing expedition that would take "thousands of hours" to produce "and significantly interfere with … operations"). Because the Rule 30(b)(6) deposition requirement flowed from the clearly erroneous and contrary to law finding that the United States' response to the RFPs was not "satisfactory," ECF No. 337 at 15, the Rule 30(b)(6) order is also clearly erroneous and contrary to law.

Second, the United States has shown that it will suffer irreparable harm absent a stay. The United States submitted eight declarations attesting to the severe hardships imposed by the May 10 Order and the diversion of resources that will result from compliance with the Order. Methodist did not contest those hardships in its response. Instead, Methodist made a twisted argument that the United States should have moved for a stay more quickly if it would really suffer harm. ECF 383 at 10. This is flatly wrong. Since the May 11, 2023 order entry date, the United States has

---

[2] Methodist points to the fact that the United States did not produce documents by January 13, 2023 in its response. However, the May 10 Order did not assert that aspect of her order as having been violated and instead focused on the United States' failure to search additional search terms and custodians. *See* ECF No. 337 at 11-13.

4

tirelessly been drafting opposition briefs to summary judgment and motions to exclude the United States' two experts while preparing its motion for review of the May 10 Order. *See* ECF Nos. 345-46, 367, 380. Further, it took time to gather eight declarations, which is a key part of the United States' motion for review. *See* ECF Nos. 372-79. The United States moved for relief as swiftly as it could, while at the same time presenting requisite evidence for the Court to support the request for review. Methodist also argues that an extension would relieve the United States of any hardship. But given that the May 10 Order is clearly erroneous and contrary to law, the United States and contractors should not have to go through the onerous process of collecting documents.

Third, a stay will not harm Methodist. It is highly unlikely that any responsive documents will support Methodist's case, and none of them are truly relevant. This is demonstrated by the paltry return from the documents the United States produced on March 24, 2023 – which amount to a handful of emails with speaking powerpoints or speaking invitations. *See* ECF No. 334-8 (the produced documents). Indeed, the United States Department of Health and Human Services, Office of Inspector General (HHS-OIG) has now finished its review of documents from four custodians[3] applying the May 10 Order's requisite search terms and found no responsive documents whatsoever.

Fourth, the public interest clearly supports a stay to allow HHS-OIG, the Centers for Medicare and Medicaid Services ("CMS"), and the Medicare contractors to serve the public interest and avoid "expensive and onerous" diversion of personnel "who otherwise would be serving the public interest in other ways." *Arriva*, No. 3:13-cv-0760, Order of 6/22/20, at ECF

---

[3] HHS-OIG is unable to search the 51 other custodians by June 1, 2023. But HHS-OIG did search four custodians, (three of whom it previously searched in March 2023, plus one additional custodian) and apply the May 10 Order's search terms in a diligent effort to comply with the May 10 Order.

5

No. 171 at 2.

        Respectfully submitted,

        HENRY C. LEVENTIS
        United States Attorney
        Middle District of Tennessee

By:    s/ Ellen Bowden McIntyre
        ELLEN BOWDEN MCINTYRE, BPR #023133
        WYNN M. SHUFORD
        Assistant United States Attorneys
        United States Attorney's Office
        719 Church Street, Suite 3300
        Nashville, TN 37203
        ellen.bowden2@usdoj.gov
        wynn.shuford@usdoj.gov

        *Counsel for the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, a true and correct copy of the foregoing was served via email to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>Anna M. Grizzle<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: agrizzle@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | Andrew F. Solinger, Esq.<br>HOLLAND & KNIGHT LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Email: Andrew.solinger@hklaw.com |
| John-David H. Thomas, Esq.<br>Barnes & Thornburg, LLP<br>827 19th Avenue, Suite 930<br>Nashville, TN 37203<br>Email: jd.thomas@btlaw.com | |

s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE
Assistant United States Attorney