IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LIEBMAN, *et al.*, | Case No.: 3:17-cv-00902 |
| Plaintiff-Relators, | JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |
| v. | |
| METHODIST LE BONHEUR HEALTHCARE, *et al.*, | |
| Defendants. | |

**UNITED STATES' OPPOSITION
TO RANDAL PAGE, JR.'S MOTION TO INTERVENE**

The United States submits this response opposing Randal Page, Jr.'s motion to intervene. *See* ECF No. 339. For the reasons stated in Methodist's responses in opposition to Mary Page's and Mr. Page's motions to intervene, ECF Nos. 295 and 385, Mr. Page likewise has not provided any legitimate basis to intervene in this matter. Specifically, there are at least four reasons why his motion should be denied.

First, Mr. Page does not cite any legal precedent for why he should be permitted to intervene and obtain a share of any "bounty." ECF No. 339 at 4. Instead, he only cites Federal Rule of Civil Procedure 24(a)(2) and (b)(1)(B), neither of which permit his intervention here either as of right or permissively. Both Rule 24(a) and (b) are subject to Rule 24(c), which provides that a motion to intervene must be "accompanied by a pleading that sets out the claim … for which intervention is sought." Fed. R. Civ. P. 24(c). Mr. Page has not provided any such pleading, so he has not satisfied Rule 24's requirements. Moreover, even if he had attached a complaint, he has still failed to meet the requirements of either Rule 24(a)(2) or (b)(1)(B), because he has not

shown that he has "an interest relating to the … transaction that is the subject of the action," *id*. 24(a)(1), or that he "has a claim … that shares with the main action a common question of law or fact." *Id*. 24(b)(1)(B).

Second, Mr. Page has also not complied with the False Claims Act ("FCA") requirements here. Namely, the FCA provides that private persons "may bring a civil action for a violation of section 3729" and serve on the United States a sealed "copy of the complaint and written disclosure." 31 U.S.C. § 3730(b). Here, Mr. Page has not complied with any of these steps, and the FCA does not provide a separate basis for a private person to simply "intervene" in a pending *qui tam* brought by another relator.

Third, Mr. Page is appearing *pro se*, and the law is clear that a relator cannot be *pro se*. *See United States v. 900 Monroe*, 106 Fed. Appx. 466, at *1 (6th Cir. 2004) (dismissing *qui tam* where relator did not have counsel); *United States ex rel. Hire v. Nicely*, 2009 U.S. Dist. LEXIS 59845, at *1 (July 13, 2009) ("as a *pro se* litigant, the Relator cannot maintain this *qui tam* under the FCA").

Fourth, Mr. Page's motion is untimely, coming months after the close of both fact and expert discovery and approximately six months before trial. As such, it is far too late to permit him to intervene in this action.

Accordingly, the Court should summarily deny Mr. Page's motion to intervene.

        Respectfully submitted,

        HENRY C. LEVENTIS
        United States Attorney
        Middle District of Tennessee

By:    s/ Wynn M. Shuford
        ELLEN BOWDEN MCINTYRE, BPR #023133
        WYNN M. SHUFORD
        Assistant United States Attorneys

United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203
ellen.bowden2@usdoj.gov
wynn.shuford@usdoj.gov

*Counsel for the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2023, a true and correct copy of the foregoing was served via email to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>Anna M. Grizzle<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: agrizzle@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | Andrew F. Solinger, Esq.<br>HOLLAND & KNIGHT LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Email: Andrew.solinger@hklaw.com |
| John-David H. Thomas, Esq.<br>Barnes & Thornburg, LLP<br>827 19th Avenue, Suite 930<br>Nashville, TN 37203<br>Email: jd.thomas@btlaw.com | |

<span style="text-align:right">s/ Wynn M. Shuford<br>WYNN M. SHUFORD<br>Assistant United States Attorney</span>