IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* LIEBMAN, *et al.*, <br><br> Plaintiff-Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE, *et al.*, <br><br> Defendants. | Case No.: 3:17-cv-00902 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

**UNITED STATES' MOTION FOR EXTENSION OF DEADLINE
TO PRODUCE RESPONSIVE CMS, MEDICARE CONTRACTOR AND
CERTAIN HHS-OIG DOCUMENTS UNDER MAY 10, 2023 ORDER**

The United States respectfully moves for (1) an extension up through July 18, 2023 to provide the responsive, nonprivileged documents from the Centers for Medicare and Medicaid Services ("CMS") and Medicare contractor custodians and from any additional custodians from the United States Department of Health and Human Services, Office of Inspector General ("HHS-OIG") beyond the four custodians whom it has already searched, and (2) and an extension up through August 1, 2023 to provide a corporate representative for deposition if necessary under the Magistrate Judge's order of May 10, 2023. *See* ECF No. 337 ("the May 10 Order"). The United States states the following in support of this request:

1. The responsive, nonprivileged documents are currently due on June 1, 2023. *Id*. at 17.

2. On June 1, 2023, prior to receipt of the Court's order denying the United States' motion for a stay, ECF No. 391, the United States wrote Methodist's counsel in accordance with

1

the Court's May 10, 2023 Order, ECF No. 337. The letter advised Methodist of the United States' efforts to comply with that Order. *See* Ex. 1 (McIntyre Ltr. of 6/1/23).

3. Specifically, the United States advised Methodist's counsel that HHS-OIG "ran all of the search terms during the timeframe required by that Order against four custodians whom the United States agreed to search: Lisa Re, Dan Levinson, Tamar Terzian, and Katie Arnholt. Ms. Arnholt was a new custodian whom the United States added following the May 10 Order. HHS-OIG then reviewed the 123,068 documents that hit on the required search terms, but HHS-OIG did not find any new documents responsive to RFPs 26 or 27.[1] To complete this review, HHS-OIG had to divert approximately 20 HHS-OIG attorneys to this project for over a two-week period. Those attorneys were diverted from conducting other, substantial work for HHS-OIG." *Id*.

4. The United States further advised Methodist's counsel in its letter that "it is impossible for the Centers for Medicare and Medicaid Services ("CMS") and the Medicare contractors to meet the June 1, 2023 deadline. *See* ECF Nos. 370-79. Therefore, the United States has sought to have this deadline stayed and/or extended pending a ruling from the District Court. *See* ECF No. 381, 390. However, CMS has uploaded 68,302 documents from three custodians[2] to a review platform that hit on the responsive search terms during the ordered timeframe for three custodians. In addition, notwithstanding the technical limitations identified in filed declarations from the [Medicare Administrative Contractors] MACs in this case, CMS is also preparing the instructions to the relevant Medicare contractors … to search for documents for certain custodians and perform a review." *Id*. The United States does not yet know which custodians the MACs

---

[1] The United States previously produced one document from an HHS-OIG custodian in March 2023. The United States did not reproduce that document anew.
[2] These three custodians are described in the Declaration of Janet Nolan, ECF No. 379, ¶ 6. They are Martha Kuespert, Lisa Wilson Ohrin, and Laura Dash.

would select, and – for clarity – the United States notes that it does not represent the MACs in this action.

5. The MACs are private companies independent of CMS. ECF No. 372 (Mills Decl.), ¶ 9. "From 2011 to 2018, there have been ten different companies" serving as a MAC. *Id*., ¶ 12. Some of the MACs no longer have contracts with CMS. *Id*., ¶ 13.

6. One such current MAC – NGS – "has the ability to perform some limited enterprise-wide email searches, however, such searches will not capture emails that are larger than 20 MB or if the attachment is larger than 10 MB." ECF No. 377 (Griffey Decl.), ¶ 4.

7. In addition to the four custodians that the parties agreed HHS-OIG would search, Methodist's counsel asked the United States to "search the data of the individuals who preceded or succeeded those custodians in their respective positions during the relevant time period, … [to] include, but not necessarily be limited to, Branch Chief for the Administrative Civil Remedies Branch and Assistant Inspector General for Legal Affairs (current custodian is Lisa Re, former custodians would include, but not necessarily be limited to, Rob DeConti. Methodist also proposes the following additional OIG custodians:

--Individuals serving as Chief Counsel to the Inspector General from 2011-2018, including, but not necessarily limited to, Greg Demske and Lewis Morris.

--Christi Grimm, former Chief of Staff and Deputy Inspector General.

-- Joanne Chiedi, former Principle Deputy Inspector General.

--Individuals serving as Branch Chiefs and Deputy Branch Chiefs from 2011-2018.

--Individuals serving as Senior Counsel in the Industry Guidance Branch or Administrative and Civil Remedies Branch from 2011-2018 (similar to current custodian Tamar Terzian, ACRB senior counsel)." ECF 371-1 (Chenery email of 5/25/23).

8. Methodist's request for these additional HHS-OIG custodians "result[s] in at least 51 additional custodians." ECF No. 378 (Dougherty Decl.), ¶ 6.

9. The United States has twice emailed Methodist, including once today, asking if it will consider limiting its request for HHS-OIG custodians to a less burdensome number. Unless Methodist significantly pares down the number of requested HHS-OIG custodians, compliance with the May 10 Order by even the longer July 18, 2023 date may well remain out of reach. However, the United States will continue to work diligently to comply with the Order.

10. The United States understands that CMS has placed its documents in a review platform known as "Casepoint."

11. Based on the results of the review conducted to date,[3] the United States believes it is unlikely that there will be any responsive documents to Requests for Production 27 and 28.

12. The United States has previously detailed the burden in both manpower review hours and financial costs of completing the document review and how HHS-OIG, CMS, and the MACs cannot complete the review by June 1, 2023. *See* ECF No. 371 at 23, 373-78.

13. The United States is currently required to produce a corporate representative for deposition by June 15, 2023. ECF No. 337 at 17-18.

14. If the Court grants the extension, it would make sense to defer any Rule 30(b)(6) deposition until searches have been completed.

15. The United States emailed Methodist's counsel late this afternoon to ask if they consent to this motion. The United States has not yet received a reply. However, out of an

---

[3] The searches of DOJ Civil Division custodians have already been completed, and there were no additional responsive documents found. *See* Ex. 1 at 1.

4

Case 3:17-cv-00902 Document 393 Filed 06/01/23 Page 4 of 6 PageID #: 12725

abundance of caution, the United States is filing this motion tonight to avoid being out-of-compliance with the Court's May 10 Order.

16. In Methodist's response in opposition to the United States' motion to stay, Methodist expressly wrote that "if the burdens associated with searching, reviewing, and producing documents responsive to RFP Nos. 26 and 27 are really too substantial for the government to complete its efforts by the ordered June 1 deadline, the government of course remains free to seek an extension of the deadline." ECF No. 383 at 9.

For the above reasons, the United States respectfully submits that there is good cause for an extension of the deadlines to comply with the May 10 Order.

> Respectfully submitted,
>
> HENRY C. LEVENTIS
> United States Attorney
> Middle District of Tennessee
>
> By:   s/ Ellen Bowden McIntyre
> ELLEN BOWDEN MCINTYRE, BPR #023133
> WYNN M. SHUFORD
> Assistant United States Attorneys
> United States Attorney's Office
> 719 Church Street, Suite 3300
> Nashville, TN 37203
> ellen.bowden2@usdoj.gov
> wynn.shuford@usdoj.gov
>
> *Counsel for the United States*

# CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2023, a true and correct copy of the foregoing was served via email to the following:

| | |
|---|---|
| Bryan A. Vroon<br>Law Offices of Bryan A. Vroon, LLC<br>1380 West Paces Ferry Road, Suite 2270<br>Atlanta, GA 30327<br>Email: bryanvroon@gmail.com | Edward D. Robertson, Jr.<br>Bartimus, Frickleton & Robertson<br>715 Swifts Highway<br>Jefferson City, MO 65109<br>Email: crobertson@bflawfirm.com |
| Jerry E. Martin<br>David Rivera<br>Seth Marcus Hyatt<br>Barrett Johnston Martin & Garrison, LLC<br>Bank of America Plaza<br>414 Union Street, Suite 900<br>Nashville, TN 37219<br>Email: jmartin@barrettjohnston.com<br>Email: shyatt@barrettjohnston.com | Robert Salcido<br>(Admitted *Pro Hac Vice*)<br>Akin Grump Strauss Hauer & Feld LLP<br>2001 K Street, N.W.<br>Washington, D.C. 20006<br>Email: rsalcido@akingrump.com |
| Brian D. Roark<br>Anna M. Grizzle<br>J. Taylor Chenery<br>Taylor M. Sample<br>Hannah E. Webber<br>Bass, Berry & Sims PLC<br>150 Third Avenue South, Suite 2800<br>Nashville, TN 37201<br>Email: broark@bassberry.com<br>Email: agrizzle@bassberry.com<br>Email: tchenery@bassberry.com<br>Email: taylor.sample@bassberry.com<br>Email: hannah.webber@bassberry.com | Andrew F. Solinger, Esq.<br>HOLLAND & KNIGHT LLP<br>511 Union Street, Suite 2700<br>Nashville, TN 37219<br>Email: Andrew.solinger@hklaw.com |
| John-David H. Thomas, Esq.<br>Barnes & Thornburg, LLP<br>827 19th Avenue, Suite 930<br>Nashville, TN 37203<br>Email: jd.thomas@btlaw.com | |

s/ Ellen Bowden McIntyre
ELLEN BOWDEN MCINTYRE
Assistant United States Attorney