IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JEFFREY LIEBMAN and DAVID STERN, M.D., <br><br> Plaintiff-Relators, <br><br> v. <br><br> METHODIST LE BONHEUR HEALTHCARE and METHODIST HEALTHCARE-MEMPHIS HOSPITALS, <br><br> Defendant. | NO. 3:17-cv-00902 <br><br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE HOLMES |

## ORDER

Pending before the Court are motions to intervene filed by Mary Page and Randel Page Jr. (Doc. Nos. 283, 339). Defendants Methodist Le Bonheur Healthcare and Methodist Healthcare – Memphis Hospitals (collectively, "Methodist") filed responses in opposition to the motions. (Doc. Nos. 295, 385). The United States separately filed a response in opposition to Randal Page's motion. (Doc. No. 385). Mary Page filed a reply to Methodist's opposition to her motion to intervene, which also appears to be a motion for review of the Seventh Case Management Order entered by the Magistrate Judge on December 22, 2022 (Doc. No. 298). (*See* Doc. No. 315).

### I. BACKGROUND

This case was initially filed by Relator Michael Liebman on May 30, 2017, under the False Claims Act, 31 U.S.C. § 3729, *et seq*. (Doc. No. 1). The False Claims Act allows a private person, known as a relator, to file a civil action on behalf of the United States. 31 U.S.C. § 3130(b)(1). As required by the False Claims Act, the complaint was filed under seal to allow the Government time to investigate and determine whether to intervene. 31 U.S.C § 3730(b)(2). The case remained under

seal until December 19, 2019. (*See* Doc. No. 61). On October 8, 2021, the United States moved to intervene. (*See* Doc. No. 194). That motion was granted on March 11, 2022, at which time the United States took control of the litigation. (*See* Order, Doc. No. 233). During the course of the litigation, relators reached a settlement with one group of defendants, and the parties have engaged in voluminous discovery, engaged expert witnesses, and filed dispositive motions. The case is currently set for trial on November 7, 2023. (*See* Doc. No. 254).

## II.     INTERVENTION

Mary Page and Randal Page, both of whom have appeared *pro se*, seek to intervene in this case as co-relators under Federal Rule of Civil Procedure 24(a) and (b). Rule 24 provides for two kinds of intervention: intervention as of right and permissive intervention. Under either standard, intervention must be timely. *NAACO v. New York*, 413 U.S. 345, 365 (1973); *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011).

To determine timeliness, the Sixth Circuit has held that a court is to look to the totality of the circumstances and articulated five factors that are relevant to making that determination: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Kirsch v. Dean*, 733 Fed. App'x 268, 274 (6th Cir. 2018) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).

This case was filed under seal on May 30, 2017 (Doc. No. 1) and unsealed on December 19, 2019 (Doc. No. 61). Mary Page's motion to intervene was filed on November 2, 2022 – five

years after the complaint was filed and almost three years after the case was unsealed. Randel Page's motion to intervene, which was filed on May 17, 2023, is even more untimely. During this time, the suit has progressed significantly. Indeed, at the time of Randal Page's motion, discovery had closed and dispositive motions had been filed. Additionally, the purpose of intervention is somewhat unclear. Both movants claim to have "documentary evidence [to] prove a claim against the transaction." (*See* Doc. No. 283 at 2, and Doc. No. 339 at 2).

To allow intervention at this late date would prejudice the parties who have been actively litigating this matter. For these reasons, the Court finds the proposed intervenors have failed to establish timeliness. Therefore, intervention under Fed. R. Civ. P. 24(a) or (b) is not appropriate.

Moreover, the False Claims Act does not allow relators to proceed *pro se*. *See McGhee v. Light*, 384 F. Supp. 3d 894, 897 (S.D. Ohio 2019) (dismissing qui tam case brough by pro se litigant noting that courts "have uniformly held that *pro se* relators may not prosecute qui tam actions"); *see also*, *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 244-46 (4th Cir. 2020); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *Timson v. Sampson*, 518 F.3d 870, 873-74 (11th Cir. 2008); *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92-93 (2d Cir. 2008); *Stoner v. Santa Clara Cnty. Office of Ed.*, 502 F.3d 1116, 1126-28 (9th Cir. 2007). The False Claims Act does not provide a mechanism for a private litigant to intervene in a pending *qui tam* action brought by another relator, particularly when the United States has already intervened.

Because intervention is not appropriate under Rule 24(a) or 24(b) or under the False Claims Act, the motions to intervene will be **DENIED**.

### III. MOTION FOR REVIEW

Mary Page also appears to seek review of the Seventh Case Management Order which was entered by the Magistrate Judge on December 22, 2022 (Doc. No. 298). (Doc. No. 315). Federal Rule of Civil Procedure 72(a) allows *parties* to seek review of a non-dispositive order of a magistrate judge. A district court may "reconsider" a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is "clearly erroneous or contrary to law." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019); 28 U.S.C. § 636(b)(1)(A). Any motion for review of a non-dispositive order of a Magistrate Judge must be filed within 14 days. Fed. R. Civ. P. 72(a).

Even if Ms. Page, as a non-party, could seek review of the Magistrate Judge's Order, her motion, which was filed 40 days after the Seventh Case Management Order, is untimely. Furthermore, she has not pointed to any error, legal or otherwise, in the case management order. Accordingly, the Appeal of the Seventh Case Management Order (Doc. No. 315) is **DENIED**.

### IV. CONCLUSION

For the reasons stated herein, the motions to intervene (Doc. Nos. 283 and 339) are **DENIED**. Mary Page's Appeal of the Seventh Case Management Order (Doc. No. 315) is also **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE